David R. Johanson         (*pro hac vice*)
Douglas A. Rubel          (*pro hac vice*)
HAWKINS PARNELL & YOUNG, LLP
1776 Second Street
Napa, California 94559
Telephone: (707) 299-2470
Facsimile: (707) 581-1704
Email: djohanson@hpylaw.com

William M. Harstad        (8942)
CARLSMITH BALL LLP
1001 Bishop Street, Suite 2100
Honolulu, HI 96813
Telephone: (808) 523-2500
Facsimile: (808) 523-0842
Email: wharstad@carlsmith.com

Attorneys for Defendants
BRIAN J. BOWERS and DEXTER C. KUBOTA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United Stated Department of Labor,<br><br>        Plaintiff,<br><br>   vs.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased, et al.<br><br>        Defendants. | Civil No. 1:18-cv-155-SOM-WRP<br><br>DECLARATION OF DAVID R. JOHANSON IN SUPPORT OF DEFENDANTS BRIAN J. BOWERS' AND DEXTER C. KUBOTA'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF ACTING SECRETARY OF LABOR |

I, David R. Johanson, declare as follows:

1. I am an attorney-at-law, duly admitted to practice before this court, *pro hac vice*. I am a senior partner in the law firm of Hawkins Parnell & Young LLP, and I am counsel of record for defendants Brian J. Bowers and Dexter C. Kubota (collectively, the "Defendants") in the above-captioned matter. I am over the age of 18 and I could and would competently testify to the matters contained herein if so required.

2. This declaration is submitted in support of the Defendants Brian J. Bowers' and Dexter C. Kubota's Motion to Compel Discovery from the Acting Secretary of Labor (the "Motion to Compel").[1]

**Defendants' Requests for Production and the Secretary's Responses**

3. On or about January 21, 2019, the Defendants served their Amended Requests for Production of Documents – Set One – to Plaintiff Secretary of Labor (the "First RFPs"). (Dkt. 51, Certificate of Service.)

4. In response, on February 26, 2019, the Secretary of Labor (the "Secretary") served the Secretary of Labor's Response to Defendants Brian J. Bowers' and Dexter C. Kubota's Amended Requests for Production of Documents – Set One, and produced certain documents (the "Secretary's Response to the First RFPs"). (Dkt. 71, Certificate of Service.) Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of the Secretary's Response to First RFPs.

---

[1] For consistency with the Defendants' motion papers, the Acting Secretary of Labor is referred to herein as the "Secretary".

The Secretary also produced only 5,011 pages of .pdf documents, plus a number of native Excel spreadsheets, despite having received 10,039 pages of documents from Libra Valuation Advisors, Inc. ("Libra") during the Secretary's over three-year investigation of the B+K ESOP.

     5.    On March 29, 2019, the Secretary subsequently served his "Privilege Log – Secretary's First Production to Defendants Bowers and Kubota (the "Secretary's Privilege Log"). (Dkt. 79, Certificate of Service.) Attached hereto and incorporated herein as Exhibit "B" is a true and correct copy of the Secretary's Privilege Log.

     6.    On May 20, 2019, because of the gamesmanship of the Secretary in refusing to respond and provide documents requested in the First RFPs and insistence that Defendants serve additional requests for production of documents (*see* ¶ 16 and below and Exhibit K hereto), the Defendants served their Second Set of Requests for Production of Documents Directed to R. Alexander Acosta, Secretary of the United States Department of Labor (the "Second RFPs"). (Dkt. 92, Certificate of Service.)

     7.    On June 20, 2019, the Secretary served the Secretary of Labor's Responses to Defendants Brian J. Bowers and Dexter C. Kubota's Requests for Production of Documents – Set Two (the "Secretary's Response to Second RFPs"), and, after Defendants had informed the Secretary that he had not produced the

administrative deposition transcripts and exhibits from the Secretary's over three-year investigation of the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan and Trust (the B+K ESOP"), produced such transcripts and exhibits. (Dkt. 99, Certificate of Service.) Attached hereto and incorporated herein as Exhibit "C" is a true and correct copy of the Secretary's Response to Second RFPs.

8.  The Secretary's document production ended in July 2019. On July 12, 2019, the Secretary produced 59 pages of documents. On July 26, 2019, the Secretary produced 250 pages of documents and the Secretary of Labor's First Supplemental Privilege Log to Defendants Brian J. Bowers and Dexter C. Kubota (the "Secretary's First Supplemental Privilege Log"). (Dkt. 105, Certificate of Service.) Attached hereto and incorporated herein as Exhibit "D" is a true and correct copy of the Secretary's First Supplemental Privilege Log.

9.  On August 29, 2019, the Secretary served the Secretary of Labor's Second Supplemental Privilege Log to Defendants Brian J. Bowers and Dexter C. Kubota (the "Secretary's Second Supplemental Privilege Log"), withdrawing the Secretary's assertion of attorney work-product from Items 16-18, 21-26, 32, 35 and 37 on the Secretary's First Supplemental Privilege Log, in response to Defendants' counsel's numerous meet and confer letters (described below). Attached hereto and incorporated herein as Exhibit "E" is a true and correct copy of the Secretary's

Second Supplemental Privilege Log.

10. On September 13, 2019, as a result of the letters Defendants sent to the Secretary and his realization that he had not asserted the governmental privileges with respect to certain of the Second RFPs, the Secretary served the Secretary of Labor's Supplemental Responses to Defendants Brian J. Bowers and Dexter C. Kubota's Requests for Production of Documents – Set Two (the "Secretary of Labor's Supplemental Response to Second RFPs"), identifying in bold type the Secretary's supplementation. Attached hereto and incorporated herein as Exhibit "F" is a true and correct copy of the Secretary's Supplemental Response to Second RFPs. As set forth therein in bold type, the Secretary supplemented responses and formally asserted governmental privileges and relevancy as an objection to many of the Second RFPs that are the subject matter of the Motion to Compel.

**Meet and Confer Correspondence and Telephone Conference Calls**

11. Attached hereto and incorporated herein as Exhibit "G" is a true and correct copy of the March 22, 2019, letter response sent to the Secretary from the Defendants to address the then-proposed Protective Order (since entered as Dkt. 88, dated May 17, 2019) confirming the discussions and agreements of the parties' March 19, 2019 meet and confer thereon.

12. On March 19, 2019, I conferred via telephone with counsel for the Secretary, Cheryl Adams, among others, regarding the Protective Order, discovery and the service of privilege logs. The Secretary agreed to provide his Privilege Log no later than March 25, 2019.

13. Attached hereto and incorporated herein as Exhibit "H" is a true and correct copy of the letter response from the Secretary dated April 4, 2019.

14. Attached hereto and incorporated herein as Exhibit "I" is a true and correct copy of the April 8, 2019, letter response from the Defendants to the Secretary, setting forth, among other things, the Defendants' noted and continuing deficiencies in the Secretary's document production.

15. Attached hereto and incorporated herein as Exhibit "J" is a true and correct copy of the April 24, 2019, follow-up letter from the Defendants to the Secretary, setting forth, among other things, the Defendants' noted deficiencies in the Secretary's document production and First Privilege Log, and requesting another meet and confer.

16. Attached hereto and incorporated herein as Exhibit "K" is a true and correct copy of the April 29, 2019, responsive letter from the Secretary to the Defendants, setting forth the Secretary's refusal to produce the "internal" documents (as defined in the accompanying Motion to Compel) and objecting – solely on the basis of relevance and scope – to the production of documents related

to any investigation of Nicholas L. Saakvitne and Nicholas L.Saakvitne, A Professional Corporation beyond the present matter (*i.e.*, the "Saakvitne Investigations" defined in the accompanying Motion to Compel to include all of the Secretary's investigation of Mr. Saakvitne, as informed by the Secretary to include at least six or seven such investigations across many offices of the Employee Benefits Security Administration ("EBSA") of the U.S. Department of Labor), despite having representing in his Responses to First RFPs (Exhibit B hereto) that it would do so. The Secretary did not raise any governmental objections, such as deliberative process or investigative files. (Exhibit K.)

17. Attached hereto and incorporated herein as Exhibit "L" is a true and correct copy of the May 2, 2019, responsive letter from the Defendants to the Secretary.

18. Attached hereto and incorporated herein as Exhibit "M" is a true and correct copy of the May 4, 2019, second responsive letter from the Defendants to the Secretary.

19. Attached hereto and incorporated herein as Exhibit "N" is a true and correct copy of the May 9, 2019, meet and confer responsive letter from the Secretary to the Defendants.

20. Attached hereto and incorporated herein as Exhibit "O" is a true and correct copy of the May 9, 2019, meet and confer responsive letter from the

Secretary to the Defendants.

21. On May 10, 2019, I conferred via telephone with counsel for the Secretary, Cheryl Adams, among others, regarding the parties' continuing discovery dispute.

22. Attached hereto and incorporated herein as Exhibit "P" is a true and correct copy of the May 11, 2019, letter from the Secretary to the Defendants confirming the parties' discussions and agreements at the May 10, 2019, meet and confer. As confirmed therein, with respect to the Secretary's investigations of Mr. Saakvitne, the Secretary again re-stated that such investigations were not relevant to the pending litigation and that the proportionality requirement of Federal Rules of Civil Procedure 26 did not warrant such a production. The Secretary did not raise any governmental objections to such discovery. To resolve this dispute, however, Ms. Adams stated that there were seven such investigations, across different offices of the Employee Benefits Security Administration ("EBSA"), and that the Secretary would provide the Defendants with the identification of the ESOPs involved and when such investigations occurred so that the Defendants may determine which of the investigations and which documents therein are relevant to this litigation. Ms. Adams stated that the Secretary would do so by the end of May 2019, although he may be able to do so sooner. The Defendants agreed that upon receipt of such information they would inform Ms. Adams of the

supplemental information and documentation that the Defendants require in that respect (and any time-frame concerns that Defendants have) after the Defendants receive and review the Secretary's preliminary production.

23. Attached hereto and incorporated herein as Exhibit "Q" is a true and correct copy of the June 17, 2019, letter from the Defendants to the Secretary.

24. Attached hereto and incorporated herein as Exhibit "R" is a true and correct copy of the Secretary's June 21, 2019, responsive letter to the Defendants, among other things, reneging on his agreement to provide information with respect to the Saakvitne Investigations. The Secretary did not assert any governmental privileges.

25. Attached hereto and incorporated herein as Exhibit "S" is a true and correct copy of the Defendants' June 26, 2019, responsive letter to the Secretary,

26. On July 18, 2019, I conferred once again via telephone with counsel for the Secretary, among others, Cheryl Adams and Nisha Parekh, regarding the Secretary's continuing failure to produce the internal documents and any information or documents with respect to the Saakvitne Investigations.

27. Attached hereto and incorporated herein as Exhibit "T" is a true and correct copy of Defendants' August 12, 2019, letter following up on the parties' July 18, 2019, meet and confer, and, among other things, providing numerous examples of the relevancy of the Saakvitne Investigations to this matter and

addressing the Secretary's faulty assertions of governmental privilege in his First Supplemental Privilege Log.

28.   Attached hereto and incorporated herein as Exhibit "U" is a true and correct copy of the Secretary's August 29, 2019, responsive letter. With this letter, the Secretary also provided his Second Supplemental Privilege Log (Ex. E).

29.   Attached hereto and incorporated herein as Exhibit "V" is a true and correct copy of the Defendants' September 13, 2019, responsive letter to the Secretary.

30.   At no time has the Secretary provided any Declaration and Invocation of Privilege from any senior official at the U.S. Department of Labor or, for that matter, a Declaration from anyone else with respect to the invocation of governmental privileges in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ David R. Johanson
David R. Johanson