JANET M. HEROLD
Regional Solicitor
IAN ELIASOPH
Counsel for ERISA
CHERYL L. ADAMS
Senior Trial Attorney (CSBN 208244)
GRACE A. KIM
Senior Trial Attorney (CSBN 247456)
NISHA PAREKH
Trial Attorney (CSBN 318393)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Telephone:  (213) 894-3990
Facsimile:  (213) 894-2064
E-mail: parekh.nisha@dol.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>　　　　Defendants. | CASE NO. 1:18-cv-00155-ACK-RLP<br><br>**SECRETARY OF LABOR'S RESPONSES TO DEFENDANTS BRIAN J. BOWERS AND DEXTER C. KUBOTA'S AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS – SET ONE** |

1

# SECRETARY'S RESPONSES TO DEFENDANTS' AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS – SET ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Rule 26.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, the Secretary of the United States Department of Labor (the "Secretary") hereby objects and responds as follows to Defendants Brian J. Bowers and Dexter C. Kubota's ("Defendants") First Set of Amended Requests for Production of Documents.

The following responses are based upon information currently available to the Secretary following the exercise of appropriate diligence to discover all information responsive to Defendants' Requests. The Secretary reserves the right to supplement, revise, correct, or clarify any of the responses herein.

## GENERAL OBJECTIONS

The following general objections relate to the Requests themselves and the proposed instructions and definitions appended to Defendants' Requests.

1. The Secretary objects to these Requests to the extent that they include instructions, definitions or requests that exceed or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court.

2. The Secretary objects to these Requests to the extent that they seek information protected by one or more of the following privileges: (1) the deliberative

process privilege; (2) the work product doctrine; (3) the attorney-client privilege; (4) the governmental privilege for investigative files and techniques; (5) informant's privilege; or (6) any other applicable law or protection. Such privileges are explicitly preserved and are not waived or limited by any response herein.

    3.    The Secretary objects to these Requests to the extent that they seek information protected by one or more of the following confidentiality requirements: (1) Privacy Act; (2) Right to Financial Privacy; or (3) other applicable law or confidentiality requirements.

    4.    The Secretary objects to these Requests to the extent they seek information related to (1) any criminal investigation conducted under § 506(b) of ERISA and other related Federal laws, including violations of Title 18 of the United States Code; or (2) grand jury materials subject to the secrecy requirements of Rule 6(2) of the Federal Rules of Criminal Procedure.

    5.    The Secretary objects to these Requests insofar as they impose undue burdens and obligations upon the Secretary, seek or purport to seek information that is in the custody or control of another party to this action, seek or purport to seek information that is in the public domain or is as readily available to Defendants as to the Secretary, and seek or purport to seek information that is not in the Secretary's possession, custody, or control.

6. Any failure to object to any Request in whole or in part is without prejudice to the Secretary's right to object: (1) on the grounds of competency, privilege, relevance, materiality or any other proper ground; (2) to the use of the information or evidence for any purpose; (3) to other document requests or evidence relating to the subject matter of the document request; and (4) to revise, correct, add to, or clarify any answer or position taken by the Secretary.

7. Nothing contained in the Secretary's responses shall be construed as an admission, agreement, or acquiescence by the Secretary with respect to any facts, matters, or characterizations alleged, assumed, or set forth in these Requests.

8. The inadvertent disclosure or failure to object to disclosure of any privileged documents or exempt documents shall not be deemed a waiver of any applicable privilege or exemption with respect to that disclosure or any other disclosure of documents.

## OBJECTION TO PROPOSED DEFINITION

Defendants propose the following definition:

1. "You", "Your", or "Plaintiff" refer to Plaintiff R. Alexander Acosta, Secretary of Labor, and includes all attorneys, agencies, divisions and the like, such as the Employee Benefits Security Administration ("EBSA"), within the purview of the U.S. Department of Labor.

The Secretary objects to Defendants' proposed definition of "You," "Your," or "Plaintiff." The Department of Labor has more than 14,000 employees and

innumerable contractors, as well as additional agents acting on its behalf. To attempt to collect documents from each of these persons would entail burden and expense far outweighing any benefit. Unless otherwise noted, the Secretary will respond on behalf of the Employee Benefits Security Administration (EBSA) and the Solicitor of Labor's Plan Benefits Security Division (PBSD), which are the entities responsible for the investigation of the Bowers + Kubota Consulting, Inc. ESOP transaction and for the Department's ERISA enforcement efforts generally.

## SECRETARY'S RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents that You obtained from any source during your Investigation of the ESOP, Mr. Brian Bowers, Mr. Dexter Kubota, and/or Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Secretary objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, the government's deliberative process privilege, the governmental privilege for investigative files and techniques, the government's informant privilege, the trial preparation privilege described in Fed. R. Civ. Pro. 26(b)(3), rules governing disclosure of expert witness testimony prior to court order described in Fed. R. Civ. Pro. 26(a)(2), or any exemption provided by the Rules of Practice, Federal Rules of Civil Procedure or Evidence, or the common law.

The Secretary further objects on relevance grounds to the extent that the Request asks for materials reflecting the Secretary's internal deliberations and processes in its investigation because those materials will not show, one way or the other, whether Defendants violated ERISA. The Secretary additionally objects to this Request to the extent it seeks documents created after the commencement of litigation because any such documents are protected by the work product doctrine, trial preparation privilege, and/or attorney-client privilege. Finally, the Secretary objects to the terms "all documents" and "any source" as overbroad and unduly burdensome and objects to the compound form of the Request.

Subject to and without waiving the foregoing objections, the Secretary is producing all responsive, non-privileged documents and communications. All documents attached to the Secretary's forthcoming production are responsive to this Request. The Secretary reserves the right to supplement his production should he discover additional responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that You obtained from any source during your Investigation of Mr. Saakvitne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Secretary objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, the

government's deliberative process privilege, the governmental privilege for investigative files and techniques, the government's informant privilege, the trial preparation privilege described in Fed. R. Civ. Pro. 26(b)(3), rules governing disclosure of expert witness testimony prior to court order described in Fed. R. Civ. Pro. 26(a)(2), or any exemption provided by the Rules of Practice, Federal Rules of Civil Procedure or Evidence, or the common law.

The Secretary objects on relevance grounds to the extent that the Request asks for materials reflecting the Secretary's internal deliberations and processes in its investigation, because those materials will not show, one way or the other, whether Defendants violated ERISA.  The Secretary objects to this Request to the extent it seeks documents created after the commencement of litigation because any such documents are protected by the work product doctrine, trial preparation privilege, and/or attorney-client privilege.  The Secretary objects to the terms "all documents" and "any source" as overbroad and unduly burdensome and objects to the compound form of the Request.  Finally, the Secretary objects to the scope of the Request to the extent that it asks for information related to any investigation of Mr. Saakvitne beyond the present matter.

Subject to and without waiving the foregoing objections, the Secretary is producing all responsive, non-privileged documents and communications.  All documents attached to the Secretary's forthcoming production are responsive to this

6

Request.   The Secretary reserves the right to supplement his production should he discover additional responsive documents.

Respectfully submitted,

Dated: February 25, 2019

KATE S. O'SCANNLAIN
Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
IAN ELIASOPH
Counsel for ERISA
CHERYL ADAMS
Senior Trial Attorney
GRACE KIM
Senior Trial Attorney

*/s/ Nisha Parekh*
NISHA PAREKH
Trial Attorney

Attorneys for the Secretary,
U.S. Department of Labor