IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>  vs.<br><br>NICHOLAS L. SAAKVITNE, an individual; NICHOLAS L. SAAVITNE, A LAW CORPORATION, a California Corporation; BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>    Defendants.<br>_____ | CIVIL NO. 18-00155 SOM-WRP<br><br>ORDER AFFIRMING DISCOVERY ORDER REGARDING DOCUMENTS 16, 27, 28d, 29, 30, 31, 35, 36, AND 38 |

**ORDER AFFIRMING DISCOVERY ORDER REGARDING DOCUMENTS 16, 27, 28d, 29, 30, 31, 35, 36, AND 38**

**I.    INTRODUCTION.**

Before the court is a discovery dispute relating to documents allegedly relevant to an ERISA plan. Brian Bowers and Dexter C. Kubota created a company, Bowers + Kubota Consulting, Inc., through which they provided consulting, architectural, and engineering services. According to the Complaint in this matter, the two men then created an Employee Stock Ownership Plan ("ESOP") called Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan, and sold their 100% ownership interest in their consulting firm to the ESOP. The consulting company was

allegedly overvalued based on faulty data, which meant that the the ESOP paid the two individuals more money than the consulting company was worth. The Secretary of Labor, Eugene Scalia (the "Government"), proceeding under ERISA, is suing the two individuals, the consulting company, the ESOP, the trustee of the ESOP, and the trustee's company, alleging that the sale to the ESOP improperly benefitted Bowers and Kubota individually to the detriment of the ESOP. The Government also claims that the ESOP's trustee, Nicholas L. Saakvitne, breached his duties as the ESOP's trustee.

Discovery in the case has been very contentious. Currently on appeal is whether the Magistrate Judge clearly erred or acted contrary to law in allowing redactions to items 16, 27, 28d, 29, 30, 31, 35, 36, and 38 based on the deliberative process privilege asserted by the Government. On appeal, Bowers and Kubota argue that the Magistrate Judge should have considered and analyzed factors announced in *North Pacifica v. City of Pacifica*, 274 F. Supp. 2d 1118 (N.D. Ca. 2003), that allow discovery when a party's need for the discovery outweighs the Government's interest in preserving the privilege. In light of the factors that are binding on this court, Bowers and Kubota fail to demonstrate that their need for the material outweighs the Government's interest in preserving the privilege. The Magistrate Judge's order was not clearly erroneous or contrary to

law, and the court affirms the discovery order allowing redactions to items 16, 27, 28d, 29, 30, 31, 35, 36, and 38.

**II.      BACKGROUND.**

According to the Complaint, Bowers and Kubota controlled their respective trusts, which owned Bowers + Kubota Consulting, Inc.  See Complaint ¶ 6, ECF No. 1, PageID # 4.  On December 14, 2012, Bowers and Kubota allegedly sold their shares of the consulting company's stock to the Bowers + Kubota Consulting, Inc. ESOP for more than those shares were worth.  Id. ¶¶ 7-8.  Saakvitne, the trustee of the plan, allegedly relied on a flawed appraisal of those shares despite obvious problems with it.  Id. ¶ 8, PageID # 5.  The Complaint alleges that this transaction violated ERISA by benefitting Bowers and Kubota individually to the detriment of the ESOP.

In January 2019, Bowers and Kubota sought discovery in this case from the Government.  See ECF No. 50 (Certificate of Service for Requests for Production of Documents).  Unhappy with the Government's response, Bowers and Kubota, on September 14, 2019, filed a Motion to Compel Discovery from the Acting Secretary of Labor, including items 16, 27, 28d, 29, 30, 31, 35, 36, and 38, the items that are the subject of this appeal.  See ECF No. 113.

On November 22, 2029, the Magistrate Judge held a hearing on the motion to compel.  *See* ECF No. 137.  The minutes of the hearing indicate that the Magistrate Judge ordered:

> No later than December 6, 2019, [the Government] shall:
>
> (1) reconsider whether all documents fit within the privileges asserted;
>
> (2) reconsider its withholding of entire documents on the basis of privilege instead of producing the documents in redacted form. *See, e.g., Hugler v. Wedbush Sec. Inc.*, 2018 WL 1162912, at *2 (C.D. Cal. Jan. 8, 2018) (noting that the Secretary "has already produced redacted versions of the case opening documents that show when each investigation was opened and the source of that information" and produced several additional documents in redacted [form] from the investigative files); *Hugler v. Bat Masonry Co.*, No. 6:15-CV-28, 2017 WL 722069, at *3 (W.D. Va. Feb. 22, 2017) (noting that the Secretary had produced a redacted version of the report of investigation);
>
> (3) produce to Defendants any documents previously withheld that Plaintiff determines can be produced in redacted form;
>
> (4) produce to Defendants, with a copy to the Court, a supplemental privilege log that fully complies with Local Rule 26.2(d) including (a) greater detail in all columns, e.g., the date the documents was created, the specific subject matter of the document or communication, the names and titles of all authors and recipients, including attorneys, etc.; and (b) and separately lists each document previously grouped together in Items 41, 42, and 43; and
>
> (5) produce to the Court for *in camera* review a chart that lists each investigation involving Defendant Saakvitne related to an

> ESOP or other stock transaction that (a)
> summarizes the matter investigated, (b) lists
> the date the investigation began, (c) lists
> the date the investigation concluded or
> states that the investigation is ongoing, and
> (c) states the result of the investigation.
>
> The parties shall meet and confer either in
> person or by telephone to narrow the issues
> that remain regarding the withheld documents
> and the supplemental privilege log to be
> produced by Plaintiff on December 6, 2019.
>
> A Further Discovery Hearing on Defendants'
> Motion to Compel is set for December 13, 2019
> at 9:00 a.m.

ECF No. 137.

On December 12, 2019, the Magistrate Judge asked for supplemental briefing and continued the hearing on the motion to February 7, 2020. *See* ECF No. 145. After the continued hearing, the Government submitted the disputed materials for *in camera* review, and the parties submitted further briefing regarding that discovery. *See* ECF Nos. 163-65, 168.

On April 3, 2020, the Magistrate Judge issued the order that is the subject of the current appeal, relying in relevant part on the deliberative process privilege. That privilege allows the Government to withhold documents that reveal the deliberative analysis that precedes an agency decision. The Magistrate Judge said that the Government did not have to produce unredacted versions of items 16, 27, 28d, 29, 30, 31, 35, 36, and 38. *See* ECF No. 184.

The Magistrate Judge discussed the standard for determining whether the deliberative process privilege shielded documents from discovery, and noted that the privilege is a qualified privilege that can be overcome when the need for the material and fact-finding outweighs the Government's interest in nondisclosure. On appeal, Bowers and Kubota argue that the Magistrate Judge failed to properly weigh the factors set forth in *North Pacifica v. City of Pacifica,* 274 F. Supp. 2d 1118 (N.D. Cal. 2003), in balancing the privilege against the requesting party's need for discovery. In actuality, the Magistrate Judge expressly recognized these factors in his order before completing his balancing analysis. *See* ECF No. 184, PageID #s 3735-37.

With respect to item 16, after an *in camera* review, the Magistrate Judge found that the redacted portions predated and assisted the Government's decision to litigate the case, and were part of the agency's investigatory files. The Magistrate Judge therefore concluded that the deliberative process and investigative files privileges protected the redactions from discovery.[1] *See* ECF No. 184, PageID # 3743. The Magistrate Judge then determined that Bowers and Kubota had not shown that their need for disclosure of the redacted material outweighed the Government's interest in maintaining the privilege, noting that

---

[1] The investigative privilege protects law enforcement investigatory files from civil discovery. *See Logan v. Pullman*, 2005 WL 8158945, at *3 (E.D. Wash. Nov. 8, 2005).

6

the redacted information (1) went to nonpublic information concerning the measurements for qualifying as a major case; (2) would not aid fact-finding relevant to this litigation, as the limited redactions effectively allowed disclosure of the factual information in item 16; and (3) would not significantly aid experts through disclosure of the agency's prelitigation calculations of the ESOP's losses because Bowers and Kubota still had the opportunity to conduct full discovery into those loss calculations.  *See id.*, PageID # 3744.

With respect to items 27 and 35, the Magistrate Judge, after an *in camera* review, determined that certain redactions were appropriate under the attorney-client privilege.  *See id.*, PageID #s 3745-46.  Bowers and Kubota are not appealing that portion of the order.  However, with respect to item 27 (but not 35), the Magistrate Judge determined that four pages of redactions were also appropriately withheld under the deliberative process privilege.  *See id.*, PageID # 3746.  The Magistrate Judge determined that these redactions went to matters that predated and assisted the Government's decision to litigate this case.  The Magistrate Judge noted that the redacted version of item 27 still allowed the factual information in the document to be disclosed and determined that Bowers and Kubota had not shown that their need for discovery of the redacted information (the agency's impressions of the valuation report) outweighed the

agency's interests in protecting the information. The Magistrate Judge stated that, for the same reasons articulated with respect to item 16, Bowers and Kubota had failed to show that their need for discovery as to prelitigation loss calculations outweighed the Government's interests in maintaining the privilege. *See id.*, PageID #s 3746-47.

With respect to items 28d, 30, 31, 36, and 38, the Magistrate Judge, after an *in camera* review, similarly determined that redactions were appropriate under the deliberative process privilege. The Magistrate Judge determined that these redactions went to matters that predated and assisted the Government's decision to litigate this case. The Magistrate Judge noted that the redacted versions still allowed factual information in the documents to be disclosed and determined that Bowers and Kubota had not shown that their need for the redacted information (the agency's prelitigation impressions, analyses, and critiques as to valuation and loss calculations) outweighed the Government's interests in protecting the information. *See id.*, PageID # 3748, 3751-53.

With respect to item 29, the Magistrate Judge, after an *in camera* review, determined that certain redactions were appropriate under the attorney-client privilege. *See id.*, PageID # 3749. The Magistrate Judge also determined that fourteen other pages of redactions were appropriate under the deliberative

process privilege. The Magistrate Judge determined that these redactions went to matters that predated and assisted the Government's decision to litigate this case, while allowing discovery of the factual information in the document. The Magistrate Judge further determined that Bowers and Kubota had failed to demonstrate that their need for discovery of the redacted information (the agency's prelitigation value analysis) outweighed the agency's interests in protecting the information. *See id.*, PageID #s 3749-50.

On April 17, 2020, Bowers and Kubota sought reconsideration of the Magistrate Judge's discovery order, arguing that the Magistrate Judge should have "fully articulated the application of the factors set forth in *N[orth] Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1222 (N.D. Ca. 2003)." *See* ECF No. 187, PageID # 3795.

On April 21, 2020, the Magistrate Judge denied the reconsideration motion, ruling that the motion failed to show a manifest error or law or fact and rejecting its argument that his order should have included more detail. *See* ECF No. 191.

On May 5, 2020, Bowers and Kubota timely appealed the Magistrate Judge's discovery order and denial of their motion for reconsideration. *See* ECF No. 194; Local Rule 74.1(a) (allowing appeals within 14 days of a magistrate judge's nondispositive order).

### III.     Standard of Review.

Under 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." *See also Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991) (stating that § 636(b)(1) "provides that the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard").  The Ninth Circuit has explained, "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination.  The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted).

The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (stating that, in reviewing for clear error, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed"

(quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

**IV.     ANALYSIS.**

This is a very limited appeal with respect to the Magistrate Judge's denial of Bowers and Kubota's request for unredacted copies of items 16, 27, 28d, 29, 30, 31, 35, 36, and 38. Bowers and Kubota argue that allowing the redactions based on the Government's deliberative process privilege was clearly erroneous or contrary to law because the Magistrate Judge did not properly balance their need for discovery against the Government's interest in asserting the privilege. Specifically,

they argue that the Magistrate Judge failed "to articulate its application of the factors set forth in *N[orth] Pacifica*" and to "properly appl[y] the *North Pacifica* factors."  *See* ECF No. 194, PageID #s 3885-86.

The deliberative process privilege permits the Government to withhold from discovery "documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated."  *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  The privilege was "developed to promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed agency policies or decisions."  *Id.* (quotation marks and citation omitted).  The privilege therefore allows agencies to freely "explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny."  *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002).

For the deliberative process privilege to apply, a document must be predecisional and deliberative in nature. *Id.*  The Ninth Circuit has explained,

> A "predecisional" document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the

> writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."

*Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (quotation marks and citations omitted); *see also FTC v. Warner Commc'ns*, 742 F.2d at 1161 (explaining that, to be predecisional, a document must have been generated before the adoption of an agency's policy or decision and that, to be deliberative in nature, a document must contain opinions, recommendations, or advice about agency policies). "Purely factual material that does not reflect deliberative processes is not protected." *FTC v. Warner Commc'ns*, 742 F.2d at 1161. Bowers and Kubota do not challenge on appeal the Magistrate Judge's determination that the deliberate process privilege applies to the redacted material. But they correctly note that that does not end the inquiry.

As the Magistrate Judge recognized, the deliberative process privilege is a qualified privilege. Even when the Government has shown the applicability of the deliberative process privilege, a "litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* The Ninth Circuit has explained that

13

courts "balance four factors in determining whether this exception to the deliberative process privilege is met: '1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.'" *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) (quoting *FTC v. Warner Commc'ns*, 742 F.2d at 1161). Rather than citing and discussing this binding case precedent regarding overcoming the deliberative process privilege, Bowers and Kubota complain that the Magistrate Judge failed to sufficiently articulate his analysis with respect to permissive factors identified by the Northern District of California in *North Pacifica*:

> In deciding whether the qualified deliberative process privilege should be overcome, a court **may** consider the following factors: (1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.

274 F. Supp. 2d at 1122 (citation omitted and emphasis added).

The Magistrate Judge did not clearly err in failing to discuss *North Pacifica*'s factors 5 though 8.

That decision was issued by then-Magistrate Judge Edward Chen (now a district judge) of the Northern District of California. Judge Chen is widely respected, and his *North Pacifica* decision has been cited to this court before, but it was not binding on the Magistrate Judge in this case. Moreover, that decision expressly states that consideration of the factors it examines is permissive. This court nevertheless examines whether the Magistrate Judge clearly erred or whether his order was contrary to *North Pacifica*'s factors 1 though 4, as those are the same factors identified by the Ninth Circuit in *Karnoski*, 926 F.3d at 1206, which is binding on this court. This court concludes that Bowers and Kubota show no err in the Magistrate Judge's balancing of the factors.

Not only did the Magistrate Judge have the normal briefing in this matter, he had two rounds of supplemental briefing, held two hearings, and conducted an *in camera* review of the redacted material in dispute. He then issued a lengthy order adjudicating numerous arguments. On appeal, Bowers and Kubota focus on a narrow aspect of his order, arguing that the Magistrate Judge did not sufficiently explain how he weighed factors in determining whether their need for the redacted material and accurate fact-finding outweighed the Government's

interest in nondisclosure. *See FTC v. Warner Commc'ns*, 742 F.2d at 1161. Bowers and Kubota fail to satisfy their burden on this appeal of demonstrating that the Magistrate Judge order was clearly erroneous or contrary to law.

The record demonstrates that the Magistrate Judge effectively weighed the factors set forth *Karnoski*, 926 F.3d at 1206. The Magistrate Judge conducted an *in camera* review of the redacted material. With respect to each item at issue, the Magistrate Judge determined that the redactions allowed disclosure of the factual material in it. Weighing Bowers and Kubota's need for the redacted material and accurate fact-finding against the Government's interest in nondisclosure, the Magistrate Judge then determined with respect to each redacted item that the Government's interest outweighed that of Bowers and Kubota. While the redacted information may be relevant to Bowers and Kubota's statute of limitation defense and to value and loss calculations (*Karnoski*'s first factor weighing in favor of disclosure), the Magistrate Judge determined after his *in camera* review of the material that Bowers and Kubota could still conduct full discovery into those issues. In other words, the Magistrate Judge correctly determined that *Karnoski*'s second factor weighed in favor of nondisclosure because the evidence Bowers and Kubota sought was available through other discovery.

16

While the evidence as to when the Government knew of Defendants' alleged violations of ERISA is primarily under the Government's control, the Magistrate Judge also correctly determined that such knowledge could be discovered through other nonprivileged material.  *Karnoski*'s third factor therefore weighs in favor of the Government with respect to the category of redactions going to any statute of limitation defense.  With respect to these redactions, disclosure would chill the Government's frank and independent discussions regarding contemplated policies and decisions.  *Karnoski*'s fourth factor also weighs in favor of the Government, especially because Bowers and Kubota do not need the redacted information to support their statute of limitation defense, given their opportunity to get other discovery as to that defense.  With respect to redactions relating to that defense, they show no clear error.  The Magistrate Judge correctly balanced the factors identified in *Karnoski*.

To the extent that Bowers and Kubota seek evidence concerning valuation and loss, that information is not solely controlled by the Government.  Instead, what Bowers and Kubota seem to be seeking is information about the Government's thoughts and deliberative process with respect to valuation and loss.  Bowers and Kubota may be speculating that there might be a statement against interest in the redacted material.  However,

17

the Magistrate Judge reviewed the material *in camera* and determined that the factual information in it had been effectively disclosed and that Bowers and Kubota could conduct discovery as to the Government's value and loss calculations. *Karnoski*'s third factor therefore weighs in favor of the Government with respect to redactions going to value and loss calculations.  *Karnoski*'s fourth factor also weighs in favor of the Government with respect to that subject because what Bowers and Kubota seek goes to the Government's prelitigation discussions about Defendants' conduct.  Allowing discovery of frank discussions among Government representatives deciding whether to bring an action would end up restricting the Government's policies and decisions.  With respect to redactions going to valuation and loss calculations, Bowers and Kubota show no clear error relating to the Magistrate Judge's balancing of the factors identified in *Karnoski*.

**V.     CONCLUSION.**

The court affirms the Magistrate Judge's orders allowing the Government to provide Defendants with redacted versions of items 16, 27, 28d, 29, 30, 31, 35, 36, and 38.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 1, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Scalia v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER AFFIRMING DISCOVERY ORDER REGARDING DOCUMENTS 16, 27, 28d, 29, 30, 31, 35 36, AND, 38