IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| NICHOLAS L. SAAKVITNE, an individual; NICHOLAS L. SAAVITNE, A LAW CORPORATION, a California Corporation; BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

CIVIL NO. 18-00155 SOM-WRP

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BRIAN J. BOWERS AND DEXTER C. KUBOTA'S SUPPLEMENTAL MOTION TO COMPEL (ITEMS 41-3100); ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION WITH RESPECT TO RELATED MOTION FOR ATTORNEYS' FEES AND EXPENSES; EXHIBIT A

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS BRIAN J. BOWERS AND
DEXTER C. KUBOTA'S SUPPLEMENTAL MOTION TO COMPEL (ITEMS 41-3100);
ORDER ADOPTING IN PART AND MODIFYING IN PART
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION WITH RESPECT TO
RELATED MOTION FOR ATTORNEYS' FEES AND EXPENSES; EXHIBIT A**

I.        INTRODUCTION.

Discovery in this case has been very contentious. Defendants Brian J. Bowers and Dexter C. Kubota now appeal a Magistrate Judge's Order Granting in Part and Denying in Part Defendants Brian J. Bowers and Dexter C. Kubota's Supplemental Motion to Compel (Items 41-3100) and Related Motion for Attorneys' Fees and Expenses, ECF No. 195 ("Discovery Order"). Bowers and Kubota are limiting their appeal to the portion of the

Discovery Order allowing production of redacted versions of Items 41 to 3048 rather than complete versions.  For the reasons set forth in this court's order of June 1, 2020, and because Bowers and Kubota fail to demonstrate that the Magistrate Judge clearly erred in finding no bad faith by Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, this court affirms the Discovery Order with respect to the supplemental motion to compel.

Scalia is separately challenging the portion of the Discovery Order addressing attorneys' fees, arguing that the award should be rejected or reduced.  This court deems the part of the Discovery Order granting attorneys' fees and expenses under Rule 37(a)(5) of the Federal Rules of Civil Procedure to represent the Magistrate Judge's findings and a recommendation to grant such fees and expenses ("F&R"), notwithstanding its inclusion in what the Magistrate Judge called an order.  *See Philin Corp. v. Westhood, Inc.*, 2006 WL 3513655, at *1 (D. Or. Dec. 4, 2006) (treating a Rule 37 motion for sanctions as a dispositive order).  Reviewing the F&R *de novo*, the court adopts its recommendation to award Bowers and Kubota fees and costs, but reduces the fee award to $63,509.25.

II.      **BACKGROUND.**

On January 21, 2019, Bowers and Kubota served Amended Requests for Production of Documents.  *See* ECF No. 51.  Scalia

2

produced some documents in response and, on March 27, 2019, produced a privilege log.  *See* ECF Nos. 114-1 and 114-2.

On May 20, 2019, Bowers and Kubota served a Second Set of Requests for Production of Documents.  *See* ECF No. 92.

On July 26, 2019, Scalia produced more documents and a First Supplemental privilege log.  *See* ECF Nos. 114-3 and 114-4.

On August 29, 2019, Scalia produced a Second Supplemental Privilege Log.  *See* ECF No. 114-5.

On September 13, 2018, Scalia served supplemental responses to the second document request.  *See* ECF No. 114-6.

On September 14, 2019, Bowers and Kubota filed a motion to compel discovery from Scalia.  They filed an amended memorandum in support of the motion several days later.  *See* ECF Nos. 113 and 118.  On February 10, 2020, the Magistrate Judge described in detail what happened after that:

> It was not until one month after the Motion to Compel was filed that the Secretary produced to Defendants its Third Supplemental Privilege Log listing 43 Items and produced the Declaration of Preston Rutledge, Assistant Secretary of Labor for the Employee Benefits Security Administration (EBSA), to support its claims of deliberative process and investigative files privilege as to many of those items.  *See* ECF Nos. 121, 121-6. The Secretary described Items 41, 42, and 43 on the Third Supplemental Privilege Log as "various" emails and communications that were withheld from production on the basis of deliberative process privilege, investigative files privilege, work product doctrine, and the attorney-client privilege.  *See* ECF No. 121-5.

3

At the first hearing on the Motion to Compel, the Court found that the Secretary's Third Supplemental Privilege Log was deficient and that it appeared from the limited information provided by the Secretary that many of the privileges had been too broadly asserted or were asserted without the necessary support.  *See* ECF No. 137. Following the first hearing, the Court directed the Secretary to reconsider all of its asserted privileges, to consider whether redactions to documents were appropriate instead of withholding entire documents, and to produce a supplemental privilege log that fully complied with Local Rule 26.2(d) requiring information regarding the specific subject matter of the documents and communications and separately listed each document that the Secretary previously grouped together in Items 41, 42, and 43. *See id.*  The Court then directed the parties to meet and confer to narrow the issues that remained.  *See id.*

Instead of narrowing the issues, the Secretary provided information that broadened the scope of the discovery in dispute significantly.  *See* ECF No. 145.  On December 6, 2019, the Secretary produced a Fourth Supplemental Privilege Log, which provided some additional information regarding the 40 documents originally at issue and identified an additional 5,000 documents withheld on the basis of privilege.  *See id.* Given the volume of material identified, the Court continued the further discovery hearing, directed the parties to meet and confer over the following three weeks and file supplemental briefs regarding the issues that remained.  *See id.*  The Court granted the parties' requests for three continuances of the deadline to meet and confer and to file supplemental briefs.  *See* ECF Nos. 148, 150, 152.

On December 12, 2019, the Secretary produced an "Addendum" to its Fourth

4

Supplemental Privilege Log, which identified 10 additional Items. *See* ECF No. 154-3. Then, on January 8, 2020, the Secretary produced a First Amended Fourth Supplemental Privilege Log. *See* ECF No. 154-4.

The Secretary filed its Responsive Supplemental Memorandum on January 21, 2020. *See* ECF No. 155.  On the ***last page*** of its Responsive Supplemental Memorandum, the Secretary stated that it planned to submit a supplemental declaration regarding the invocation of the privileges asserted in Items 41 through 3100 by February 3, 2020. *See id.* at 16 ("In addition, the Secretary plans to submit by February 3, 2020, a Supplemental Declaration of Assistant Secretary Preston Rutledge with respect to the invocations of privilege asserted in Items 41 through 3100.").  To be clear, the Secretary first asserted these privileges on October 21, 2019 when it produced its Third Supplemental Privilege Log.  *See* ECF No. 121-5 at 10-11.  The Secretary provided no explanation regarding why it failed to provide the required support for its asserted privilege when those privileges were first asserted.

Based on the supplemental briefing, the parties were not able to resolve most of the issues raised at the prior hearing and have new disputes as to most of the additional 5000 documents detailed in the Secretary's First Amended Fourth Supplemental Privilege Log, specifically Items 41 through 3100.  *See* ECF Nos. 154, 155, 158.

On January 23, 2020, the Court issued a Minute Order because of the Secretary's proposed late submission.  The Court stated that it would not be able to address issues related to Items 41 through 3100 at the February 7, 2020 hearing.  The Court set out that Defendants could file a separate motion to compel after the Secretary provides a supplemental declaration and after the parties attempt to meet and confer again.

> *See* ECF No. 156.  The Court expressly stated
> that the issues of waiver and sanctions
> should be addressed by Defendants in their
> new motion to compel.  *See id.*
>
> On January 30, 2020, the Secretary filed
> the Supplemental Rutledge Declaration
> purporting to support its claim of
> deliberative process and investigative files
> privileges for Items 41 through 3100.  *See*
> ECF No. 159.  The Supplemental Rutledge
> Declaration addressed Items 41 through 3100
> in a summary fashion and states in two
> paragraphs that all of the documents are
> properly withheld.  *See id.* ¶¶ 10-11.

ECF No. 162, PageID #s 3163-66.

The parties' dispute continued, and the Magistrate

Judge ordered Scalia to submit certain documents to the court for

*in camera* review to allow the court to determine the

applicability of the deliberative process privilege, the

investigative files privileges, the attorney-client privilege,

and the work product doctrine.  *See id.*, PageID #s 3167-71.  The

Magistrate Judge ordered Scalia to produce unredacted documents

from prior investigations into Defendant Nicholas L. Saakvitne,

and his law firm, Defendant Nicholas L. Saakvitne, A Law

Corporation, or to submit those documents to the court for *in

camera* review of any claimed privilege.  *See id.*, PageID #s 3171-

73.  With respect to the late-produced Items 41 to 3100, the

Magistrate Judge encouraged Scalia to reconsider any assertion of

privilege and allowed supplemental briefing with respect to those

documents.  *See id.*, PageID #s 3163-66.  Finally, the Magistrate

Judge ordered Bowers and Kubota to file a declaration of counsel supporting any attorneys' fees request. *See id.*, PageID # 3175.

On March 2, 2020, Scalia filed a Fourth Supplemental Privilege Log that indicated that he had produced unredacted copies of Items 17 to 26, 28, 28(a) to 28(c), 28(e) to (m), 32 to 34, 37, 39, and 40 that had previously been withheld from discovery. *See* ECF No. 163-2. That privilege log also indicated that Scalia had produced Items 14, 15, 16, 27, 28(d), 29, 30, 31, 35, 36, 38 with redactions. *Id.*

On March 16, 2020, Bowers and Kubota filed a supplemental motion to compel Items 41 through 3100 and a motion for attorneys' fees and costs. *See* ECF No. 172.

On April 3, 2020, after further briefing, the Magistrate Judge issued another discovery order. *See* ECF No. 184. This order was the subject of a previous appeal to this judge. In the April 3 order, the Magistrate Judge denied a request by Bowers and Kubota that the Government be compelled to produce unredacted versions of Items 16, 27, 28d, 29, 30, 31, 35, 36, and 38. *See* ECF No. 184. The Magistrate Judge reasoned that those documents were protected by the deliberative process privilege, which allows the Government to withhold documents that reveal the deliberative analysis that precedes an agency decision.

7

The April 3 order allowed redactions to various Saakvitne documents, noting that the redactions were authorized by the investigative files privilege and the deliberative process privilege. *See* id., PageID #s 3754-63.

On April 24, 2020, the Magistrate Judge denied a motion for reconsideration of the April 3 order. *See* ECF No. 191.

Bowers and Kubota took a limited appeal of the order of April 3, 2020, with respect to Items 16, 27, 28d, 29, 30, 31, 35, 36, and 38, arguing that the Magistrate Judge had failed to properly weigh the factors set forth in *North Pacifica v. City of Pacifica,* 274 F. Supp. 2d 1118 (N.D. Cal. 2003), in balancing privilege concerns against the requesting party's need for discovery. This court affirmed in an order dated June 1, 2020. *See* ECF No. 214.

On May 7, 2020, while the earlier appeal was pending, the Magistrate Judge issued another discovery order with respect to Items 41 to 3100. *See* ECF No. 195. This order is the subject of the present challenges. In his order, the Magistrate Judge explained that, on February 28, 2020, Scalia had produced 10,761 pages of discovery (Items 41 to 3100), most with redactions, and that Bowers and Kubota's supplemental motion to compel had sought unredacted versions of those documents. *See id.*, PageID # 3905. The Magistrate Judge determined that most of the documents were protected by the attorney-client privilege or the work product

doctrine.  *See id.*, PageID # 3907.  However, the Magistrate Judge asked Scalia to supplement the record to justify redactions with respect to Items 252, 254, 257, 276, 296, 352, 525, 746, 1555, 1556, 1557, 1558, 1732 through 1743, and 2047.  *See id.*, PageID # 3907.

The Magistrate Judge rejected Bowers and Kubota's argument that Scalia had waived the deliberative process and investigative files privileges, reasoning that Scalia's unreasonable delays and inconsistencies did not rise to the level of bad faith supporting a finding of waiver.  *See id.*, PageID #s 3908-12.  Instead, the Magistrate Judge concluded that the unreasonable delays and inconsistencies supported an award of attorneys' fees and costs  *See id.*, PageID # 3912.

The Magistrate Judge then ruled that, with respect to Items 41 to 3048, redactions were also supported by governmental privileges:

> Defendants Bowers and Kubota made the same arguments as to Items 14-40.  The Court considered and rejected these arguments in its prior order.  *See* ECF No. 184 at 10-32.  The Court finds that the same analysis applies equally to the Items at issue here.  Although the redacted portions may contain relevant information, Defendants Bowers and Kubota have failed to demonstrate that their need for disclosure of the redacted information outweighs the Secretary's interests in maintaining the privileges.  Accordingly, Defendants Bowers and Kubota's request to compel the production of unredacted versions of Items 41 through 3048 is DENIED.

*See id.*, PageID # 3912-13.  This is the ruling that Bowers and Kubota now appeal.  *See* ECF No. 206.

Bowers and Kubota sought an award of $212,316 in attorneys' fees and $2,312.97 in costs for Scalia's discovery abuses.  The Magistrate Judge recommends an award of such fees and costs under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  In calculating reasonable attorneys' fees, the Magistrate Judge used the lodestar method, determining that the attorneys' requested hourly rates were reasonable (David R. Johanson @ $500 per hour; Douglas A. Rubel @ $300 per hour; Gordon E. Billheimer @ $300 per hour; Robert S. Thompson @ $300 per hour; Rachel J. Markun @ $400 per hour; and Teresa Y. Huang @ $300 per hour).  *See* ECF No. 195, PageID #s 3917-19.  The Magistrate Judge then deducted time representing duplicative and excessive work.  *See id.*, PageID #s 3920-21.  The Magistrate Judge apportioned the fees under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, reducing the award by 30% to represent Bowers and Kubota's limited success with respect to the motion to compel.  *See id.*, PageID #s 3921-22.  The Magistrate Judge therefore reduced what would have been an award of $196,800 by 30% to $137,760.  *See id.*, PageID #s 3922-23.  The Magistrate Judge also recommended $1,801.20 in costs, deducting from the requested costs amounts relating to computer research and a

dinner meeting.  *See id.*, PageID #s 3923-24.  Scalia now challenges this recommended award of fees and costs.

**III.       BOWERS AND KUBOTA'S APPEAL OF DISCOVERY ORDER.**

       **A.   Standard of Review.**

      Under 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law."  *See also Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991) (stating that § 636(b)(1) "provides that the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard").  The Ninth Circuit has explained, "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination.  The reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted).

      The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001)

(stating that, in reviewing for clear error, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed" (quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'"  *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

     **B.**   **The Court Affirms the Discovery Order With Respect to Bowers and Kubota's Appeal.**

     **1.**   **The Magistrate Judge's Rejection of Bowers and Kubota's *North Pacifica* Argument Was Not Clearly Erroneous or Contrary to Law.**

Bowers and Kubota have filed a limited appeal of the Magistrate Judge's order of May 7, 2020.  See ECF Nos. 195

(order), 206 (appeal).  The appeal pertains only to Items 41 to 3048, reasserting the same argument regarding *North Pacifica v. City of Pacifica,* 274 F. Supp. 2d 1118 (N.D. Cal. 2003), that this court previously rejected with respect to Items 16, 27, 28d, 29, 30, 31, 35, 36, and 38.  *See* ECF No. 214.  For the same reasons, this court rejects the *North Pacifica* argument on this appeal.

As this court previously ruled, courts "balance four factors in determining whether this exception to the deliberative process privilege is met: '1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.'"  *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) (quoting *FTC v. Warner Commc'ns*, 742 F.2d at 1161).

On this appeal, Bowers and Kubota once again argue that the Magistrate Judge did not sufficiently explain how he weighed factors in determining whether their need for the redacted material and accurate fact-finding outweighed the Government's interest in nondisclosure.  However, the record demonstrates that the Magistrate Judge effectively weighed the factors set forth in *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).  Not only did the Magistrate Judge have extensive briefing and argument in

13

this matter, he conducted an *in camera* review of the redacted material in dispute.  Indeed, a review of the Magistrate Judge's extensive efforts to address the ever-growing multitude of discovery disputes is enough to engender in any judge appreciation and admiration for the Magistrate Judge's fortitude, persistence, and patience.

Weighing Bowers and Kubota's need for the redacted material and accurate fact-finding against the Government's interest in nondisclosure, the Magistrate Judge, for the same reasons set forth with respect to Items 1 through 40, determined with respect to the redacted material that the Government's interest outweighed that of Bowers and Kubota.  That is, the redactions allowed disclosure of the factual material in it while protecting the Government's interest in keeping certain matters private.  As the Magistrate Judge ruled for items 1 to 40, while the redacted information may be relevant to Bowers and Kubota's statute of limitation defense and to value and loss calculations (*Karnoski*'s first factor weighing in favor of disclosure), Bowers and Kubota could still conduct full discovery into those issues. In other words, the Magistrate Judge correctly determined that *Karnoski*'s second factor weighed in favor of nondisclosure because the evidence Bowers and Kubota sought was available through other discovery.

In the earlier discovery appeal, this court ruled:

while the evidence as to when the Government
knew of Defendants' alleged violations of
ERISA is primarily under the Government's
control, the Magistrate Judge correctly
determined that such knowledge could be
discovered through other nonprivileged
material. *Karnoski*'s third factor therefore
weighs in favor of the Government with
respect to the category of redactions going
to any statute of limitation defense.  With
respect to these redactions, disclosure would
chill the Government's frank and independent
discussions regarding contemplated policies
and decisions. *Karnoski*'s fourth factor also
weighs in favor of the Government, especially
because Bowers and Kubota do not need the
redacted information to support their statute
of limitation defense, given their
opportunity to get other discovery as to that
defense.  With respect to redactions relating
to that defense, they show no clear error.
The Magistrate Judge correctly balanced the
factors identified in *Karnoski*.

         To the extent that Bowers and Kubota
seek evidence concerning valuation and loss,
that information is not solely controlled by
the Government.  Instead, what Bowers and
Kubota seem to be seeking is information
about the Government's thoughts and
deliberative process with respect to
valuation and loss.  Bowers and Kubota may be
speculating that there might be a statement
against interest in the redacted material.
However, the Magistrate Judge reviewed the
material *in camera* and determined that the
factual information in it had been
effectively disclosed and that Bowers and
Kubota could conduct discovery as to the
Government's value and loss calculations.
*Karnoski*'s third factor therefore weighs in
favor of the Government with respect to
redactions going to value and loss
calculations. *Karnoski*'s fourth factor also
weighs in favor of the Government with
respect to that subject because what Bowers
and Kubota seek goes to the Government's
prelitigation discussions about Defendants'

> conduct.  Allowing discovery of frank
> discussions among Government representatives
> deciding whether to bring an action would end
> up restricting the Government's policies and
> decisions.  With respect to redactions going
> to valuation and loss calculations, Bowers
> and Kubota show no clear error relating to
> the Magistrate Judge's balancing of the
> factors identified in *Karnoski*.

ECF No. 214, PageID #s 4370-71.  That analysis applies to the present appeal.  Accordingly, for the same reasons, the court affirms the Discovery Order to the extent it allowed redactions in Items 41 to 3048.

### 2.   The Magistrate Judge Did Not Clearly Err or Rule Contrary to Law in Rejecting Bowers and Kubota's Argument that Scalia Should Be Deemed to Have Waived Governmental Privileges.

Bowers and Kubota also fail to establish that the Magistrate Judge clearly erred in determining that Scalia had not acted in bad faith and that Scalia should have been deemed to have waived governmental privileges.  Bowers and Kubota cite two out-of-district cases, *Exxon Corporation v. Department of Energy*, 91 F.R.D. 26, 43-44 (N.D. Tex. 1981), and *United States ex rel. Poehling v. Unitedhealth Group*, Inc., 2018 WL 8459926, *12 (C.D. Cal. Dec. 14, 2018), for the proposition that litigation counsel may not be involved in decisions of senior government officials with respect to the assertion of governmental privileges.  *See* ECF No. 206, PageID # 4084.  They then argue that Ruben Robert

16

Chappa, counsel for Scalia, should not have been involved in Scalia's assertion of a governmental privilege. *Id.*

The Magistrate Judge rejected this argument, reasoning that "[n]either of these cases is controlling authority and neither is persuasive because both are factually distinguishable." *See* ECF No. 195, PageID #s 3909-10. The Magistrate Judge noted that nothing in either decision "suggests that it is inappropriate for counsel to provide legal advice to the senior agency personnel in making their determinations regarding the governmental privileges or that it is inappropriate for counsel to draft declarations for the senior agency personnel to review, approve, and sign." *Id.*, PageID #s 3910-11. The Magistrate Judge did not clearly err on this point.

Bowers and Kubota imply that *Exxon Corporation* and *Poehling* are controlling precedent that this court must follow. *See* ECF No. 206, PageID # 4085 (stating that "the Magistrate Judge's assertion that such authorities are not controlling is inconsistent with the Magistrate Judge's use of other authorities from similar courts"). However, as noted in this court's order of June 1, 2020, orders of district courts are not binding on this court. *See* ECF No. 214, PageID # 4368 (noting that a Northern District of California's order is not binding on the Magistrate Judge). District court decisions may provide

17

persuasive arguments, not binding ones.  Bowers and Kubota are incorrect in treating such cases as controlling precedent.

Bowers and Kubota also misapprehend the holding of *Exxon Corporation*.  That Northern District of Texas case stated that only an agency head could assert the deliberative process privilege and could do so only after having personally considered the matter.  91 F.R.D. at 43.  *Exxon Corporation* noted that the agency head did not need to personally inspect each document, "so long as he establishes case-specific content guidelines which will insure appropriate and consistent invocation of the privilege by the agency."  *Id.* at 44.  In relevant part, *Exxon Corporation* stated that affirmations of staff attorneys, particularly those participating in litigation, were insufficient to support a claim of deliberative process privilege.  *Id.*  *Exxon Corporation* does not stand for the proposition that litigation attorneys may never counsel an agency head with respect to assertions of the deliberative process privilege, only that they may not themselves assert the privilege on behalf of the agency.

Bowers and Kubota cite *Poehling* with similar ill effect.  *Poehling*, a Central District of California case, cited another California district court order discussing *Exxon Corporation* and stating that staff attorneys, particularly those participating in pending litigation, could not assert the deliberative process privilege on behalf of an agency.  *See* 2018

18

WL 8459926, at *12.  Instead, as *Poehling* notes, the deliberative process privilege had to be asserted by the head of the department.  *Id.*  *Poehling* did not hold that the head of a department could not consult attorneys in asserting the privilege.

In the present case, Assistant Secretary of Labor Preston Rutledge asserted the deliberative process privilege. *See* ECF No. 121-6.  Rutledge said that, under the Secretary of Labor's Order 16-2006, § 4, 71 Fed. Reg. 67,024 (Nov. 17, 2006), the authority to invoke the deliberative process privilege had been delegated to him in connection with the Department of Labor's enforcement of ERISA.  *See* Decl. of Assistant Secretary of Labor Preston Rutlege ¶ 4, ECF No., 121-6, PageID # 1795. Rutledge noted that Scalia had produced a privilege log in which he asserted the deliberative process privilege.  *Id.* ¶ 15, PageID # 1800.  Rutledge stated that he had personally reviewed Items 16 to 19, and 21 to 43, and concluded that those documents were protected by the deliberative process and investigative files privileges.  *See id.*, PageID #s 1800-10.

On January 30, 2020, Rutledge filed a supplemental declaration, incorporating by reference his earlier declaration. *See* ECF No. 159.  He then stated:

> My staff has received a copy of each
> document withheld under Privilege Nos. 41
> through 3100.  My staff reviewed each page of
> the emails and attachments that comprise

> Privilege Nos. 41 through 3100 (totaling
> 10,761 pages).  For each email, my staff
> noted the sender and recipients of the emails
> and the subject matter of the email.  For
> each attachment, my staff noted the author
> and subject matter of the document.  My staff
> reviewed the privileges invoked on the
> Secretary's First Amended Fourth Supplemental
> Privilege Log for each email and document
> withheld under Privilege Nos. 41 through
> 3100.

*Id.* ¶ 9, PageID # 3158.

Rutledge said that, on January 29, 2020, his staff addressed "the nature and scope of the email communications and attachments withheld under Privilege Nos. 41 through 3100," adding:

> During the briefing, my staff provided me a
> comprehensive summary of the documents
> comprising Privilege Nos. 41 through 3100.
> This summary included identifying the senders
> and recipients of the email communications,
> the subject matter and purpose of the email
> communications, and the subject matter and
> purpose of the email attachments.

*Id.* ¶ 10, PageID # 3158.  He stated that, based on his staff's review of Items 41 to 3100 and briefing, he was asserting the deliberative process and investigative files privileges.  *Id.* ¶ 11, PageID # 3159.

Given Rutledge's declarations and assertion of the deliberative process and investigative files privileges, it cannot be said that litigation attorneys, rather than an agency head, asserted the governmental privileges.  That counsel for Scalia may have advised Rutledge does not mean that Rutledge

20

failed to properly invoke the privileges or that he acted in bad faith.

Finally, this court determines that the Magistrate Judge did not clearly err in ruling that Scalia's delayed assertion of the privileges was not in bad faith.  As discussed below in connection with attorneys' fees, the delay was not substantially justified.  But that does not amount to bad faith such that this court should deem the assertion of the deliberative process privilege to have been waived.

IV.      **SCALIA'S OBJECTION TO RECOMMENDED ATTORNEYS' FEE AWARD.**

  **A. Standard of Review.**

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013).  In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006).

The district judge may accept those portions of the findings and recommendation that are not objected to if the

district judge is satisfied that there is no clear error on the face of the record.  *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).  The district judge may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a *de novo* hearing is not required.  *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *Kealoha*, 2017 WL 1839280, *2.

        **B.**    **The Court Reduces the Award of Attorneys' Fees.**

            **1.**    **The District Judge Agrees with the Magistrate Judge That Fees Are Awardable.**

                **a.**    **Scalia Was Not Substantially Justified in His Untimely Assertion of the Deliberative Process Privilege.**

Bowers and Kubota's motions to compel ultimately resulted in Scalia's production of thousands of pages of documents, albeit on an untimely basis.  Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, when a court grants a motion to compel or when a party provides the requested discovery after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." However, reasonable fees and expenses in making the motion shall not be awarded if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* When a motion to compel discovery is granted in part and denied in part, Rule 37(a)(5)(C) allows this court to "apportion the reasonable expenses for the motion."

Scalia initially argues that attorneys' fees should not be awarded because his conduct was substantially justified, meaning "reasonable people could differ as to whether the party requested must comply." *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). This court is unpersuaded. Scalia's unreasonableness is demonstrated by the untimeliness of his discovery production, withholding of items without any basis or based on overly broad assertions of privileges, and provision of deficient declarations to support claims of privileges, as carefully detailed by the Magistrate Judge in his order of February 10, 2020. *See* ECF No. 162, PageID #s 3163-66. While Scalia characterizes his production of documents as voluntary and says that he had thousands of documents to review, the record

does not establish that the lengthy delay necessitating the filing of the motion to compel should be excused.

Bowers and Kubota served their Second Set of Requests for Production of Documents on May 20, 2019. *See* ECF No. 92. Nearly four months later, on September 14, 2019, they moved to compel. *See* ECF No. 113. A month after that motion was filed, Scalia produced his Third Supplemental Privilege Log and produced the Rutledge declaration to support claims of deliberative process and investigative files privileges. See ECF Nos. 121, 121-6.

On November 22, 2019, the Magistrate Judge held a hearing on the Motion to Compel. The Magistrate Judge said he found the Third Supplemental Privilege Log to be deficient and viewed many of the privileges asserted to be too broad or without adequate support. *See* ECF No. 162, PageID #s 3163-64. The Magistrate Judge therefore ordered Scalia to reconsider the assertions of privilege and the decision to withhold entire documents instead of to produce redacted copies. The Magistrate Judge ordered Scalia to produce a supplemental privilege log with more detail, to produce certain documents for *in camera* review, and to conduct a meet and confer with Bowers and Kubota to narrow remaining issues. *See* ECF No. 137.

On December 6, 2019, the Secretary produced a Fourth Supplemental Privilege Log, which provided some additional

information regarding the 40 documents originally at issue and substantially broadened discovery by identifying an additional 5000 documents withheld on the basis of privilege.  *See* ECF No. 145.

On December 12, 2019, the Secretary produced an "Addendum" to its Fourth Supplemental Privilege Log, which identified 10 additional Items.  *See* ECF No. 154-3.  Then, on January 8, 2020, the Secretary produced a First Amended Fourth Supplemental Privilege Log.  *See* ECF No. 154-4.

On January 30, 2020, Scalia produced a Supplemental Declaration of Assistant Secretary of Labor Preston Rutledge that purported to support the assertions of government privileges with respect to Items 41 through 3100.  *See* ECF No. 159.  Without explanation as to the delay, this supplemental declaration finally detailed the assertion of the privileges first asserted in October 2019 in the Third Supplemental Privilege Log.  *See* ECF No. 121-5 at 10-11.

Given these circumstances, Scalia cannot be said to have established that the untimeliness of his disclosure of documents and the delay in his assertion of governmental privileges were substantially justified.  Scalia's argument that the multiple declarations and privilege logs were only necessary because the Magistrate Judge required them is unpersuasive. Scalia should have submitted those declarations and detailed

25

privilege log much earlier.  At a minimum, even if Scalia had a good-faith belief that he was not required to detail the privileges asserted with respect to each document, that does not excuse the failure to produce the redacted documents on a timely basis.

### b.    Scalia Does Not Show That an Award of Reasonable Fees and Expenses Is Unjust.

Scalia characterizes the late production of documents as representing a voluntary production.  *See* ECF No. 205, PageID # 4044.  On this appeal, however, Scalia does not demonstrate that the production was voluntary.  Instead, all parties appear to have been assuming that the documents were indeed responsive to document requests.  Scalia's mere assertion of voluntariness does not demonstrate that the award of reasonable fees and expenses is unjust.

Scalia also argues that an award of fees and expenses is unjust because he was "almost wholly vindicated."  ECF No. 205, PageID # 4050.  The record indicates otherwise.  While most of Scalia's assertions of privilege were upheld, he was still required to produce redacted versions of documents that he had entirely withheld.  Additionally, the correct assertion of privilege does not excuse a delay in asserting the privilege.

            c.     **Scalia Was Afforded an Opportunity to Be Heard Before Sanctions Were Imposed.**

        Scalia contends that he was not afforded an opportunity to be heard before sanctions were imposed.  That contention is contradicted by the record.

        On February 10, 2020, the Magistrate Judge issued his Order Following February 7, 2020, Hearing re: Defendants Brian J Bowers and Dexter C. Kubota's Motion to Compel Discovery.  *See* ECF No. 162.  This order documented the discovery sanctions dispute.  Ultimately, the Magistrate Judge ordered Bowers and Kubota to file a supplemental brief regarding Items 41 through 3100 and any requested discovery sanctions, as well as a declaration of counsel supporting any sanction request.  *See id.*, PageID # 3175.

        On March 16, 2020, Bowers and Kubota filed their Supplemental Motion to Compel (Items 41 to 3100) and Related Motion for Attorneys' Fees and Expenses.  *See* ECF No. 172.  They also submitted a Declaration of Counsel supporting the requested fees.  *See* ECF No. 173.  On March 31, 2020, Scalia filed a response to the supplemental memorandum and related motion for attorneys' fees and costs.  *See* ECF No. 181.  In opposing the "Related Motion for Attorneys Fees and Expenses," Scalia had an opportunity to be heard with respect to the motion.  *See Blake v. Nishimura*, 2008 WL 4754858, at *2 (D. Haw. Oct. 24, 2008) (stating that a party had an opportunity to be heard with respect

to a discovery sanction under Rule 37(a)(5)(A) "by filing a memorandum in opposition to the Motion"). Scalia argued that the requested hourly rates do not reflect the prevailing market rate for attorneys in Honolulu of comparable skill, experience, and reputation. *See* ECF No. 181, PageID # 3689. Scalia also argued that the requested fees were excessive, redundant, and unnecessary. *Id.*, PageID # 3688-89. These issues were therefore clearly raised to the court and, given Bowers and Kubota's reply memorandum, all parties had an opportunity to brief them.

### d. Scalia's Other Arguments in Support of Denying Fees and Costs are Unpersuasive.

Scalia argues that the Magistrate Judge should not have considered the Declaration of John J. D'Amato, which was attached to the Reply and declared that the requested attorneys' fees were reasonable and appropriate in this jurisdiction. Scalia is correct that, under Local Rule 7.2, "[a]ny argument raised for the first time in the reply shall be disregarded." However, that does not mean no fees may be awarded. This court is familiar with the reasonable rates charged by attorneys in this district, and Scalia certainly could have consulted attorneys in the District of Hawaii. Moreover, fee orders issued in other cases in this district are available on Westlaw such that Scalia is not the victim of surprise. The point is that, even if D'Amato's declaration is set aside, the fees sought may be reasonable. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir.

28

2008) (noting that the prevailing market rate may be demonstrated by affidavits discussing the market rates or by examining "rate determinations in other cases").

*Sam K. ex rel. Diane C v. Hawaii Department of Education*, 788 F.3d 1033, 1041 (9th Cir. 2015), also demonstrates that this court may rely on its own knowledge and case law to determine the prevailing market rate in Honolulu.  In that case, the Ninth Circuit specifically noted that recent fee awards by courts for attorneys of comparable reputation and experience are useful guides in setting rates.  It stated, "District courts may also use their own knowledge of customary rates and their experience concerning reasonable and proper fees."  *Id.* (quotation marks and citation omitted).  *Sam K* approved of a reduction in a requested hourly rate based on the court's familiarity with the prevailing rates in the community and citation of specific fee awards in other cases in the district. *Id.*

Scalia also contends that this court should not award fees and costs because the parties did not conduct the meet and confer required by Local Rule 54.2(d).  That rule states, "Prior to filing a Fee Motion, the parties involved shall meet and confer in a good faith attempt to agree on the amount of fees or related nontaxable expenses that should be awarded."  While this court normally requires parties to meet and confer prior to

filing any fee request, this case presents the unusual
circumstance in which the parties discussed discovery sanctions
with the Magistrate Judge, who told Bowers and Kubota to file its
request for fees and expenses.  Under Local Rule 54.2(h), a
failure to meet and confer "may, in the court's discretion,
result in the denial of such motions with prejudice."  The
Magistrate Judge, who was in the thick of discussions about
discovery, apparently thought the discussions warranted a motion.
This court exercises its discretion under these circumstances to
consider the Magistrate Judge's recommendation even if no meet
and confer occurred.

          2.    **The Court Reduces the Attorneys' Fees Award.**

          The Magistrate Judge awarded $139,561.20 in attorneys'
fees.  Scalia argues that this award should be reduced.  This
court agrees.

          "Once a party is found eligible for fees, the district
court must then determine what fees are reasonable." *Klein v.
City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citing
*Hensley v. Eckerhart*, 461 U.S. 424, 444 (1983)).  In determining
reasonableness, this court applies the lodestar method, which
involves "multiplying the number of hours the prevailing party
reasonably expended on the litigation by a reasonable hourly
rate." *Id.* (quotation marks and citations omitted).  This court
may then adjust the lodestar amount based on factors articulated

30

in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), so long as those factors have not already been examined in the lodestar analysis.

### a.   Reasonable Hourly Rates.

The determination of a reasonable hourly rate examines the experience, skill, and reputation of the attorney requesting fees. *See Webb v. Ada Cty.*, 285 F.3d 829, 840 (9th Cir. 2002). That rate is based on the prevailing market rate in the relevant community, which in this case is Honolulu. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). Bowers and Kubota seek the following fees:

| Timekeeper | Rate | Hours | Total Requested |
|---|---|---|---|
| David R. Johanson | $500.00 | 190.00 | $95,000.00 |
| Douglas A. Rubel | $300.00 | 243.10 | $72,930.00 |
| Gordon E. Billheimer | $300.00 | 65.40 | $19,620.00 |
| Robert S. Thompson | $300.00 | 29.00 | $8,700.00 |
| Rachel J. Markun | $400.00 | 39.30 | $15,720.00 |
| Teresa Y. Huang | $300.00 | 1.30 | $390.00 |
| | | | |
| *Total Fees* | | | *$212,360.00* |
| | | | |
| *Total Expenses* | | | *$2,312.97* |
| | | | |
| ***Claimed Attorneys' Fees and Expenses*** | | | ***$214,672.97*** |

ECF No. 173-1, PageID # 3328.

The Magistrate Judge determined that the hourly rates requested reflect the reasonable rates in this community. *See* ECF No. 195, PageID # 3919. This court disagrees and modifies the hourly rates as set forth below, determining that the

31

modifications are necessary to comport with established practice. This court is well aware of the prevailing rates in the Honolulu legal community for similar services performed by attorneys of comparable experience, skill, and reputation. While Bowers and Kubota's attorneys have specialized experience with ERISA, the present dispute involves discovery, for which that specialized experience would not necessarily be needed. Some of the Magistrate Judge's findings as to reasonable hourly rates are therefore reduced here.

There are many cases in this district involving the lodestar calculation. In *Reyes v. Tanaka*, for example, an hourly rate of $500 was sought for a "Principal" attorney with 28 years of experience, and an hourly rate of $250 was sought for an "Associate" with 10 years of legal experience. *See* Civ. No. 17-00143 JAO/KJM, ECF No. 427, PageID # 9328. The court, in an order dated June 2, 2020, determined that the prevailing rate in Honolulu for a "Principal" attorney with 28 years of experience was $400 per hour. It also determined that the prevailing rate in Honolulu for an "Associate" with 10 years of legal experience was $225 per hour. *See* 2020 WL 2857493, at *2 (D. Haw. June 2, 2020). Similarly, in *ME2 Productions, Inc. v Pumaras*, 2017 WL 4707015 (D. Haw. Oct. 19, 2017), this judge approved an hourly rate of $250 for an attorney with 17 years of experience. These

cases are instructive with respect to reasonable hourly rates in the Honolulu community for general litigation work.

In this case, David R. Johanson is the "Partner-in-Charge." There is no question that he has extensive and broad legal experience, as he has been practicing law for 34 years. *See* ECF No. 173-3. While he requests an hourly rate of $500 for this discovery dispute, this court finds that the reasonable rate for an attorney in Honolulu with his experience, skill, and reputation is $425, in line with the "Principal" attorney in *Reyes* with 28 years of experience who was awarded $400 per hour.

David A. Rubel is "Of Counsel" and has also been practicing law for 34 years. *See* ECF No. 173-4. He requests an hourly rate of $300, which this court finds reasonable.

Gordon E. Billheimer is a former "Partner" with an unknown amount of experience. *See* ECF No. 173-4. He is requesting $300 per hour. Given the dearth of information about the length of his experience in the record, it is not clear why he has the same rate as Rubel. The lack of detail in the record causes this court to default to the same rate as Huang ($250), the attorney with the lowest rate in this case.

Robert S. Thompson is a "Partner" with 28 years of experience. *See* ECF No. 173-6. He requests an hourly rate of $300, which this court finds reasonable.

33

Rachel J. Markun is a "Partner" with 39 years of experience.  *See* ECF No. 173-7.  She requests an hourly rate of $400, which this court finds reasonable.

Teresa Y. Huang is a "Partner" with 15 years of experience.  *See* ECF No. 173-8.  She requests an hourly rate of $300, which this court finds exceeds a reasonable hourly rate for an attorney with her experience, skill, and reputation in this community, especially when $300 is the rate assigned to Mr. Thompson, who has 28 years of experience.  The court instead assigns Ms. Huang a rate of $250 per hour.

> **b.    Hours Are Further Reduced to More Accurately Reflect Excessive, Redundant, and Unnecessary Work.**

A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  The Magistrate Judge determined that such deductions were appropriate.  *See* ECF No. 195, PageID #s 3920-21.  In reviewing the matter *de novo*, this court concludes that the Magistrate Judge should have made further deductions.  As described in the attached Exhibit A, the court awards 105.5 hours for Johanson's time ($44,837.50 @ $425 per hour), 113.1 hours for Rubel's time ($33,930 @ $300 per hour), 14.8 hours for Billheimer's time ($3,700 @ $250 per hour), 1 hour for Thompson's time ($300 @ $300

34

per hour), 19.9 hours for Markun's time ($7,960 @ $400 per hour),
and nothing for Huang's time.  The sum of these amounts is
$90,727.50.

      As shown in the attached Exhibit A, this court deducts
time that Bowers and Kubota failed to demonstrate was reasonably
incurred in making the motion (Category A).  *See* F. R. Civ. P.
37(a)(5)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.
1992) ("The fee applicant bears the burden of documenting the
appropriate hours expended in the litigation and must submit
evidence in support of those hours worked.").  This includes time
entries that were so far removed from the motion to compel that,
having failed to provide sufficient detail, Bowers and Kubota do
not establish were reasonably related to the motion.  This
category also includes time entries for work that would have been
done irrespective of the filing of the motion to compel (e.g.,
analyzing documents and privilege logs).

      The court reduces the time to address block billing
(Category B), duplicative work (Category C), ministerial work
(Category D), and excessive work or preparation (Category E).
*See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir.
2015) ("The district court may reduce the amount of requested
fees to reflect a party's limited degree of success, to account
for block billing, or to deduct those hours the court deems
excessive") (citations omitted); *Moreno v. City of Sacramento*,

35

534 F.3d 1106, 1112 (9th Cir. 2008) (stating that courts may reduce hours for unnecessary duplicative work); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (recognizing a court's authority to reduce hours for block billing); *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2012) ("As a general rule, the Court does not permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel."); *Jeremiah B. v. Dep't of Educ.*, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) ("[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.").

The court deducts the time spent redoing work to comply with the local rules (Category F). *See United States v. Real Prop. Known as 22249 Dolorosa St., Woodland Hills, Cal.*, 190 F.3d 977, 985 (9th Cir. 1999) (excluding time for unnecessary work). In this case, Bowers and Kubota filed an amended memorandum supporting their motion to compel because they failed to follow Local Rule 7.4. The court deducts the time relating to the filing of the amended memorandum, as Scalia should not have to pay for Bowers and Kubota's mistake.

The Magistrate Judge appropriately apportioned the fee award pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure to reflect Bowers and Kubota's limited success,

36

including their unsuccessful request for unredacted documents,
failed arguments about privileges, and hours spent on their
rejected waiver argument (Markun requested 0.3 hours for work on
11/4/19, 1.3 hours for work on 2/24/20, and 1.5 hours for work on
2/26/20). *See* ECF No. 195, PageID # 3921-22; *Ryan*, 786 F.3d at
763 (stating that a court may reduce hours to reflect a party's
limited success). The reduction of 30% to reflect Bowers and
Kubota's limited success is reasonable, and the court reduces the
lodestar amount of $90,727.50 by 30%, awarding $63,509.25 in
fees.

V.      **CONCLUSION.**

        The court affirms the challenged portion of the
Discovery Order going to what must be produced. The court adopts
the Magistrate Judge's findings and recommendation that fees and
costs be awarded, noting that the award of $1,801.20 in costs is
not challenged. However, as to the amount of fees to be awarded,
the court modifies the Magistrate Judge's recommendation and
issues a reduced award of $63,509.25.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*Scalia v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BRIAN J. BOWERS AND DEXTER C. KUBOTA'S SUPPLEMENTAL MOTION TO COMPEL (ITEMS 41-3100); ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION WITH RESPECT TO RELATED MOTION FOR ATTORNEYS' FEES AND EXPENSES; EXHIBIT A