CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
JING ACOSTA
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-1145 | F: (312) 353-1145
Acosta.Jing@dol.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>    Defendants. | CASE NO. 1:18-cv-00155-SOM-WRP<br><br>**SECRETARY OF LABOR'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DEFENDANTS BOWERS + KUBOTA CONSULTING, INC.; BRIAN J. BOWERS; AND DEXTER C. KUBOTA TO RESPOND TO CERTAIN REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary") hereby files this Reply in Support of his Motion to Compel Defendants Bowers + Kubota Consulting, Inc.; Brian J. Bowers; and Dexter C. Kubota ("Defendants") to Respond to Certain Requests for Production of Documents [ECF No. 227]. The Secretary moved for an order requiring Defendants to produce un-redacted versions of documents comprising communications with attorney Greg Hansen of Case Lombardi & Pettit, Ltd. (collectively, "Hansen") related to the ESOP Transaction, which were withheld or redacted by Defendants and listed on their Privilege Logs (ECF Nos. 229-2, 229-3, 230-2, 231-1, 233-5). During the parties' meet and confer discussions, the Secretary narrowed the scope of the documents sought to the time period of July 31, 2012 through December 17, 2013. The Secretary also does not seek documents that pertain to settlor functions, such as Bowers/Kubota 00035, Bowers/Kubota 00047, and B+KC001187. For the reasons discussed below, this Court should find the documents sought by the Secretary fall under the fiduciary exception to the attorney-client privilege and compel Defendants to produce such documents.

I. **The Fiduciary Exception Applies to the Documents Sought**

A. <u>Defendants Engaged in Fiduciary Functions Prior to Adopting the ESOP.</u>

Defendants' claim they only acted in a settlor capacity prior to the adoption of the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan

("ESOP") on December 3, 2012 is inconsistent with the evidence in this case. In fact, Defendants' acknowledge Defendants' actions prior to December 3, 2012 in appointing Defendant Saakvitne as the ESOP Trustee falls within the fiduciary exception. (ECF No. 244 at 5). Additionally, the ESOP Plan document clearly provides the ESOP was adopted to be retroactively effective as of January 1, 2012. (ECF No. 232-10). Defendants cannot execute a document declaring the ESOP retroactively in effect as of the beginning of the year, and then also argue the ESOP did not materialize until the end of year on December 3, 2012.

The Secretary filed his motion in part because he was unable to discern from Defendants' Privilege Logs which other communications with Hansen relate to fiduciary duties that fall outside the fiduciary exception. There is evidence that as early as August 31, 2012, Defendants intended to complete a "target 12/1 ESOP transaction." (ECF No. 232-1). Consistent with this timeline, Defendant Bowers also informed Pacific Business News, in an article published on May 31, 2013, he "decided to implement [the ESOP] in September 2012" and it "became a 100 percent ESOP last Dec. 14." Exhibit VV, attached hereto and made apart hereof. After the decision was made to form an ESOP in August or September of 2012, Defendants began to implement the ESOP with the assistance of Hansen.

Defendants' extensive involvement in the implementation of the ESOP prior to their late-hour hiring of Defendant Saakvitne on November 26, 2012, indicates

the communications with Hansen were fiduciary in scope. In October of 2012, Defendants selected and hired Greg Kniesel of Libra Valuation Associates (collectively, "Kniesel"), with Hansen's advice, to serve as the independent appraiser to determine fair market value for the ESOP Transaction. At the time Defendants met with Kniesel, Defendants had not decided to use an independent fiduciary or selected an independent fiduciary. *See* October 19, 2012 Email from Hansen to Kniesel attached hereto and made apart hereof as Exhibit WW ("It may also be wise for you to lecture them a bit on an independent fiduciary—at least for the stock purchase. I was thinking we would use Nick."). This statement from Hansen regarding using "Nick" is not a statement regarding a settlor function but instead relating to the appointment of a fiduciary by the current fiduciary Bowers + Kubota Consulting, Inc. ("B+K" or "Company"). The Secretary is entitled to information regarding the appointment of the ESOP Trustee, as this relates to the Secretary's allegations that Defendants, as the appointing fiduciaries, breached their fiduciary duties in failing to monitor Defendant Saakvitne. As discussed below, Defendants improperly claim Hansen's role was limited to settlor functions.

Moreover, Kniesel provided his preliminary report to Defendants regarding the fair market value of B+K before Defendants hired Saakvitne to be the ESOP Trustee. From the outset, before Saakvitne was hired, Hansen informed Saakvitne of the $40 million purchase price (ECF No. 232-8). Thus, after Saakvitne's hiring,

all major decisions regarding the ESOP Transaction were already decided by Defendants and Hansen. The Secretary is entitled to these communications between Defendants and Hansen, as they establish Defendants' level of fiduciary control over the ESOP. *See Keach v. U.S. Tr. Co.*, 234 F.Supp.2d 872, 882- (C.D. Ill. 2002) (finding that board members' selection of the ESOP trustee "was so intertwined with the desired end of effectuating the stock purchase transaction that the act of appointing the trustee essentially exercised *de facto* control over the plans assets and management").

    B.  <u>Hansen's Role Exceeded Just "Formation and Adoption" of the ESOP.</u>

According to Defendants, Hansen's only role was to advise the Company in a "corporate counsel" capacity as to the "formation and adoption" of the ESOP. (ECF No. 244 at 5). However, if this were the case, the majority, if not all, of Hansen's counsel would end after the formation and adoption of the ESOP. As evident from Defendants' Privilege Logs (ECF Nos. 229-2, 229-3, 230-2, 231-1, 233-5), Hansen gives legal advice well after the ESOP Transaction on December 14, 2012, well into the next year, 2013, and again near the end of 2014. After the formation and adoption of the ESOP, Hansen cannot conceivably be continuing to advise Defendants as to the ESOP's formation and adoption. As such, the only reasons for Hansen's advice after December 12, 2012 was to advise on ESOP administration, which falls within the fiduciary exception. These actions are

indicative of counseling B+K regarding its fiduciary responsibilities, which require disclosure pursuant to the fiduciary exception.

Applying the common law of trusts, the United States Supreme Court held ERISA fiduciaries are those who "perform the duties imposed, or exercise the powers conferred, by the trust documents" as well as "such powers as are necessary or appropriate for the carrying out of the purposes" of the trust. *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996). When plan administrators provide information about plan benefits to participants and beneficiaries, the plan administrators are exercising a power appropriate to carrying out the plan purpose. *Id.* In fact, ERISA requires plan administrators to give beneficiaries certain information regarding the plan. *Id*. (citing to ERISA §§ 102, 104(b)(1), 105(a)).

Defendants' Privilege Logs are replete with withheld and redacted documents related to advice on plan administration, which falls within the fiduciary exception to the attorney-client privilege. For example, entries on Defendants Bowers' and Kubota's Supplemental Privilege Log, provide on January 18, 2013, Defendants and Greg Hansen exchanged emails regarding "Employee Rollout." (ECF No. 233-5 at 2). Likewise, on February 5, 2013, Defendants and Hansen emailed regarding "Fiduciary Liability Insurance," and on March 1, 2013, Defendants and Hansen emailed regarding "B+K ESOP Refinancing." (*Id.*) Also, Defendants and Hansen exchanged several emails

regarding the "Summary Plan Description" on March 6, 21, and 24, 2013. (*Id.*) Furnishing plan participants with a copy of the Summary Plan Description and obtaining fiduciary liability insurance are all plan administration functions, which fall within the fiduciary exception. In fact, in the ESOP Plan Document, these tasks are assigned to the Company, who is the Plan Administrator. (ECF No. 232-10 at XVII-6, IX-1). Thus, Defendants fail to acknowledge Hansen advised the ESOP with respect to plan administration, and these communications fall within the fiduciary exception to the attorney-client privilege.

    C.  <u>Defendants Cannot Pick and Choose Which Communications with Hansen to Disclose.</u>

Defendants inappropriately selectively produced some communications involving Hansen but withheld other communications. In addition, Defendants rely on advice from Hansen to demonstrate vetting of potential independent fiduciaries and to justify the selection of the ESOP Trustee. However, a party cannot "selectively disclos[e] privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Apple Inc. v. Samsung Elec. Co.*, 306 F.R.D. 234, 243 (N.D. Cal. 2015). If Defendants were allowed to selectively withhold certain communications with Hansen under the guise of attorney-client privilege, Defendants would be using "the privilege as both a shield and a sword." As such, the Secretary requests an order compelling Defendants to produce un-

7

redacted versions of the documents sought for the period of July 31, 2012 through December 17, 2013.

For the reasons stated herein, this Court should deny Defendants' request for attorney's fees and costs, as the Secretary is substantially justified in making his motion under Fed. R. Civ. P. 37(a)(B).

## II.   The Secretary Properly Met and Conferred with Defendants

Contrary to Defendants' assertions, the Secretary engaged in prolonged correspondence and meet and confer discussions regarding this issue. In his first letter dated April 16, 2020, the Secretary raised his concerns regarding the fiduciary exception to the attorney-client privilege for communications involving Hansen. (ECF No. 230-3 at 3). The parties exchanged letters regarding this issue, as well as other issues, up until the Secretary filed his motion to compel. The parties also engaged in telephonic meet and confer discussions on April 30, 2020 and May 28, 2020.

In the Secretary's May 22, 2020 letter to Defendants, the Secretary agreed to review "a summary that might aid in assessing Defendants' claims of privilege" with respect to communications with Hansen. (ECF No. 231-4 at 4). Not having received any additional information with respect to the privileges, on June 11, 2020, counsel for the Secretary, in an email, requested a supplemental privilege log by June 17, 2020. (ECF No. 233-4 at 5). On June 29, 2020, over a month since the

parties agreed for Defendants to provide additional summary information for their privilege log, the Secretary failed to receive any information and requested the information by "close of business on June 30, 2020." (ECF No. 233-4 at 2). Defendants sent their supplemental privilege log at 12:40 am on July 1, 2020.

Defendants' supplemental privilege log continues to blur the lines between settlor and fiduciary functions. As explained above, many of Defendants' communications with Hansen relate to plan administration and fiduciary acts. Other entries on the supplemental privilege log remain vague, such as "Discussion in support of legal advice to B+K regarding potential formation of ESOP." (ECF No. 233-5). Because of the parties' fundamental differences relating to the fiduciary exception, the parties were unable to resolve this issue. As such, the Secretary filed his motion to compel on July 2, 2020, to seek relief from this Court.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests this Court grant his Motion to Compel Defendants to Respond to Certain Requests for Production of Documents and enter an order requiring Defendants to produce the documents requested herein and requiring Defendants to pay the Secretary's

attorney's fees and costs for having to file this motion, and for all other just and proper relief.

Dated: August 10, 2020                    Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**RUBEN R. CHAPA**
ERISA Counsel

/s/ Jing Acosta
**JING ACOSTA**
Trial Attorney

Attorneys for **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, Plaintiff