CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
JING ACOSTA
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-1145 | F: (312) 353-1145
Acosta.Jing@dol.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>    Defendants. | CASE NO. 1:18-cv-00155-SOM-WRP<br><br>**SECRETARY OF LABOR'S REPLY IN SUPPORT OF HIS MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary") hereby files this Reply in Support of his Motion for Entry of Protective Order [ECF Nos. 246, 247]. In their Response to the Secretary's Motion for Entry of Protective Order, Defendants Brian J. Bowers and Dexter C. Kubota ("Defendants") misconstrue this Court's previous orders and mislead the Court regarding the scope of the documents sought in their discovery requests and their relevance to any of Defendants' defenses. In addition, Defendants misconstrue *Intel Corp. Investment Policy Comm. v. Sulyma*, 589 U.S. __ (2020), claiming it supports their assertion they are entitled to documents that are irrelevant and disproportional to the needs of the case. For the reasons discussed below, the Secretary respectfully requests the Court grant his Motion for Entry of Protective Order and prohibit the disclosure of documents and information requested in Defendants' interrogatories and requests for production of documents regarding the sixteen unrelated investigations involving Defendant Saakvitne and regarding internal EBSA documents concerning how EBSA targets investigations using Form 5500's and other methods of targeting investigations.[1]

---

[1] The Secretary also seeks to prohibit Defendants from seeking this information, among other information, during depositions in this matter, including a Fed. R. Civ. P. 30(b)(6) deposition with topics identical to Defendants' Request for Production of Documents, Set Three. The parties intend to raise and address these objections from the Secretary in a separate filing.

I.  **Defendants Fail to Demonstrate Their Discovery Requests Are Relevant to Any Claim or Defense.**

Contrary to Defendants' assertions, the documents and information sought have no bearing on their statute of limitations defense. The statute of limitations provisions of ERISA provide an action must be filed within three years of the "earliest date on which the plaintiff had **actual knowledge of the breach or violation**." 29 U.S.C. § 1113(2) (emphasis added). Defendants' reliance on the Supreme Court decision in *Intel Corp. Investment Policy Comm. v. Sulyma*, 589 U.S. __ (2020) lacks merit. First, as explained in the Secretary's Motion and Memorandum in Support of his Motion for Entry of Protective Order [ECF Nos. 246, 247], Defendants impermissibly broaden the scope of "actual knowledge" under § 1113(2) of ERISA. 29 U.S.C. § 1113(2). In *Sulyma*, the Supreme Court held that "if a plaintiff is not aware of a fact, he does not have 'actual knowledge' of that fact however close at hand the fact may be." *Sulyma*, 589 at *8. Defendants' legal justifications for their position are based solely on dicta in the decision, which stated, "[t]oday's opinion also does not preclude defendants from contending that evidence of 'willful blindness' supports a finding of 'actual knowledge.'" *Id.* at 12. The *Sulyma* decision does not address situations where willful blindness constitutes actual knowledge under § 1113(2). However, in other contexts, the Supreme Court found willful blindness when a party took "deliberate steps to avoid knowing [a] fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S.

3

754, 771 (2011). Here, the Secretary has produced the "Core Documents" of the unrelated Saakvitne investigations, pursuant to the Court's February 10, 2020 Order [ECF 162], and Defendants cite to no evidence to support their alleged claim that the Secretary was willfully blind to this violation. As such, there is no reason to believe this type of evidence exists, let alone the additional voluminous documents sought by Defendants related to distinctly separate investigations would be evidence of such willful blindness.

    Moreover, this case involves the Secretary's allegations that Defendants violated ERISA when Defendants caused the Bowers + Kubota Consulting, Inc. ESOP ("ESOP") to pay more than fair market value for the shares of Bowers + Kubota Consulting, Inc. ("B+K") stock on December 14, 2012. The Secretary's allegations are limited to this ESOP Transaction, including how Defendant Saakvitne determined fair market value for the B+K stock. To gain actual knowledge of these violations, the Secretary necessarily needed to review the valuation report which Defendant Saakvitne relied on in determining fair market value. As previously noted by the Secretary, the Secretary did not receive the valuation report until January 12, 2015. Defendants have cited to no evidence challenging the Secretary's assertions that this was the first date he received the valuation report. Defendants already have in their possession the "Core Documents" which contain the dates each unrelated Saakvitne investigation was

4

opened. Defendants also cite to no evidence suggesting that any other documents they now seek regarding these unrelated investigations would have any bearing on their statute of limitations defense. To allow Defendants to dig into these unrelated investigations and internal targeting techniques is to allow Defendants to go on another one of their fishing expeditions, one that is costly in time and resources for the Secretary and will not yield any documents related to Defendants' alleged statute of limitations defense.

To the extent Defendants contend they need this information to support their affirmative defense of estoppel, as the Secretary has previously noted the case law in this area clearly presents an almost insurmountable obstacle to establishing estoppel against the government. Defendants have raised no facts or law to overcome this hurdle. Defendants have not refuted this argument, and as such, the Secretary incorporates by reference herein his Memorandum in Support of his Motion for Entry of Protective Order, ECF No. 247 at 21-23. Therefore, for the foregoing reasons, Defendants failed to show how the documents sought are relevant to any of Defendants' defenses.

II. **Defendants' Discovery Requests Regarding the Unrelated Saakvitne Investigations Are Not Relevant or Proportional to the Needs of this Case**

Defendants' unpersuasive assertions of the relevancy of the unrelated Saakvitne investigations do not negate the Secretary's showing of good cause to

5

prohibit further discovery on those investigations. Defendants incorrectly allege these documents would answer the following questions: "What did the Secretary know about Mr. Saakvitne's involvement with Bowers + Kubota Consulting, Inc. ('B+K') and the B+K ESOP and when, and when should the Secretary have reasonably known about Mr. Saakvitne's involvement with B+K and the B+K ESOP?" ECF No. 245 at 8. Defendants' second question, regarding reasonableness, does not relate to the Defendants' burden of showing the Secretary had actual knowledge. Even under an argument of willful blindness, the question is not what was reasonable, but instead, whether the Secretary deliberately took action to avoid knowing a fact. None of the documents and information sought by Defendants would provide the answers to any of these questions.

    As explained herein, the investigations into unrelated transactions have no bearing on any defenses asserted by Defendants or on the issue of whether Defendants violated ERISA with respect to this transaction on December 14, 2012. *See also* ECF No. 247 at 16-24. The Secretary provided Defendants with the "Core Documents" regarding the unrelated Saakvitne investigations, and there is no indication any further documents from these investigations would relate to the Secretary's actual knowledge of the violations alleged in this particular case. Further, the date on which the Secretary may have known Mr. Saakvitne was involved in the B+K ESOP does not help identify the date on which the Secretary

6

knew or should have known a violation occurred with respect to the B+K ESOP. Even assuming *arguendo* the Secretary knew Mr. Saakvitne was involved in B+K ESOP prior to December 2012, it would be impossible for the Secretary to have had actual knowledge of the ERISA violation before the transaction occurred on December 14, 2012. Any documents in EBSA's possession predating the violative transaction are wholly irrelevant to this case. Moreover, even assuming *arguendo* the unrelated Saakvitne investigations would have touched on the B+K ESOP transaction at issue, any relevant information would be contained in the "Core Documents" the Secretary produced previously.

     Even if the sought-after unrelated Saakvitne investigation documents and information were relevant in some way, Defendants fail to refute the Secretary's arguments many of the documents and information sought are protected by the governmental deliberative process and investigative files privileges and Defendants' alleged need for these documents does not outweigh the Secretary's interests in protecting these documents. In addition, Defendants' fail to refuse the Secretary's claim this discovery is disproportionate and would be extremely burdensome to produce. Defendants seem to misunderstand this Court's clear finding that "a request for all of the documents related to these investigations is not proportional to the needs of this case," and discovery on this topic should be limited to certain "core documents." ECF No. 162 at 11. While Defendants'

7

discovery requests now identify the nature of the documents they seek concerning the unrelated Saakvitne investigations, these materials effectively comprise the remainder and/or a significant portion of the investigative files beyond the core documents the Secretary already produced. *See* ECF No. 247-4 at 12-18 (seeking for each of the unrelated Saakvitne investigations "all exhibits to the Reports of Investigation and interview notes and/or reports," Request No. 15, and voluntary compliance letters, interview notes, reports, exhibits, deposition transcripts, documentation of other ESOPS in which Saakvitne was involved, appraisals, valuations, valuation reports, expert reports or opinions, and emails or communications with Saakvitne, Request Nos. 13-27). As this Court expressly recognized, such materials are not proportional to the needs of this case.

     Defendants imply because the Secretary was able to produce the Core Documents within ten days, production of all other documents they now seek is not burdensome. This implication completely ignores the Secretary's evidence the unrelated Saakvitne investigative files constitute more than 100,000 pages of documents located in regional offices across the country, some of which are difficult to access due to the COVID-19 pandemic or archiving, that would need to be reviewed by employees from each office for relevance and applicable privileges, as well as further delaying litigation in this case. *See* ECF No. 247-3 ¶¶ 6-8. The significant effort and expense needed to undertake such an immense

production is not undercut by the fact the Secretary's staff reviewed the three discrete and short documents that comprise the "Core Documents," excluding exhibits and appendices, in ten days.

### III. Defendants' Discovery Requests for Internal EBSA Documents Regarding Targeting Form 5500's and Other Methods of Targeting Investigations Are Not Relevant or Proportional to the Needs of This Case.

Defendants' bare assertions that documents on targeting investigations would be relevant to their statute of limitations defense is also flawed. As an initial matter, Defendants fail to establish their need for these documents outweighs the Secretary's interests in protecting from disclosure internal investigative techniques which are privileged under the investigative files privilege. Defendants also fail to establish how these documents are relevant or proportional to the needs of the case. The Secretary's internal documents regarding how investigations are flagged and targeted would contain no information regarding when the Secretary knew or should have known about the violations in this particular case. *See* ECF No. 247 at 16-24. More problematic, the overbroad scope of the requests is disproportional to the needs of the case. The Secretary carries an enormous burden of gathering, reviewing, and redacting voluminous documents. The overbroad and unduly burdensome nature of the requests makes it presently difficult for the Secretary to provide a declaration from the agency head supporting his assertions of privilege. Contrary to Defendants' assertions, counsel for the Secretary advised Defendants

9

of the overbroad scope of their discovery requests in their meet and confer discussions, but Defendants failed to amend and narrow their discovery requests.

Defendants' contention regarding the "limited" nature of their requests on targeting investigations is also incorrect. *See* ECF No. 254 at 10. Contrary to Defendants' characterization, their requests seek far more than "policies for 'flagging' Forms 5500 to review." *See* ECF No. 254 at 2. For example, Defendants' Request for Production, Set Three, Request No. 8 seeks the actual computerized and automated systems, as well as any document that even refers to them. *See* ECF No. 247-4 at 7, 10 (seeking production "all documents referring, relating to or constituting any computerized or automated systems utilized for triggering, flagging or highlighting any Forms 5500 . . . for review" and broadly defining "related to" and similar terms to mean "associated with, whether directly or indirectly, or in whole or in part, the subject matter of the particular request."). Likewise, Request No. 9 asks for all policy documents related to every Form 5500 review ever undertaken. *See* ECF No. 247-4 at 10. Requests No. 10 and 11 are just as expansive in scope, seeking documents concerning various targeting systems for any Form 5500s. *See* ECF No. 247-4 at 11. Because Defendants' requests are not limited to the current investigation, or limited to just retirement plans versus health plans or other employee benefit plans, nor do they contain temporal parameters, Defendants essentially demand any and all information on how every single other

10

Plan may have been targeted. Defendants themselves acknowledge a "considerable number" of Form 5500s are filed with the Secretary every year, *see* ECF No. 254 at 10, and the Secretary's evidence demonstrates the substantial burden required to search for and review these voluminous materials, *see* ECF No. 247-3 ¶ 9.

Defendants' claim the Secretary acted in bad faith is another example of Defendants' continued baseless accusations of bad faith against the Secretary. Defendants failed to provide any factual or legal basis for their claim. As such, this Court should disregard Defendants' groundless assertions of bad faith and deny their request for attorneys' fees and costs.

### IV.  Conclusion

For the foregoing reasons, the Secretary respectfully requests this Court grant his Motion for Entry of Protective Order, require Defendants to pay the Secretary's attorney's fees and costs for having to file his motion and this reply, and for all other just and proper relief.

Dated: August 24, 2020                              Respectfully submitted,

 

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**RUBEN R. CHAPA**
ERISA Counsel

/s/ Jing Acosta
**JING ACOSTA**
Trial Attorney

Attorneys for **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, Plaintiff