IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | CIVIL NO. 18-00155 SOM-WRP |
| Plaintiff, | ORDER AFFIRMING DISCOVERY ORDERS, ECF NOS. 307 and 313 |
| vs. | |
| NICHOLAS L. SAAKVITNE, an individual; NICHOLAS L. SAAVITNE, A LAW CORPORATION, a California Corporation; BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | |
| Defendants. | |

**ORDER AFFIRMING DISCOVERY ORDERS, ECF NOS. 307 and 313**

**I.       INTRODUCTION.**

Defendants Brian Bowers and Dexter C. Kubota created a company, Bowers + Kubota Consulting, Inc., through which they provided consulting, architectural, and engineering services. According to the Complaint, the two men then created an Employee Stock Ownership Plan ("ESOP") called Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan ("ESOP"), and sold their 100% ownership interest in their consulting firm to the ESOP. The consulting company was allegedly overvalued based on faulty data. Overvaluation would have caused the ESOP to pay the two individuals more money than the consulting company was worth.

The Secretary of Labor, Eugene Scalia (the "Government"), proceeding under ERISA, is suing the two individuals, the consulting company, the ESOP, the trustee of the ESOP, Nicholas L. Saakvitne, and the trustee's law firm, alleging that the sale to the ESOP improperly benefitted Bowers and Kubota individually to the detriment of the ESOP.  The Government also claims that Saakvitne breached his duties as the ESOP's trustee.

Discovery in the case has been extremely contentious. In the latest dispute, Bowers and Kubota sought to depose two Government employees with respect to prior investigations into Saakvitne, including an investigation into another company's ESOP that Saakvitne was the trustee of, Hot Dog on a Stick.  This was the latest of several discovery attempts to get such information, which Bowers and Kubota said was relevant to their statute of limitations and estoppel defenses.  On September 16, 2020, the Magistrate Judge assigned to this case issued a protective order, determining that the Government had "established good cause . . . to limit the discovery at issue related to the Prior Saakvitne Investigations."  ECF No. 275, PageID # 6047.  Thereafter, disputes arose about the application of the limitations, and the Magistrate Judge once again had to resolve the disputes.  Because the Magistrate Judge did not clearly err or act contrary to law in ruling that the latest deposition requests were barred by the protective order, the Magistrate Judge's orders are affirmed.

2

## II.        BACKGROUND.

According to the Complaint, Bowers and Kubota controlled their respective trusts, which owned Bowers + Kubota Consulting, Inc.  *See* Complaint ¶ 6, ECF No. 1, PageID # 4.  On December 14, 2012, Bowers and Kubota allegedly sold their shares of the consulting company's stock to an ESOP for more than those shares were worth.  *Id.* ¶¶ 7-8.  Saakvitne, the trustee of the ESOP, allegedly relied on a flawed appraisal of those shares despite obvious problems with it.  *Id.* ¶ 8, PageID # 5.  The Complaint alleges that this transaction violated ERISA by benefitting Bowers and Kubota individually to the detriment of the ESOP.

The Government, through the Employee Benefits Security Administration ("EBSA"), had conducted 16 prior unrelated investigations into Saakvitne and his law firm.  *See* ECF No. 275, PageID # 6034.  Bowers and Kubota have been seeking discovery pertaining to those investigations for more than a year, leading to numerous discovery disputes that have been addressed by the court.  On November 22, 2019, for example, the Magistrate Judge ordered the Government to

> produce to the Court for *in camera* review a
> chart that lists each investigation involving
> Defendant Saakvitne related to an ESOP or
> other stock transaction that (a) summarizes
> the matter investigated, (b) lists the date
> the investigation began, (c) lists the date
> the investigation concluded or states that

> the investigation is ongoing, and (c) states
> the result of the investigation.

Minutes of Hearing (Nov. 22, 2019), ECF No. 137, PageID # 2222.

On February 10, 2020, the Magistrate Judge determined that certain "core documents" from the 16 Saakvitne investigations "are relevant to Defendants' statute of limitations affirmative defense to attempt to show knowledge of the breach at issue and relevant to Defendants' estoppel affirmative defense to show that Defendants appropriately exercised their fiduciary duties and should not have exercised any greater degree of care in dealing with and monitoring Saakvitne." Order Following February 7, 2020 Hearing Re: Defendants Brian J. Bowers and Dexter C. Kubota's Motion to Compel Discovery, ECF No. 162, PageID # 3171. However, the Magistrate Judge determined that Bowers and Kubota's request for 119,000 documents relating to the 16 investigations was not proportional to the needs of this case. *Id.*, PageID # 3172. The Magistrate Judge concluded "that a request limited to the production of the case opening form, the investigative plan, and the report of investigation, without exhibits or appendices, for each investigation is proportionally appropriate to the needs of this case." *Id.* The Magistrate Judge then ordered the Government to produce unredacted versions of those "core documents" or to submit to the court for *in camera* review any document for which the Government was asserting a privilege and

4

to produce a privilege log to Bowers and Kubota with respect to the assertion of privileges. *Id.*, PageID #s 3172-73.

The Government produced redacted "core documents" along with a privilege log. *See* ECF No. 184, Page ID # 3754.

On April 3, 2020, the Magistrate Judge denied Bowers and Kubota's request to have the Government produce unredacted "core documents." *See* ECF No. 184. When Bowers and Kubota continued to seek discovery pertaining to the Saatvitne investigations, the Government sought a protective order, which was granted by the Magistrate Judge on September 16, 2020. *See* ECF No. 275, PageID #s 6038-47. The Magistrate Judge recognized that Bowers and Kubota were entitled to discovery with respect to when the Government learned of the ESOP transaction at issue in this litigation, as that discovery was relevant to their statute of limitations and estoppel defenses. *Id.*, PageID # 6044. However, the Magistrate Judge ruled that Bowers and Kubota's discovery requests seeking additional information about the 16 Saakvitne investigations were not relevant to the claims and defenses in this litigation, as that information would not show that the Government had actual knowledge or was willfully blind with respect to the ESOP transaction *in this case*. *Id.*, PageID #s 6042-43. The Magistrate Judge then concluded that the discovery requests were not proportional to the needs of the case. *Id.*, PageID # 6044. The Magistrate Judge nevertheless

ordered the Government to produce limited discovery pertaining to
"information that the [Government] obtained about the Bowers +
Kubota Consulting, Inc. ESOP during two Prior Saakvitne
Investigations" involving the Kennedy Fabricating, Inc. ESOP and
the Hot Dog on a Stick ESOP.[1]  *Id.*, PageID # 6046.  The
Magistrate Judge granted the Government a protective order
limiting other discovery relating to the 16 Saakvitne
investigations.  *Id.*, PageID # 6047.  Bowers and Kubota filed no
objections with the district judge with respect to this
protective order.

On the same day that the protective order was issued,
September 16, 2020, the Magistrate Judge issued an Order as to
Expedited Letter Briefs Filed on August 31, 2020, ECF No. 276.
At issue was the Government's request for a protective order
preventing Bowers and Kubota from asking questions at a
deposition about the prior Saakvitne investigations beyond the
scope of the "core documents" that had been produced pursuant to
the court's earlier discovery order.  The Magistrate Judge
granted the protective order, stating

---

[1]"On October 1, 2020, the Secretary produced to Defendants
two declarations stating that after a search for documents
reflecting any information the Secretary obtained about the
Bowers + Kubota Consulting, Inc. ESOP ('B+K ESOP') during the
Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP ('HDOS
ESOP') investigations, there were no responsive documents."
Government's Letter Brief, ECF No. 298, PageID # 6127.

>           Defendants shall limit their deposition
>           questioning regarding the Prior Saakvitne
>           Investigations to (1) the scope of
>           information reflected in the core documents[]
>           produced for all Prior Saakvitne
>           Investigations and (2) the scope of
>           information reflected in the documents that
>           Court ordered be produced by the Secretary no
>           later than October 1, 2020, i.e., documents
>           that reflect any information that the
>           Secretary obtained about the Bowers + Kubota
>           Consulting, Inc. ESOP during the two Prior
>           Saakvitne Investigations involving an ESOP
>           that were opened before October 2014 (Kennedy
>           Fabricating, Inc. ESOP and Hot Dog on a Stick
>           ESOP).

ECF No. 276, PageID # 6055.  Bowers and Kubota also filed no objections with this judge with respect to this protective order.

Bowers and Kubota sought to reconvene the depositions of two Government employees, Robert Prunty and Crisanta Johnson. The Magistrate Judge allowed the reconvening in part and denied that in part via two discovery orders filed on November 3 and 5, 2020, respectively.  *See* ECF Nos. 307 and 313.

On September 28, 2020, after Prunty's deposition had been completed, Prunty signed a declaration indicating that the Government had not obtained any document pertaining to the Bowers and Kubota ESOP during its investigation into the Kennedy Fabricating and Hot Dog on a Stick ESOPs.  The Magistrate Judge allowed Bowers and Kubota to recall Prunty to question him about that declaration.  *See* ECF No. 307, PageID # 6194.  However, the Magistrate Judge denied Bowers and Kubota's

request to recall Mr. Prunty to question him
regarding further information and documents
from the Hot Dog on a Stick ESOP
investigation.  Defendants contend that they
are entitled to examine Mr. Prunty regarding
an email from the Hot Dog on a Stick ESOP
investigation and the identity of an EBSA
employee that was included on that email.
*See* ECF No. 300.  The Secretary argues that
these topics are outside the scope of the
Court's prior orders.  *See* ECF No. 299.  The
Court finds that requested information is
outside the scope of the permissible
deposition questions as previously ordered by
the Court.  As detailed above, in its
Protective Order, the Court expressly ruled
that further documents and information
regarding the Prior Saakvitne Investigations
are not relevant to any parties' claims or
defenses in this litigation and are not
proportional to the needs of this case.  *See*
ECF No. 275 at 13-16.  Further, this Court
issued its Letter Briefs Order expressly
limiting the permissible scope of deposition
questions regarding the Prior Saakvitne
Investigations to (1) the scope of
information reflected in the core documents
produced for all Prior Saakvitne
Investigations and (2) the scope of
information reflected in the declarations
produced by the Secretary on October 1, 2020.
*See* ECF No. 276.  The additional information
that Defendants seek related to the Hot Dog
on a Stick ESOP investigation is not
"reflected in the core documents" for this
investigation.  Although the Secretary based
its instructions not to answer this line of
questioning during Mr. Prunty's initial
deposition on other grounds, that does not
change the Court's analysis that this line of
questioning is outside the limited scope of
questioning related to the Prior Saakvitne
Investigations allowed by the Court in its
prior orders.

ECF No. 307, PageID #s 6194-95.  Bowers and Kubota now challenge

this denial.

8

The Magistrate Judge allowed the request to reconvene the deposition of Johnson in part, but prohibited Bowers and Kubota from asking questions "regarding the Prior Saakvitne Investigations, including any questions related to the Hot Dog on a Stick ESOP investigation." *See* ECF No. 313, PageId #s 6282-83. The Magistrate Judge stated that Bowers and Kubota had failed to show the relevance of such information to the ESOP transaction in this case. Accordingly, the Magistrate Judge concluded that such questioning was outside the limited scope of questioning allowed with respect to prior Saakvitne investigations. *Id.*, PageID # 6279. Bowers and Kubota object to this portion of the order.

On November 17, 2020, Bowers and Kubota timely filed the present objections to the discovery orders limiting the reconvened Prunty and Johnson depositions. *See* ECF No. 319 (objecting to ECF Nos. 307 and 313).

**III.    STANDARD OF REVIEW.**

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to object to a nondispositive magistrate judge order "within 14 days after being served with a copy" of it. Fed. R. Civ. P. 72(a). It further provides, "A party may not assign as error a defect in the order not timely objected to." *Id.*

Under 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is

9

"clearly erroneous or contrary to law."  *See also Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991) (stating that § 636(b)(1) "provides that the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard").  The Ninth Circuit has explained, "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination.  The reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted).

The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (stating that, in reviewing for clear error, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed" (quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential,

10

requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

## IV.      ANALYSIS.

Bowers and Kubota object to the Magistrate Judge's prohibition of deposition questions to Prunty and Johnson with respect to prior Saakvitne investigations, including the investigation with respect to the Hot Dog on a Stick ESOP. Specifically, Bowers and Kubota seek to examine Prunty and Johnson with respect to a July 2014 email in the Hog Dog on a Stick ESOP investigation. This email, written by an informant, was sent to the Los Angeles Regional Office, Johnson, and one other employee. Bowers and Kubota seek the name of this employee. *See* ECF Nos. 300, 319.

11

As the Magistrate Judge noted, the extent of allowable deposition questioning is limited by the Magistrate Judge's earlier protective orders, which Bowers and Kubota did not seek to have reviewed by this district judge.  The Ninth Circuit has ruled that "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *see also Glenbrook Homeowners Ass'n v. Tahoe Reg'l Planning Agency*, 425 F.3d 611, 619 (9th Cir. 2005); F. R. Civ. P. 72(a).

On February 10, 2020, the Magistrate Judge determined that certain "core documents" from the 16 Saakvitne investigations "are relevant to Defendants' statute of limitations affirmative defense to attempt to show knowledge of the breach at issue and relevant to Defendants' estoppel affirmative defense to show that Defendants appropriately exercised their fiduciary duties and should not have exercised any greater degree of care in dealing with and monitoring Saakvitne."  Order Following February 7, 2020 Hearing Re: Defendants Brian J. Bowers and Dexter C. Kubota's Motion to Compel Discovery, ECF No. 162, PageID # 3171.  The Magistrate Judge concluded "that a request limited to the production of the case opening form, the investigative plan, and the report of

12

investigation, without exhibits or appendices, for each investigation is proportionally appropriate to the needs of this case." *Id.* The Magistrate Judge ordered the Government to produce unredacted versions of those "core documents" or to submit to the court for *in camera* review any document for which the Government was asserting a privilege and to produce a privilege log to Bowers and Kubota with respect to the assertion of privileges. *Id.*, PageID #s 3172-73.

When Bowers and Kubota continued to seek discovery with respect to the prior Saakvitne investigations, the Government sought and obtained protective orders. *See* ECF Nos. 275 and 276. The Magistrate Judge reasoned that discovery with respect to the prior Saakvitne investigations would not show the Government's actual knowledge of or willful blindness to the ESOP transaction *in this case*. *Id.*, PageID # 6043. The Magistrate Judge allowed limited discovery with respect to information the Government had "obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP)." *Id.*, PageID # 6046. However, the Magistrate Judge granted a protective order with respect to other discovery pertaining to the 16 prior Saakvitne investigations. *Id.*, PageID # 6047. This protective order was not timely objected to.

The Magistrate Judge then similarly granted a protective order that limited deposition testimony with respect to the prior Saakvitne investigations to:

> (1) the scope of information reflected in the core documents[] produced for all Prior Saakvitne Investigations and (2) the scope of information reflected in the documents that Court ordered be produced by the Secretary no later than October 1, 2020, i.e., documents that reflect any information that the Secretary obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP).

*See* ECF No. 276, PageID # 6055.

Bowers and Kubota fail to demonstrate that the Magistrate Judge clearly erred or acted contrary to law in limiting the questioning of Prunty or Johnson with respect to prior Saakvitne investigations, including questioning about the July 2014 email concerning the Hot Dog on a Stick ESOP investigation.  The Magistrate Judge ruled:

> [The] requested information is outside the scope of the permissible deposition questions as previously ordered by the Court.  As detailed above, in its Protective Order, the Court expressly ruled that further documents and information regarding the Prior Saakvitne Investigations are not relevant to any parties' claims or defenses in this litigation and are not proportional to the needs of this case.  *See* ECF No. 275 at 13-16.  Further, this Court issued its Letter Briefs Order expressly limiting the permissible scope of deposition questions regarding the Prior Saakvitne Investigations

14

> to (1) the scope of information reflected in
> the core documents produced for all Prior
> Saakvitne Investigations and (2) the scope of
> information reflected in the declarations
> produced by the Secretary on October 1, 2020.
> *See* ECF No. 276.  The additional information
> that Defendants seek related to the Hot Dog
> on a Stick ESOP investigation is not
> "reflected in the core documents" for this
> investigation.

ECF No. 307, PageID #s 6194-95.

Because Bowers and Kubota failed to timely object to the underlying protective orders, ECF Nos. 275 and 276, they cannot now claim that those orders were improperly decided.  *See* Fed. R. Civ. P. 72(a).  Thus, to the extent their current objections argue that the Magistrate Judge should have determined that the prior Saakvitne investigations, including the July 2014 email, are relevant to their statute of limitations or estoppel defenses, that argument is foreclosed by the protective orders that determined that, except with respect to certain "core documents," information concerning the 16 prior Saakvitne investigations is not relevant.  Any attempt to object to the protective orders at this time is untimely, as it was not done within 14 days of service of the orders.  *See* Fed. R. Civ. P. 72(a).

Bowers and Kubota fail to show that additional questioning concerning the prior Saakvitne investigations, including the July 14 email, is within the scope of information reflected in "core documents" produced with respect to the prior

15

Saakvitne investigations or within the scope of information "reflected in the documents that Court ordered be produced by the Secretary no later than October 1, 2020, i.e., documents that reflect any information that the Secretary obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP)." *See* ECF No. 276, PageID # 6055.  In their letter brief of October 29, 2020, Bowers and Kubota argue that the redacted name of the EBSA employee on the email arises from the "core documents." *See* ECF No. 300, PageID # 6146.  However, Bowers and Kubota fail to demonstrate that the email was actually within the scope of information reflected in the "core documents," defined as the case opening form, the investigative plan, and the report of investigation, without exhibits or appendices, for each investigation.

Finally, Bowers and Kubota fail to demonstrate that the email reflected information "obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP)."  See ECF No. 276, PageID # 6055.

Because Bowers and Kubota fail to demonstrate that the discovery they seek is permitted under the protective orders,

they fail to demonstrate that the Magistrate Judge clearly erred or acted contrary to law in denying their requests for the discovery in issue.

**V.        CONCLUSION.**

The court affirms the Magistrate Judge's orders restricting the questioning of Prunty and Johnson about matters prohibited by the protective orders.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 8, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*Scalia v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER AFFIRMING DISCOVERY ORDERS, ECF NOS. 307 and 313