CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
JING ACOSTA
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-1145
F: (312) 353-5698
Chapa.Ruben@dol.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILTON AL STEWART,[1] Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased, *et al.*,<br><br>Defendants. | 1:18-cv-155-SOM-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO ENTER CONSENT JUDGMENT AND EXTEND DEADLINE TO TAKE SAAKVITNE DEFENDANTS EXPERTS DEPOSITIONS**<br><br>JUDGE: Hon. Susan Oki Mollway |

---

[1] By operation of law, Milton Al Stewart, Acting Secretary of Labor, is substituted for former Secretary of Labor Eugene Scalia. FED. R. CIV. P. 25(d).

**Table of Contents**

I.   INTRODUCTION ........................................................................................................ 1

II.   LEGAL DISCUSSION................................................................................................ 3

III.   CONCLUSION......................................................................................................... 10

## Table of Authorities

Page

Cases

*Am. States Ins. Co. v. Dastar Corp.,* 318 F.3d 881, 889–90 (9th Cir.2003)……..3

*AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 954 (9th Cir.2006) ……………………………………………………………………………….3

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1525 (9th Cir.1987)………………………………………………………………….4, 5

*Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872)…………...4

*In re First T.D. & Inv ., Inc.,* 253 F.3d 520, 532 (9th Cir. 2001)…………..……..4

*Jazz Casual, Inc. v. Byron,* 2012 WL 13059823, *3-4 (N.D. CA 2012)…..…....4

*Shanghai Automation Instrument Co. v. Kuei,* 194 F.Supp.2d 995, 1008 (N.D.Cal.2001)……………………………………………………………..4

*Call v. Sumitomo Bank*, 881 F.2d 626, 631 (9th Cir. 1989)………………………5

*Free v. Briody*, 732 F.2d 1331, 1332, 1336 (7th Cir. 1984)………………………5

*Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10–11, 100 S. Ct. 1460, 1466, 64 L. Ed. 2d 1 (1980)…………………………………………………..6

*Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980)..6

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)……7, 8

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)……………………………...…………7

*Bovarie v. Schwarzenegger*, 2011 WL 767249 *1 (S.D. Cal., Feb. 25, 2011)……….……………...8

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*,
 63 F.3d 1512, 1526 (9th Cir. 1995)……………………...………………….....8

Statutes and Rules

Fed. R. Civ. P. 16(d) ...……………………………………………………………….7

Fed. R. Civ. P. 54……………………………………………………………..3, 5, 6

I.      **INTRODUCTION**

The Secretary respectfully requests this Court enter the Consent Order and Judgment between the Secretary and Defendants Sharon Heritage, as successor to Nicholas L. Saakvitne, deceased, and Nicholas L. Saakvitne, a law corporation (collectively "Saakvitne Defendants") and extend the February 19, 2021 deadline, regarding the completion of the two expert depositions of Saakvitne Defendants experts Howard Kaplan and Renee McMahon. The Secretary and the Saakvitne Defendants have resolved their dispute and executed the Consent Order and Judgment submitted to the Court via email for its review and for entry of the Judgment.  The Saakvitne Defendants have also filed a Motion to Enter the Bar Order attached to the Consent Order and Judgment.   If the Court enters the Consent Order and Judgment and the  Bar Order, this will resolve this matter with respect to the Secretary's claims against the Saakvitne Defendants, making deposing the Saakvitne Defendants' experts moot.

This case involves complicated issues under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and involves potential damages in excess of $14,000,000.00. Litigation of this matter has involved extensive discovery, motion practice, cross motions for summary judgment, and the entry of numerous orders adjudicating disputes.  Extensive resources have been expended by all the parties and the court in adjudicating this matter.

Seeking a more efficient manner of resolving this litigation, on September 11, 2020, the Secretary sent a Settlement Proposal letter to all the defendants. Only the Saakvitne Defendants responded and attempted to seek an amicable resolution. As a result of the Secretary's and the Saakvitne Defendants' protracted negotiations, they were able to reach an agreement memorialized in the Consent Order and Judgment submitted to the Court with this Motion.

The foundation for the settlement was based on information and documents the Saakvitne Defendants provided to support their claim that their financial means to restore the losses to the ESOP are limited to a $3 million wasting insurance policy. As the Consent Judgment identifies the remainder of the policy limits (after payment of expended defense costs) are being used for the benefit of the ESOP under the terms of the Consent Order and Judgment. In order to prevent further deterioration of these monies, the Secretary and the Saakvitne Defendants believe it was prudent to postpone the depositions of the Saakvitne Defendants' experts, Mr. Kaplan and Ms. McMahon, until such time as the Court rules on the Motions to Enter the Consent Judgment and the Bar Order. If the Court enters the Consent Order and Judgment and the Bar Order, there will be no need to conduct the additional expert depositions, and all other expert discovery with respect to the remaining Defendants in this matter was completed on February 16, 2021.

Accordingly, this Court should enter the Consent Order and Judgment

between the Secretary and the Saakvitne Defendants and extend the February 19, 2021 deadline to take the depositions of Mr. Kaplan and Ms. McMahon in case the Court declines to enter the Consent Order and Judgment and the Bar Order. The Secretary requests that the time to complete the depositions be extended so it expires 21 days after any order that declines to enter the Consent Judgment and/or Bar Order included in the Consent Judgment.

## II.   LEGAL DISCUSSION

### A.   This Court has the authority to enter the Consent Judgment

Fed. R. Civ. P. 54 provides "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit has held Rule 54(b) permits a district court to enter judgment on "fewer than all" claims or parties where there is "no just reason for delay." Fed.R.Civ.P. 54(b); *Am. States Ins. Co. v. Dastar Corp.,* 318 F.3d 881, 889–90 (9th Cir.2003); *see generally* Wright and Miller, Fed. Prac. & Proc. Civ. § 2656 (4th ed.).  Further, the Ninth Circuit has held that reviewing the propriety of a district court's Rule 54(b) certification is a two-step process. *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 954 (9th Cir.2006). In the first step, the court reviews de novo "such factors as the interrelationship of the claims so as to prevent piecemeal appeals." *Id.* (quotation marks omitted). "The second step ... requires an

3

assessment of the equities [under] the 'substantial deference' standard, reversing the district court['s Rule 54(b) certification] only if we find the district court's conclusions clearly unreasonable." *Id.* Analyzing a Rule 54(b) judgment requires a "pragmatic approach" with focus "on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1525 (9th Cir.1987).

While the case law and the rules are clear on when a court can finalize a judgment, there are cases that hold default judgments against one party is not proper in certain circumstances if joint claims remain against non-defaulting party. The Supreme Court held that if a party is found in default, in certain circumstances default should be entered, but judgment withheld until there is adjudication against all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).[2] As identified by the court in *Jazz Casual, Inc. v. Byron,* 2012 WL 13059823, *3-4 (N.D. CA 2012), various courts have applied the certain circumstances differently, however, cases subsequent to **Frow** are clear that

---

[2] The Ninth Circuit recognizes that *Frow's* reasoning is not limited to claims asserting joint liability, but may extend to defendants who are "similarly situated." *In re First T.D. & Inv ., Inc.,* 253 F.3d at 532 (agreeing with the Eleventh Circuit's interpretation of *Frow* in *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.,* 740 F.2d 1499, 1512 (11th Cir.1984)); *see also Shanghai Automation Instrument Co. v. Kuei,* 194 F.Supp.2d 995, 1008 (N.D.Cal.2001) *("Frow's* applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.")

4

the key point "is to recognize that the *Frow* principle is designed to apply only when it is necessary that the relief against the defendants be consistent." *See* Wright et al., § 2690. For the following reasons *Frow* does not apply: this is a consent judgment not a default judgment; the Secretary's allegations against the Saakvitne Defendants and the other Defendants are not joint claims; and the Saakvitne Defendants have a limited amount of financial resources to satisfy the losses.

      Here, the Secretary is seeking a consent judgment not a default judgment. Therefore, both parties entering into this judgment are represented by counsel and have agreed to the terms. Further, the claims against the Saakvitne Defendants are not joint claims relating to any remaining defendant. The Saakvitne Defendants liability is premised on those parties' actions not the other parties' actions, therefore, resolving the Saakvitne Defendants' breaches have no bearing on any other defendant in this matter. Further, ERISA provides for joint and several liability. *see* ERISA Section 405(a)*,* 29 U.S.C. Section 1105(a)*; Call v. Sumitomo Bank*, 881 F.2d 626, 631 (9th Cir. 1989); *Free v. Briody*, 732 F.2d 1331, 1332, 1336 (7th Cir. 1984). Moreover, the limited amount of funding available from the Saakvitne Defendants justifies entry of this final judgment to ensure that the ESOP moves closer to being restored to the position it would have been in but for the fiduciary breach. *See* ERISA Section 409, 29 U.S.C. §

5

1109 (breaching fiduciary "personally liable to make good to such plan any losses to the plan resulting from each such breach."). Also of consequence is the longer the ESOP losses remain unavailable to the plan participants the greater harm to those participants who rely on those monies as retirement savings. Because the Consent Judgment addresses all claims against these particular defendants, this is a proper final judgment under Fed.R.Civ.P. 54(b). *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1524 (9th Cir. 1987) ("Rule 54 requires a certifiable judgment finally to resolve *at least one claim in a multiple-claim action* or finally to adjudicate the position of at least one party to a multiple-party action.")

The Supreme Court held there are no set guidelines on what constitutes "just reason for delay," under Fed. R. Civ. P. 54(b) holding "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow." *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10–11, 100 S. Ct. 1460, 1466, 64 L. Ed. 2d 1 (1980); *see generally* Wright and Miller, Fed. Prac. & Proc. Civ. § 2659 (4th ed.). An example of a reasoning to support a finding that there is "no just reason for delay," includes recognizing "the danger that delay in issuing final judgment might prejudice [plaintiff's] ability to collect on its judgment because of [defendant's] precarious financial position." *Bank of Lincolnwood v. Fed.*

*Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).

    The Saakvitne Defendants have provided the Secretary financial declarations under oath setting forth their limited financial means. Further, in reliance on the information provided by the Saakvitine Defendants, the Secretary determined that with respect to the Saakvitne Defendants, given the only source for loss restoration was its wasting insurance policy, it was in the best interest of the ESOP participants to resolve the matter to maximize the loss restoration to the Plan. Entering a final judgment in this matter would enable the restoration of losses to the ESOP. This in turn would allow the ESOP to allocate the monies to the harmed ESOP participants' retirement accounts. Denying the Consent Order and Judgment will only result in diminishing the amount to be restored to the harmed ESOP participants. Therefore, the Secretary contends there is no just reason for delay because the Saakvitne Defendants are no longer contesting this case, their ability to restore losses is limited, and removing them from the litigation will narrow the issues for trial.

    **B.    This Court has the authority to extend the expert deposition deadline.**

    "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Civ. P. 16(d). "The district court is given broad discretion in supervising the pretrial phase of litigation."

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

Here, where good cause is overwhelmingly abundant, an extension to complete the two expert depositions, if necessary is efficient and well within this Court's authority.

    **C.    Extending discovery deadlines is necessary to prevent the unnecessary expenditures of time and money by the court and the parties.**

"The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "The most relevant factor in determining whether good cause exists is whether the party requesting an extension of time can show that the existing deadlines could not be met despite the party's diligence." *Bovarie v. Schwarzenegger*, 2011 WL 767249, *1 (S.D. Cal., Feb. 25, 2011).

The Ninth Circuit listed other factors that it deems relevant to the question of whether a pre-trial order should be modified: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *U.S. ex rel.*

8

*Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), judgment vacated on other grounds, 520 U.S. 939, 117 S. Ct. 1871, 138 L. Ed. 2d 135 (1997).

The current deadline to complete expert discovery is February 19, 2021. [Dkt. 347.] The scheduled trial date is still months away. This Motion is agreed to by the Saakvitne Defendants and opposed by Defendant Bowers, Defendant Kubota, and Defendant Bowers + Kubota Consulting, Inc. The non-moving parties would not be prejudiced because the Consent Order and Judgment only relates to the Secretary and the Saakvitne Defendants and is consistent with the law, the non-moving parties never disclosed the Saakvitne Defendants' experts as their experts, and if the Consent Order and Judgment is entered all parties save the expense incurred by participating in these additional two expert depositions. If the Consent Judgment is not entered then the non-moving parties still have the opportunity to participate in the expert depositions if the Secretary decides on taking them. Furthermore, the Parties have been diligent in obtaining discovery within the guidelines established by this Court. All fact depositions have been completed and all expert depositions, excluding Mr. Kaplan and Ms. McMahon, were completed on February 16. It is unlikely that additional discovery will be needed following these two depositions. As the Saakvitne Defendants are likely to call these two witnesses to testify at trial, the depositions should result in the compilation of

relevant evidence.

The Secretary proposes that if the Consent Order and Judgment between the Secretary and Saakvitne Defendants is not entered, the Secretary be granted 21 days from the date the court declines to enter the Consent Order and Judgment to complete any depositions of Mr. Kaplan and Ms. McMahon he decides to take.

### III. CONCLUSION

WHEREFORE, the Secretary respectfully requests this Court grant his motion to enter the Consent Order and Judgment between the Secretary and Saakvitne Defendants as a final judgment, Extend Deadlines for the taking of any depositions of Mr. Kaplan and Ms. McMahon that the Secretary decides to take, and for such other relief as the Court deems proper.

Dated: February 19, 2021

Respectfully submitted,

**ELENA S. GOLDSTEIN**
Deputy Solicitor

**CHRISTINE Z. HERI**
Regional Solicitor


/s/ Ruben R. Chapa
**RUBEN R. CHAPA**
ERISA Counsel

Attorneys for MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor, Plaintiff