IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 18-00155 SOM-WRP ORDER AFFIRMING MAGISTRATE JUDGE ORDERS DENYING MOTION FOR FINDING OF CONTEMPT AND IMPOSITION OF SANCTIONS |
| Plaintiff, | | |
| vs. | | |
| NICHOLAS L. SAAKVITNE, an individual; NICHOLAS L. SAAVITNE, A LAW CORPORATION, a California Corporation; BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | | |
| Defendants. | | |

**ORDER AFFIRMING MAGISTRATE JUDGE ORDERS DENYING MOTION FOR FINDING OF CONTEMPT AND IMPOSITION OF SANCTIONS**

**I.        INTRODUCTION.**

Brian Bowers and Dexter C. Kubota operated a company, Bowers + Kubota Consulting, Inc.  Bowers and Kubota created an Employee Stock Ownership Plan called Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan (the "ESOP"), which allegedly paid more money for ownership of the company than it was worth.

In relevant part, the Government brought this action claiming that the sale violated the Employee Retirement Income Security Act of 1974.  The present appeal arises out of one of the numerous discovery disputes in this case.  Bowers and Kubota

seek a determination that the Government is in contempt of a Magistrate Judge order concerning discovery and related sanctions.  The Magistrate Judge denied the motion and subsequent reconsideration motion.  This appeal followed.  This court affirms.

**II.      BACKGROUND.**

This case is set for a nonjury trial on June 22, 2021, less than three months from now.  *See* ECF No. 202, PageID # 4006.

The Amended Rule 16 Scheduling Order of May 15, 2020, set the following discovery deadlines for the case:

> The deadline for written fact discovery shall be August 3, 2020; the deadline for other fact discovery, including depositions, shall be October 23, 2020. . . . Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR 26.1, 26.2[, and] 37.1[,] shall be heard no later than thirty (30) days prior to the applicable discovery deadline.

*See* ECF No. 202, PageID # 4008.

On or about June 29, 2020, Bowers and Kubota sent the Government document requests and interrogatories.  Among other things, Bowers and Kubota sought discovery pertaining to Government investigations into actions by their ESOP's trustee, Nicholas L. Saakvitne, and his law firm relating to Employee Stock Ownership Plans set up by companies unrelated to Bowers and Kubota.  *See* ECF Nos. 247-4 and 247-5.

2

On July 29, 2020, the Government moved for a protective order with respect to the discovery requests. *See* ECF No. 246. On August 3, 2020, Bowers and Kubota opposed that motion and filed a cross-motion to compel. *See* ECF No. 254.

On September 19, 2020, the Magistrate Judge granted those motions in part and denied the motions in part. *See* ECF No. 275. The Magistrate Judge ruled that the Government's prior investigations with respect to Saakvitne were not relevant to this action. The Magistrate Judge reasoned that, to the extent discovery into those prior investigations was sought on the ground that they might show the Government's actual knowledge of or willful blindness to Saakvitne's allegedly wrongful conduct (matters allegedly important for a statute of limitations issue), the discovery sought would not shed light on actions taken with respect to the ESOP transaction in this case. *See id.*, PageID # 6043. The Magistrate Judge did not determine that every request was irrelevant:

> The court agrees with Defendants that they are entitled to discover when, in fact, the Secretary learned of the ESOP transaction at issue in this litigation. . . . However, Defendants do not seek targeted discovery aimed at determining when the Secretary learned about the alleged ERISA violations for the ESOP transaction at issue in this litigation. Instead, the discovery requests at issue seek broad information and numerous documents from all of the Prior Saakvitne Investigations that are entirely unrelated to the transaction at issue in this litigation.

*Id.*, PageID # 6044 (citation omitted).  The Magistrate Judge also ruled that the discovery requests were not proportional to the needs of the case.  *Id.*  The Magistrate Judge therefore granted the request for a protective order limiting discovery with respect to the prior Saakvitne investigations.

> Ultimately, the Magistrate Judge determined that
>
> limited further discovery into what information, if any, that the Secretary learned about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations that involved an ESOP and that were opened before October 2014 is appropriate.  However, the Court also understands that the deadline to serve written discovery has passed.  *See* ECF No. 226.  In an effort to avoid further litigation regarding this category of documents, the Court DIRECTS the Secretary to produce to Defendants all documents that reflect any information that the Secretary obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP).  If no such documents or information exists, the Secretary shall provide a declaration to Defendants so stating.  To the extent the Secretary claims any privilege regarding this narrow group of documents, the Secretary shall produce a privilege log and the necessary declarations to support the claimed privileges on October 1, 2020.

*Id.*, PageID #s 6046-47.  In so ruling, the Magistrate Judge noted that the discovery deadline with respect to written fact discovery had passed on August 3, 2020, and noted that any party seeking to reopen that deadline might face difficulties given the

4

delay in serving discovery and filing the motion to compel discovery.  *Id.*, PageID # 6046-47 n.3.

On or about September 28, 2020, Robert Prunty, "the investigator of the Hot Dog on a Stick Employee Stock Ownership Plan," submitted a declaration responsive to the September 19, 2020, order.  That declaration stated, "I do not recall the Bowers + Kubota Consulting, Inc. ESOP ever coming up during the investigation of the Hot Dog on a Stick ESOP.  I recall that the individuals involved in identifying for investigation the Bowers + Kubota Consulting, Inc. ESOP were not involved in the Hot Dog on a Stick ESOP investigation."  ECF No. 396-3, PageID #s 8955-56.  Prunty says he conducted a search for the records required by the Magistrate Judge, finding no responsive documents.  *Id.*, PageID # 8956.

At a continued deposition on November 24, 2020, Prunty explained that he had searched his email and the electronic case file, but not the emails of other Government investigators and supervisors.  *See* ECF No. 409-4, PageID #s 9087-88.  Prunty said he had used keywords such as Bowers, HDOS, and hot dog to electronically search for the documents, taking about an hour to do so.  *Id.*, PageID # 9089.  Prunty conceded that his use of key words to search for responsive documents would not have discovered any document with a handwritten note responsive to the order.  *Id.*, PageID # 9092.  Prunty further conceded that he did

5

not search other individual's computer hard drives, although he explained that the electronic case file was stored on a network. In other words, while other Government employees' computers had hard drives to which information could be saved, Government employees apparently used a networked drive to save information. *Id.*, PageID #s 9094-95.

On or about December 8, 2020, Bowers and Kubota sent electronic correspondence to the Government, arguing that Prunty's search was insufficient and requesting a telephone conference.  *See* ECF No 409-5.

Apparently, at the meet-and-confer conference, the Government offered to consider running additional searches if Bowers and Kubota provided a list of search terms.  On or about December 15, 2020, Bowers and Kubota sent electronic correspondence to the Government with those search terms, as well as a list of all the places they wanted searched.  *See* ECF No. 409-6.  On December 17, 2020, the Government responded with a counterproposal to search for responsive documents, saying that, if Bowers and Kubota agreed to the counterproposal, they should tell the Government that by December 21, 2020.  *See* ECF No. 409-7.  The Government appears to have notified Bowers and Kubota that hard copies of the documents were located in an archive that was unaccessible because of COVID-19 restrictions.  *See* ECF No. 409-8.  On January 3, 2021, Bowers and Kubota accepted most of

the counterproposal, but disagreed with respect to a couple of points.  They asked for an independent third-party to conduct the searches.  *See* ECF No. 409-8.  On January 12, 2021, Bowers and Kubota asked the Government whether it intended to respond to their letter of January 3, 2021.  *See* ECF No. 409-9.  The record does not include a Government response, and Bowers and Kubota filed their Motion for Contempt and For Sanctions on February 3, 2021.

       The Bowers and Kubota motion asked for two kinds of relief:

> 1. The Court impose evidentiary sanctions under Rule 37(b)(2)(A)(i) and (ii), establishing as fact that Nicholas Saakvitne's involvement as Trustee of the B+KC ESOP in the December 14, 2012 ESOP Transaction was revealed to the Department of Labor in the Hot Dog on a Stick investigation no later than July 2014 and preventing the Secretary of opposing that fact; and
>
> 2. Sanctions in the form of an award of attorneys fees related to its efforts to compel discovery and impose sanctions against the Secretary under Rule 37(b)(2)(C) in an amount to be proven at the time of the award.

ECF No. 374, PageID # 7720.  Bowers and Kubota argued that sanctions were appropriate under Rule 37 of the Federal Rules of Civil Procedure and under the court's inherent power.  *See* ECF No. 375, PageID # 7740.

       On February 5, 2021, the Magistrate Judge denied the sanctions motion via a Minute Order, reasoning that Bowers and

Kubota had failed to move to reopen the discovery deadlines and that they had not been diligent in filing the motion for a determination of contempt and the imposition of sanctions. *See* ECF No. 377.

On February 17, 2021, Bowers and Kunota sought reconsideration of the minute order. *See* ECF No. 396.

On February 23, 2021, the Magistrate Judge denied the reconsideration motion, viewing Bowers and Kubota's mere disagreement with the order as insufficient to justify reconsideration. *See* ECF No. 403, PageID # 9034. The Magistrate Judge noted that Bowers and Kubota's motion for contempt was untimely and that they had not been diligent in filing it, as the deadline to file motions concerning written discovery had long passed. *Id.* He further noted that Bowers and Kubota had waited 10 weeks after finding out the factual basis for the motion before filing it.

This appeal followed, but is limited to discovery related to the Hot Dog on a Stick ESOP investigation. *See* ECF No. 409.

### III.     STANDARD OF REVIEW.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to object to a nondispositive magistrate judge order "within 14 days after being served with a copy" of it. Fed. R. Civ. P. 72(a). It further provides, "A party may not assign as error a defect in the order not timely objected to." *Id.*

Under 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." *See also Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991) (stating that § 636(b)(1) "provides that the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"). The Ninth Circuit has explained, "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination. The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted).

The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (stating that, in reviewing for clear error, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed" (quotation marks and citation omitted)); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)).

In case it might be argued that the Magistrate Judge was issuing dispositive rulings for which, instead of orders, findings and recommendations should have issued, this court notes

that it would reach the same result if the Magistrate Judge had issued findings and recommendations subject to de novo review rather than orders reviewable for clear error or as contrary to law.[1]

**IV.      ANALYSIS.**

   **A.    Bowers and Kubota Were Not Diligent in Seeking the Discovery at Issue.**

Bowers and Kubota waited more than two years after the filing of the Complaint on April 27, 2018, to send the Government the document requests and interrogatories at issue here. Those requests, sent on June 29, 2020, sought discovery pertaining to the Government's prior investigations into Saakvitne and his law firm. *See* ECF Nos. 247-4 and 247-5. There is no dispute that Bowers and Kubota failed to timely move to compel compliance with the discovery requests. The Amended Rule 16 Scheduling Order, dated May 15, 2020, set the following discovery deadlines for the case:

---

[1] The Magistrate Judge's issuance of orders may well be correct. Orders imposing monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure, for example, are deemed nondispositive and thus matters that a magistrate judge may impose by order. *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) ("we find that the Rule 11 sanctions imposed here are non-dispositive matters properly ordered by the magistrate and reviewed by the district court for clear error"). The Ninth Circuit has also held that "magistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

> The deadline for written fact discovery shall be August 3, 2020; the deadline for other fact discovery, including depositions, shall be October 23, 2020. . . . Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR 26.1, 26.2[, and] 37.1[,] shall be heard no later than thirty (30) days prior to the applicable discovery deadline.

*See* ECF No. 202, PageID # 4008. Accordingly, any discovery motion pertaining to written discovery had to be filed in time to allow a hearing at least 30 days before August 3, 2020. Bowers and Kubota did not file a motion to compel until August 3, 2020. *See* ECF No. 254.

In the original order denying Bowers and Kubota's motion for sanctions, the Magistrate Judge noted that the discovery deadline for filing motions had passed and that Bowers and Kubota had not sought to reopen the deadline before filing the motion. *See* ECF No. 377, PageID # 7799. To the extent that the motion for sanctions can be construed as an independent motion to compel, the Magistrate Judge correctly reasoned that it was untimely.

Bowers and Kubota also show no clear error in the Magistrate Judge's determination that they failed to diligently file the present motion. Bowers and Kubota waited ten weeks after the Prunty deposition to file the motion. *See* ECF No. 403, PageID # 9035. While Bowers and Kubota worked with the

12

Government in December 2020 in connection with the discovery dispute, some of the delay in 2021 can be attributed to them. For example, Bowers and Kubota waited until February 3, 2021, to file their contempt/sanctions motion after receiving no response to a letter they sent on January 3, 2021.  *See* ECF No. 374 (filed February 3, 2021).  With the deadline to file motions pertaining to discovery having passed and trial set to begin June 22, 2021, this court cannot say that this demonstrates diligence.

        **B.**    **The Court Has Inherent Authority to Enforce its Own Orders.**

Because Bowers and Kubota sought sanctions under Rule 37, the Magistrate Judge correctly noted that such a motion was untimely.  However, their motion could be viewed as one to enforce the court's order of September 19, 2020.  There is no dispute that the court has the power to enforce its own orders.  *See* ECF No. 275.  In that order, the Magistrate Judge granted the Government's request for a protective order limiting discovery with respect to the prior Saakvitne investigations.  *Id.*, PageID # 6047.  However, the Magistrate Judge directed the Government "to produce to Defendants all documents that reflect any information that the Secretary obtained about the Bowers + Kubota Consulting, Inc. ESOP during the two Prior Saakvitne Investigations involving an ESOP that were opened before October 2014 (Kennedy Fabricating, Inc. ESOP and Hot Dog on a Stick ESOP)."  *Id.*, PageID # 6046.

13

Although Bowers and Kubota argue that the Government failed to comply with that order, they do not establish such noncompliance.  First, the Government's lead investigator with respect to the Hot Dog on a Stick ESOP stated that he did not "recall the Bowers + Kubota Consulting, Inc. ESOP ever coming up during the investigation of the Hot Dog on a Stick ESOP."  ECF No. 396-3, PageID # 8956.  He further stated that different individuals were involved in investigating the two ESOPs.  *Id.*  Bowers and Kubota argue that his search of the electronic file was insufficient because it used too few search terms and did not search handwritten notes or the hard drives of other persons involved with the investigation.  This court cannot conclude that the search was so deficient as to hold the Government in contempt and sanction it for its conduct.  Instead, the court determines that the search was reasonable under the circumstances, especially given the lack of access to the archived hard copies of the files during the ongoing pandemic.

While not technically a modification of the Magistrate Judge's orders, in the interests of ending the current dispute and in furtherance of ruling on the merits of the case based on available discovery, the court orders the Government to do that which it previously offered to do.  Unless the Government informs the court in writing no later than April 9, 2021, that a further search would be unduly burdensome, the Government must search for

responsive documents in the manner proposed in its letter of December 17, 2020.  *See* ECF No. 396-7.  No later than April 23, 2021, the Government shall: 1) produce responsive documents and information with respect to the discovery searches identified in the communication of December 17, 2020, filed as ECF No. 396-7; 2) provide a declaration stating that all responsive documents and information ordered to be produced have been produced; and 3) produce a privilege log and the necessary declarations to support any claimed privilege(s) with respect to documents or information withheld based on privilege.  Given what appears to be COVID-19 concerns, the Government need not search the archived hard copies of the Hot Dog on a Stick ESOP investigation.

Bowers and Kubota must live with the results of the Government's additional searches unless they can establish without further discovery that the Government acted in bad faith with respect to the additional searches.  That is, the court is not contemplating any further discovery relating to those results.  At this point, the parties should focus their efforts on trial preparation.

**V.      CONCLUSION.**

The court affirms the Magistrate Judge's denial of Bowers and Kubota's motion for determination of contempt and imposition of sanctions.  However, in the interest of reaching the merits of this case without further litigation, the court

orders the Government to conduct further searches of its files as it proposed in its correspondence of December 17, 2020, unless somehow the passage of time makes those proposed searches now unduly burdensome.  See ECF No. 396-7.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, April 2, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Stewart v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER AFFIRMING MAGISTRATE JUDGE ORDERS DENYING MOTION FOR FINDING OF CONTEMPT AND IMPOSITION OF SANCTIONS