CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
ELISABETH NOLTE
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-7837
F: (312) 353-5698
Nolte.Elisabeth.P@dol.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. WALSH,[1] Secretary of Labor, United States Department of Labor,<br><br>              Plaintiff,<br><br>      vs.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased, *et al.*,<br><br>              Defendants. | 1:18-cv-155-SOM-WRP<br><br>**MEMORANDUM IN SUPPORT OF SECRETARY'S MOTION *IN LIMINE* NO. 1: EXCLUSION OF EXPERT TESTIMONY AND REPORTS OF HOWARD L. KAPLAN AND RENEE R. MCMAHON**<br><br>JUDGE: Hon. Susan Oki Mollway |

---

[1] By operation of law, Martin J. Walsh, Secretary of Labor, is substituted for former Acting Secretary of Labor Milton Al Stewart. Fed. R. Civ. P. 25(d).

# Table of Contents

I.    INTRODUCTION.............................................................................................1

II.   FACTUAL BACKGROUND ........................................................................1

III.  LEGAL DISCUSSION ...................................................................................4

    A.   DEFENDANTS BOWERS AND KUBOTA DID NOT TIMELY DISCLOSE THE IDENTITIES OR REPORTS OF MCMAHON AND KAPLAN, AND THEIR FAILURE TO DO SO WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS.................................................4

    B.   THE REPORTS AND TESTIMONY OF MCMAHON AND KAPLAN ARE NEEDLESSLY CUMULATIVE, SUBSTANTIALLY OUTWEIGHING ANY PROBATIVE VALUE..................9

       1.   McMahon's report and anticipated testimony is duplicative of the reports and testimony of Rusk and Pia........................................................................10

       2.   Kaplan's report and anticipated testimony is duplicative of the report and testimony of Brown...........................................................................................14

    C.   PROHIBITING DEFENDANTS FROM USING MCMAHON AND SAAKVITNE AS THEIR OWN EXPERTS IS CONSISTENT WITH PUBLIC POLICY. .............................................17

    D.   MCMAHON'S AND KAPLAN'S REPORTS ARE INADMISSIBLE HEARSAY TO WHICH NO EXCEPTION APPLIES. .......................................................................................19

IV.   CONCLUSION ..............................................................................................22

# Table of Authorities

## Cases

*Barabin v. Scapa Dryer Felts, Inc.*, Case No. C07-1454, 2015 WL 12743881 (W.D. Wash. Mar. 30, 2018) .................................................................9

*Cantu v. United States*, Case No. 14-00219,  2015 WL 12743881 (C.D. Cal. Apr. 6, 2015) ...........................................................................................9

*Davis v. United States*, Case No. 07-00461, 2009 WL 10702627 (D. Haw. Apr. 24, 2009) ...............................................................................................9

*Durham v. County of Maui*, 804 F. Supp. 2d 1068 (D. Haw. 2011) .......................19

*Escobar v. AirBus Helicopter SAS*, No. 13-00598, 2016 WL 6024441 (D. Haw. Oct. 4, 2016) ...........................................................................................19

*FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023 (E.D. Cal. 2002).........................17

*Giles v. Inflatable Store, Inc.*, Case No. 07-cv-00401, 2009 WL 801729 (D. Colo. Mar. 24, 2009) ................................................................................ 17, 18

*Goodman v. Staples Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011)............4

*Hunt v. City of Portland*, 599 Fed. Appx. 620 (9th Cir. 2013) (unpub.).................19

*Jones ex re. United States v. Mass. Gen. Hosp.*, 780 F.3d 479 (1st Cir. 2015).......19

*Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995) ......................................20

*Larez v. City of L.A.*, 946 F.2d 630 (9th Cir. 1991) ................................................21

*R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240 (9th Cir. 2012)......................5

*Salgado v. Iqvia, Inc.*, 459 F. Supp. 3d 1318 (S.D. Cal. 2020) ..............................19

*Televisa, S.A. de C.V. v. Univision Comms., Inc.*, 635 F. Supp. 2d (C.D. Cal. 2009) ......................................................................................................21

*United States v. Carreno*, 363 F.3d 883 (9th Cir. 2004) ........................................21

*United States v. Marabelles*, 724 F.2d 1374 (9th Cir. 1984)..................................10

*Wilson v. City of L.A.*, Case No. 18-5775, 2020 WL 7711836 (C.D. Cal. July 20, 2020) ........................................................................................................21

*Wolt v. Sherwood, Div. of Harsco Corp.*, 28 F. Supp. 1568 (D. Utah 1993) ..........17

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001).........5

## Rules

Fed. R. Civ. P. 26(a)(2)(A), (B)................................................................................4

Fed. R. Civ. P. 37(c)(1)..............................................................................................5

Fed. R. Evid. 403 .......................................................................................................9

Fed. R. Evid. 801(d)(2) ............................................................................................20

Fed. R. Evid. 802 .....................................................................................................19

Fed. R. Evid. 803 .....................................................................................................20

Fed. R. Evid. 807(a)..................................................................................................21

## I.      INTRODUCTION

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") respectfully requests this Court enter an Order excluding Defendants Brian J. Bowers and Dexter C. Kubota ("Defendants") from introducing the expert testimony (via declaration or otherwise) and reports of Howard L. Kaplan and Renee R. McMahon at trial.

As discussed below, Defendants Bowers and Kubota should be prohibited from calling Kaplan and McMahon as expert witnesses or submitting their reports because Defendants Bowers and Kubota failed to designate Kaplan and McMahon as experts they were proffering until three months after the deadline to do so. Further, the opinions of Kaplan and McMahon are needlessly cumulative of the opinions of Brown, Rusk, and Pia, and therefore offer little to no probative value. The strong public policy in favor of settlement also supports the exclusion of the testimony and reports of Kaplan and McMahon. Finally, Kaplan's and McMahon's reports constitute inadmissible hearsay, and Defendants cannot meet their burden of establishing an exception or exemption to the rule against hearsay.

## II.     FACTUAL BACKGROUND

This case arises from the sale of 100% of the shares of Bowers + Kubota Consulting, Inc. ("B+K")  stock to the B+K Employee Stock Ownership Plan ("ESOP") for the inflated price of $40 million. As relevant here, the Secretary

alleges the ESOP paid significantly more than fair market value for the B+K stock and that Defendants Bowers and Kubota violated their fiduciary duties by orchestrating the excessive transaction. The parties retained experts to opine on whether the ESOP transaction was carried out prudently and consistent with the Defendants' fiduciary duties (hereinafter referred to as "prudence experts"), and experts to opine on the value of the company at the time of the ESOP transaction on December 14, 2012 (hereinafter referred to as "valuation experts").

The Amended Rule 16 Scheduling Order directed Defendants to provide their expert disclosures by November 19, 2020.[2] ECF 202 at 2. The parties were ordered to disclose the identity and written report of any experts who may be called solely to contradict or rebut another party's expert within thirty days after disclosure by the other party. ECF 202 at 2. On November 19, 2020, Defendants Bowers and Kubota identified Gregory K. Brown as a prudence expert, and provided his report. *See* DOL Ex. 721.[3] That same day, Defendant Bowers identified Ian C. Rusk as his valuation expert and provided his report, and Defendant Kubota identified Kenneth J. Pia, Jr. as his valuation expert. *See* DOL

---

[2] The Amended Rule 16 Scheduling Order directed the Secretary to provide his expert disclosures by October 19, 2020. ECF 202 at 2. The Secretary timely identified his experts and produced their reports.

[3] All citations to expert reports are to excerpts of relevant pages from the cited report.

Ex. 709; DOL Ex. 729. Defendant Kubota provided Pia's report on November 29, 2020. *See* DOL Ex. 728.

The Saakvitne Defendants retained Kaplan as their prudence expert and McMahon as their valuation expert. The Saakvitne Defendants timely provided both experts' reports, which included rebuttals to the Secretary's experts. *See* Ex. A; Ex. B. Defendants Bowers and Kubota received the Secretary's September 11, 2020 settlement letter sent to all Defendants, so were aware that settlement discussions were occurring, but did not join in the Saakvitne Defendants' designation of Kaplan and McMahon.

On February 15, 2021, counsel for Defendant Bowers and Kubota and counsel for the Saakvitne Defendants met and discussed that the Secretary and the Saakvitne Defendants had reached a settlement in principle resolving the claims against the Saakvitne Defendants. The next day, Defendants Bower and Kubota were advised that the depositions of Kaplan and McMahon scheduled for that week were canceled to avoid the costs to all the parties. On February 16, 2021, after the depositions had already been canceled, Defendants Bowers and Kubota indicated for the first time a desire to use the reports of Kaplan and McMahon in any way. *See* Ex. C at 1-2. On February 19, 2021, in response to a question by counsel for the Secretary, Defendants Bowers and Kubota made clear they intended to designate Kaplan and McMahon as their own experts. *See* Ex. D at 1.

## III.   LEGAL DISCUSSION

### A. Defendants Bowers and Kubota did not timely disclose the identities or reports of McMahon and Kaplan, and their failure to do so was not substantially justified or harmless.

Pursuant to Federal Rule of Civil Procedure 37, the Court should prohibit Defendants Bowers and Kubota from calling McMahon and Kaplan as expert witnesses or using their reports because they failed to timely designate McMahon and Kaplan as their own experts. Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any witness they may call at trial to give expert testimony and produce a written report if that expert witness was retained to provide expert testimony in the case or is an employee whose duties regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(A), (B). Expert disclosures must be made at the time and in the sequence ordered by the court. Fed. R. Civ. P. 26(a)(2)(D). Parties are required to supplement their expert disclosures in a timely manner if they learn the disclosure is incomplete or incorrect in a material way. Fed. R. Civ. P. 26(a)(2)(E), (e).

Rule 37 "'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Specifically, Rule 37 provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

> witness to supply evidence on a motion, at a hearing, or at a trial, unless
> the failure was substantially justified or is harmless. In addition to or
> instead of this sanction, the court, on motion and after giving an
> opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including
>> attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the
>> orders listed in Rule 37(b)(2)(A)(i) to (vi).

Fed. R. Civ. P. 37(c)(1). Sanctions for failure to make or supplement expert disclosures under Rule 37(c)(1) are "self-executing, automatic," and designed to "provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37(c) advisory committee's note (1993)). District courts have "particularly wide latitude" in exercising their discretion to issue sanctions under Rule 37(c)(1). *Id.* Defendants Bowers and Kubota, as the party facing sanctions, bear the burden of proving their failure to meet the requirements of Rule 26(a)(2) is substantially justified or harmless. *See id.* at 1107; *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Here, Defendants Bowers and Kubota made no attempt to designate McMahon and Kaplan until three months after their deadline to do so. Defendants were required to identify and disclose the report of any expert they intended to use

in their case-in-chief or in rebuttal to the Secretary's experts[4] by November 19, 2020. ECF No. 202 at 2. The only experts timely designated by Defendants Bowers and Kubota on November 19, 2020, were Brown, Rusk, and Pia. Defendants Bowers and Kubota did not join in the Saakvitne Defendants' designation of Kaplan and McMahon as experts nor make any attempt to retain Kaplan or McMahon as their own experts on November 19, 2020, or at any point in the three months that followed, despite the extensive discovery the parties conducted during that time. It was only after the Secretary and Saakvitne Defendants resolved their dispute and cancelled the depositions of Kaplan and McMahon that Defendants Bowers and Kubota belatedly attempted to designate Kaplan and McMahon as their own experts on February 19, 2021. Defendants Bowers and Kubota therefore violated Rule 26's disclosure requirements with regard to Kaplan and McMahon by failing to timely identify them as expert witnesses.

Defendants Bowers and Kubota cannot meet their burden of establishing their failure was substantially justified or harmless. Defendants Bowers and Kubota have offered no justification for their untimely designation of Kaplan and

---

[4] Because the Secretary timely disclosed his experts on October 19, 2021, and Defendants were required to disclose their rebuttal experts 30 days thereafter [ECF No. 202 at 2], Defendants' deadline to disclose the identity and report of any rebuttal experts was November 19, 2021.

McMahon. Defendants Bowers and Kubota cannot claim they were unaware of their ability to join in the expert designations of their co-Defendants because Defendant Bowers, Defendant Kubota, and Defendant B+K have joined in each other's objections and other filings numerous times throughout the course of this litigation. *See, e.g.*, ECF Nos. 244, 362, 400, 402, 410, 418. Had Defendants Bowers and Kubota intended to use McMahon and Kaplan as their own experts, they could have jointly designated McMahon and Kaplan with the Saakvitne Defendants. Further, Defendants Bowers and Kubota were aware since September 11, 2020, that any party could resolve their matter with the Secretary resulting in their experts not being used at trial. There is no excuse for their failure to follow the rules.

Further, the Secretary is substantially harmed by their late designation of Kaplan and McMahon. The Secretary and Saakvitne Defendants reached an agreement to resolve the Saakvitne Defendants' liability on February 16, 2021. Relying on the fact that the Saakvitne Defendants alone had designated McMahon and Kaplan as experts, and that Defendants Bowers and Kubota had not suggested they would designate McMahon and Kaplan as their experts at any point prior, the Secretary and Saakvitne Defendants determined to cancel the depositions of McMahon and Kaplan scheduled for February 17 and 18, 2021, to save time and resources for all parties and the Court given the settlement in principle. *See* Ex. C

7

at 1; Ex. D at 5-6. It was only after the depositions were canceled that Defendants Bowers and Kubota attempted to retroactively designate McMahon and Kaplan as their own experts. Ex. D at 1. In his Motion for Entry of Consent Judgment Between the Secretary and Saakvitne Defendants and Extend Deadline to Take Saakvitne Defendants Experts' Depositions [ECF No. 397], the Secretary requested the Court extend deadlines to depose McMahon and Kaplan. Magistrate Judge Porter denied the Secretary's request [ECF No. 406], so the Secretary has not had and will not have an opportunity to depose Kaplan and McMahon. The Secretary would be harmed if Defendants Bowers and Kubota were permitted to call Kaplan and McMahon as witnesses and use their reports because the Secretary is unable to conduct full and fair discovery into the opinions of Kaplan and McMahon. This harm would result directly from the Secretary's reliance on the fact that Defendants Bowers and Kubota had not designated Kaplan and McMahon as their own experts, or suggested in any way their intent to do so, until after the agreement with the Saakvitne Defendants was reached and the depositions of Kaplan and McMahon canceled.

Because Defendants Bowers and Kubota failed to timely designate McMahon and Kaplan as their experts in violation of Rule 26(a)(2) and (e), and cannot prove their failure was substantially justified or harmless, Rule 37 requires they be prohibited from calling McMahon and Kaplan to testify at the trial or

submitting their reports into evidence.

**B. The reports and testimony of McMahon and Kaplan are needlessly cumulative, substantially outweighing any probative value.**

The testimony and reports of McMahon and Kaplan should be excluded under Federal Rule of Evidence 403 because they are needlessly cumulative of Defendants' other experts and have little to no additional probative value. Under Rule 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts in the Ninth Circuit have looked to the following factors in determining whether expert testimony is needlessly cumulative: whether the experts have similar qualifications; whether the experts will testify about the same or similar issues; whether they rely on the same information in formulating their opinions; and whether they have similar approaches in opining on an issue. *Cantu v. United States*, Case No. 14-00219, 2015 WL 12743881, at *7 (C.D. Cal. Apr. 6, 2015); *Barabin v. Scapa Dryer Felts, Inc.*, Case No. C07-1454, 2015 WL 12743881 (W.D. Wash. Mar. 30, 2018) (excluding expert testimony that was substantially similar to that of another expert despite their different qualifications because they provided similar opinions, considered the same evidence, and took similar approaches); *Davis v. United States*, Case No. 07-00461, 2009 WL 10702627, at *4 (D. Haw. Apr. 24, 2009) (finding relevant that experts were hired to testify on the same topics and reached

9

many of the same conclusions, though difference in qualifications gave each a unique perspective). District courts have considerable discretion to reject cumulative, though relevant, expert witness testimony and evidence. *United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984).

      1.  <u>McMahon's report and anticipated testimony is so similar to the reports and testimony of Rusk and Pia that it is needlessly cumulative.</u>

All relevant factors weigh in favor of excluding McMahon's report and anticipated testimony as needlessly cumulative of the reports and testimony of Rusk and Pia. McMahon was retained for the same purpose, relied on the same or similar documents, takes the same valuation approaches, and comes to the same conclusions as Rusk and Pia regarding the fair market value of B+K and assessment of the report of the Secretary's valuation expert, Steven Sherman. Further, the qualifications of the three defense valuation experts are comparable.

Like Rusk and Pia, McMahon was retained to opine on the fair market value of B+K at the time of the ESOP transaction and to provide a rebuttal to the opinion of the Secretary's valuation expert, Steven Sherman. Ex. A at 1-2; DOL. Ex. 728 at ii; DOL Ex. 709 at i; DOL Ex. 710 at 1. Given that Defendants Bowers and Kubota have already retained Rusk and Pia to opine on the same issues on which McMahon would opine, McMahon's report and anticipated testimony add nothing new to the scope of the inquiry into the value of the company and would be cumulative.

The fact that McMahon's opinion is based on the same or similar materials as those considered by Rusk and Pia in rendering their opinions also suggests McMahon's report and anticipated testimony is needlessly cumulative. McMahon relied on case documents, such as the parties' discovery productions and financial documents obtained during fact discovery, as well as external market and industry information in forming her opinions. Ex. A, Appx. B. Rusk and Pia also reviewed documents encompassed in the discovery productions, as well as similar external market and industry resources, in addition to other materials and information not used by McMahon. DOL Ex. 709 at ii-iii; DOL Ex. 710 at 3-4; DOL Ex. 728, Appx. D. While the exact case documents each expert reviewed may not be identical, the types of documents and information contained therein was essentially the same.

Importantly, McMahon's valuation analysis and conclusions offer no unique perspective not already covered by Rusk and/or Pia. All three use the same three approaches to assess the fair market value of B+K: the Discounted Cash Flow method; Guideline Public Company method, and a merger and acquisition market approach.[5] Ex. A, Appx. C at 2-3; DOL Ex. 709 at iv; DOL Ex. 728 at 57-58.

---

[5] The experts referred to the mergers and acquisitions market method using somewhat different terms – McMahon called it the "Guideline Merged and Acquired Company" approach, Rusk called it the "Market Transactions Method," and Pia called it the "Merger and Acquisition Method." However, the approach

Using these same methods, the experts' conclusions on the fair market value of B+K as of the date of the ESOP transaction is within a close a range. McMahon's conclusion that the fair market value of B+K was $40.015M is in line with Rusk's $44.6M valuation and Pia's $43.1M valuation. *Compare* Ex. A, Appx. C at 1; *with* DOL Ex. 709 at iv; DOL Ex. 728 at 5.

McMahon's, Rusk's, and Pia's rebuttals of Sherman's valuation report demonstrate just how similar their analyses are. McMahon identified three aspects of Sherman's report that she believed to be flawed, all of which are commented on in the rebuttal reports of Rusk, Pia, or both. Ex. A at 21. First, McMahon critiques Sherman's upward adjustment of bonus and subconsultant expenses in calculating the cash flow projections. Ex. A at 22. Rusk also opines on Sherman's adjustment of bonus and subconsultant expenses in projecting future earnings, and Pia opines on Sherman's adjustment of subcontractor expenses in forecasted earnings. DOL Ex. 710 at 6; DOL Ex. 728 at 23. Second, McMahon states Sherman's overstatement of bonuses yielded a flawed calculation of Earnings Before Interest, Taxes, Depreciation and Amortization ("EBITDA"). Ex. A at 35-36. Rusk also believes Sherman's analysis of bonuses resulted in an incorrect EBITDA calculation. DOL Ex. 710 at 5. Third, all three defense valuation experts critique

---

was the same for all three experts: a market-based approach in which a company's valuation is based on recent purchase and sale transactions for comparable companies.

Sherman's limited control discount. Ex. A at 39-40; DOL Ex. 710 at 8-9; DOL Ex. 728 at 22.

Finally, there is no meaningful distinction in the background or training of the three experts that would enable McMahon to provide a distinct perspective on the value of B+K or on Sherman's analysis. Each of the three experts provides similar financial and valuation services. McMahon works in the finance practice at Charles River Associates, a global financial consulting firm, and has experience advising clients in cases involving valuation and other economic issues. Ex. A at 2, Appx. A. Rusk is a managing partner and co-founder of Rusk O'Brien Gido + Partners, and conducts business appraisals and advisory services for consulting firms. DOL Ex. 709 at ii, Appx. C. Pia works in the business valuation services group at Marcum Advisory Consulting and has experience in business valuation and litigation support. DOL Ex. 728, Appx. F. All have business degrees, such as MBAs, or higher level education or certifications.

The similarities between bases for, approach, and conclusions in the opinions of the defense valuation experts, and their similarities in their qualifications demonstrate McMahon's anticipated testimony and report would be needlessly cumulative. Allowing Defendants Bowers and Kubota to submit the report of McMahon or call her as a witness would simply prolong the trial while adding little to no value to Defendants' case.

2. <u>Kaplan's report and anticipated testimony is needlessly cumulative because it is duplicative of the report and testimony of Brown.</u>

These same factors show the report and anticipated testimony of Kaplan is needlessly cumulative of Brown's report and testimony. Both defense prudence experts opine on the same subjects, rely on the same information, reach the same conclusions based on their generalized assertions about the industry. The qualifications of Kaplan and Brown are similar enough that neither offers a unique perspective on the inquiry into whether Defendants violated their fiduciary duties in carrying out the ESOP transaction.

First, Kaplan and Brown were both retained to opine on whether the ESOP transaction was carried out consistent with fiduciary duties and to rebut the report of the Secretary's prudence expert, Mark Johnson. Ex. B at 2; DOL Ex. 721 at 2; DOL Ex. 722 at 2. Brown also opines on whether there was a change in control at B+K, irrelevantly discusses his take on DOL investigative functions, and attempts to rebut aspects of the report of the Secretary's valuation expert. DOL Ex. 721 at 14-15; DOL Ex. 722 at 11. Kaplan's opinions on prudence and rebuttal of Johnson are unnecessary because they are redundant of the opinions offered by Brown on those same issues.

The materials on which Kaplan and Brown base their opinions are also substantially similar. Specifically, Kaplan reviewed filings, such as the Complaint, Answers, and discovery responses, ESOP transaction-related documents produced

14

in discovery, and the depositions transcripts for various key players. Ex. B, Addendum. Brown reviewed many of the same materials, including the Complaint, Answers, deposition transcripts, and documents related to the ESOP transactions. DOL Ex. 721 at 5-9; DOL Ex. 722 at 5-9; DOL Ex. 725. While there may be variance in the exact documents each expert reviewed, the basic information on which they relied was the same.

Critically, both Kaplan and Brown rely on what they assert to be the industry practice at the time of the transaction and conclusory statements regarding their experience to reach the conclusion that the ESOP transaction occurred in accordance with Defendants' fiduciary duties. For example, in discussing the actions taken by Saakvitne as trustee, Kaplan states, "In examining the facts and circumstances present at that time of the Transaction, it is my opinion that Saakvitne used care, skill, prudence, and diligence under the circumstances prevailing in the fourth quarter of 2012 that other professional ESOP trustees familiar with these practices would have used for ESOP transactions." Ex. B at 20. Brown similarly goes through the actions he believes were taken by Saakvitne upon his appointment to conclude, without further explanation, that Saakvitne's "actions reflected usual and customary practice by an ERISA independent fiduciary and trustee at the time of the Transaction." DOL Ex. 721 at 11. Their rebuttals of Johnson similarly rely on conclusory statements based on their

experience and asserted industry practices. *See, e.g.*, Ex. B at 31 (rebutting Johnson's opinion based on assertions of "common industry practice"); DOL Ex. 722 at 9 (rebutting Johnson's conclusion "[b]ased on [his] experience and [his] review of the record in this case"). Because Kaplan's opinion is essentially duplicative of opinions offered by Brown, Kaplan's report and testimony would add nothing to the inquiry before the Court.

Finally, Kaplan's qualifications and experience are similar enough to Brown's that he does not bring a distinct perspective or approach to the question of whether the ESOP transaction was carried out in violation of Defendants' fiduciary duties. Kaplan is a consultant and adviser to internal and professional ERISA fiduciaries and Boards of employee-owned companies. Ex. B at Internal Ex. A. Brown is an employee benefits and executive compensation lawyer. DOL Ex. 721 at Internal Ex. A. Both purport to have sufficient qualifications to render conclusions based on asserted industry practice and their experience with ESOPs.

Given that Kaplan and Brown opine on the same issues, rely the same or similar documents, come to the same conclusions using the same approach, and have similar qualifications, any probative value had by Kaplan's opinion is substantially outweighed by its needlessly cumulative nature. While the Secretary intends to file a Motion in Limine to exclude Brown's testimony and report as unreliable and irrelevant, the analysis does not change if the Court grants the

16

Secretary's request to exclude Brown. As discussed below, in failing to timely designate Kaplan as their own expert, Defendants Bowers and Kubota ran the risk the Secretary and Saakvitne Defendants would settle, leaving them to use only the prudence expert they timely identified.

### C. Prohibiting Defendants from using McMahon and Saakvitne as their own experts is consistent with public policy.

Allowing Defendants Bowers and Kubota to now designate the Saakvitne Defendants' experts as their own would contravene public policy. Several district courts have recognized the public policy in favor of settlement would be contravened by allowing a non-settling defendant to call as a witness the expert of a settling defendants. *E.g. Giles v. Inflatable Store, Inc.*, Case No. 07-cv-00401, 2009 WL 801729 (D. Colo. Mar. 24, 2009); *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002); *Wolt v. Sherwood, Div. of Harsco Corp.*, 28 F. Supp. 1568 (D. Utah 1993). For example, in *Giles*, one of the defendants reached a settlement with plaintiff and, as part of the settlement agreement, withdrew their designation of two experts for whom the settling defendant had identified and produced reports. 2009 WL 801729, at *1-2. A non-settling defendant, who did not disclose any experts, sought to call the settling defendant's experts to testify at the trial. *Id.* at *2. The U.S. District Court for the District of Colorado prohibited the non-settling defendant from using the settling defendant's experts. *Id.* at *7. The court reasoned that the non-settling defendant could have

17

designated its own experts or attempted to jointly retain the settling defendant's experts, but failed to do so, thereby undertaking the risk that the settling defendant would settle out and its experts would not testify. *Id.* The court determined that allowing the non-settling defendant "to use the experts would reward [it's] strategic decision and unfairly deprive plaintiffs of their bargain with the Settling Defendants." *Id.*

The situation presented in this case is analogous to *Giles*. Like the non-settling defendant in *Giles*, Defendants Bowers and Kubota did not timely identify McMahon and Kaplan as their own experts or attempt to jointly retain them with the Saakvitne Defendants. In doing so, Defendants Bowers and Kubota ran the risk that the Saakvitne Defendants would settle with the Secretary, precluding McMahon and Kaplan's testimony and reports. Further, the Secretary's settlement with the Saakvitne Defendants would be unfairly undermined in the same manner as the *Giles* parties if Defendants Bowers and Kubota were permitted to make a eleventh hour designation of McMahon and Kaplan. One factor in reaching the settlement with the Saakvitne Defendants was the cost of deposing McMahon and Kaplan. It was made clear that the Saakvitne defendants would not be using Kaplan and McMahon because they were resolving the matter. This arrangement clearly benefits all the parties, especially B+K and the ESOP, because it increases the loss restoration to the ESOP. As the *Giles* court acknowledged, the public

policy encouraging voluntary settlement of lawsuits would be frustrated if Defendants Bowers and Kubota were permitted to make a last minute designation of McMahon and Kaplan.

**D. McMahon's and Kaplan's reports are inadmissible hearsay to which no exception applies.**

The reports of McMahon and Kaplan are inadmissible hearsay as they are offered for the truth of the matter asserted therein and Defendants cannot demonstrate an applicable exception. Expert reports generally constitute inadmissible hearsay under Federal Rule of Evidence 802. Fed. R. Evid. 802; *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013) (unpub.); *Salgado v. Iqvia, Inc.*, 459 F. Supp. 3d 1318, 1327 (S.D. Cal. 2020) ("Generally, expert reports are inadmissible hearsay."); *Escobar v. AirBus Helicopter SAS*, No. 13-00598, 2016 WL 6024441, at *1 (D. Haw. Oct. 4, 2016); *see also Jones ex re. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015) (finding expert report offered for truth of the matter asserted was "a quintessential example of hearsay."). While an expert report may be admissible if it falls under one of the hearsay exceptions, Defendants Bowers and Kubota, as the current proponents of the reports, bear the burden of establishing the basis for the asserted exception. *See Durham v. County of Maui*, 804 F. Supp. 2d 1068, 1070 (D. Haw. 2011).

Defendants Bowers and Kubota cannot meet their burden of showing an exception to the rule against hearsay. Defendants have not identified any hearsay

exception under which they believe the McMahon and Kaplan reports would fall. Nor is any applicable hearsay exception apparent. The hearsay exceptions at Rule 803 clearly do not apply to McMahon's and Kaplan's expert reports, which are non-public and prepared specifically for this litigation. *See* Fed. R. Evid. 803.

The reports of McMahon and Kaplan also do not qualify as an opposing party's statement exempt from the hearsay definition under Federal Rule of Evidence 801(d)(2). Fed. R. Evid. 801(d)(2). Kaplan and McMahon are not employees or agents of the Saakvitne Defendants because they were hired to provide their own opinions, and therefore cannot make admissions against the Saakvitne Defendants. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) ("Because an expert witness is charged with the duty of giving his or her expert opinion regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party."). Other sections of Rule 801(d) are clearly inapplicable. Defendants Bowers and Kubota therefore cannot show McMahon's and Kaplan's expert reports are exempted from the rule against hearsay.

Defendants also cannot get in McMahon's and Kaplan's reports through Federal Rule of Evidence 807's residential hearsay exception, which is a catch all allowing hearsay to be admitted if it is "supported by sufficient guarantees or trustworthiness" based on a totality of the circumstances and "more probative on

the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807(a); *Larez v. City of L.A.*, 946 F.2d 630, 644 (9th Cir. 1991) (interpreting the second requirement to be a "best evidence requirement."). McMahon's and Kaplan's reports do not meet either requirement. First, there are no circumstantial indicators of trustworthiness, as the Secretary has not had the opportunity to depose McMahon or Kaplan. *Compare with Televisa, S.A. de C.V. v. Univision Comms., Inc.*, 635 F. Supp. 2d (C.D. Cal. 2009) (admitting the report of an expert who becomes suddenly unavailable to testify where the expert had been questioned extensively under oath by opposing counsel regarding his report during a deposition). Second, McMahon's and Kaplan's reports cannot be the best evidence concerning the valuation of B+K and prudent processes, respectively, because they are cumulative of the testimony to be provided by Rusk, Pia, and Brown. *United States v. Carreno*, 363 F.3d 883, 889 (9th Cir. 2004), *vacated on other grounds*, 543 U.S. 1099 (2005); *Wilson v. City of L.A.*, Case No. 18-5775, 2020 WL 7711836, at *9 (C.D. Cal. July 20, 2020) ("Where evidence is merely cumulative of other evidence, it necessarily falls short of Rule 807's 'best evidence' requirement."). Because McMahon's and Kaplan's reports have no circumstantial indicators of trustworthiness and do not meet the best evidence requirement given they are cumulative of other experts reports, Defendants cannot admit McMahon's and

Kaplan's reports through the Rule 807 catch-all hearsay exception.

Because Defendants cannot meet their burden of showing the reports of Kaplan and McMahon fall within an exception to the rule against hearsay, the reports should be deemed inadmissible and excluded from the evidentiary record.

## IV.   CONCLUSION

WHEREFORE, the Secretary respectfully requests this Court grant his motion to exclude the expert testimony and reports of McMahon and Kaplan.

Dated: April 16, 2021                    Respectfully submitted,

**ELENA S. GOLDSTEIN**
Deputy Solicitor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Elisabeth Nolte*
**ELISABETH NOLTE**
Trial Attorney

Attorneys for MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, Plaintiff