IN THE UNITED STATES DISTRICT COURT
FOR HAWAI'I

**EUGENE SCALIA,**
Secretary of the United States Department of Labor

      Plaintiff,

v.

**SHARON L. HERITAGE, as successor to NICHOLAS L. SAAKVITNE, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC. a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,**

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:18 - cv - 155

## GREGORY BROWN
## REBUTTAL REPORT TO EXPERT REPORTS OF
## MARK JOHNSON AND STEVEN J. SHERMAN

November 19, 2020

75463277.6

DOL Ex. 722

I reserve the right to expand or modify these opinions as additional information becomes available.

November 19, 2020

_____

Gregory K. Brown

## Introduction

The following sets forth my rebuttals to the Expert Reports of Mark Johnson (the "Johnson Report") and Steve J. Sherman (the "Sherman Report") for purposes of the above captioned litigation, namely, Eugene Scalia, Secretary of the United States Department of Labor ("Plaintiff") v. Sharon L. Heritage, as successor to Nicholas Saakvitne, Deceased, Nicholas Saakvitne, a Law Corporation, a California corporation, Brian J. Bowers, an individual, Dexter C. Kubota, an individual, Bowers + Kubota Consulting, Inc., a corporation, Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan (the "ESOP"). Sharon L. Heritage, Nicholas Saakvitne, Nicholas Saakvitne, a Law Corporation. Brian Bowers, Dexter Kubota, Bowers + Kubota Consulting, Inc., shall be referred to herein as the "Defendants") in the United States District Court, for the District of Hawaii, No. 1:18-cv-155 (this "Litigation"). Bowers + Kubota Consulting, Inc. will be referred to herein as "B+KC" or the "Company." This Rebuttal Report is in addition to my Expert Report submitted on this date (the "Initial Report")

## Allegations and Background

Plaintiff alleges that the Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA,") in a December 14, 2012, transaction by causing the ESOP to pay a purchase price in excess of fair market value for 100% of the company's capital stock (the "December 2012 ESOP Transaction" or the "Transaction.") Plaintiff also alleged that B+KC has failed to monitor the conduct of Nicholas L. Saakvitne, as the ESOP's trustee in the December 2012 ESOP Transaction.

The December 2012 ESOP Transaction involved the purchase by the ESOP of 100% of the Company's capital stock pursuant to an ESOP Stock Purchase Agreement in which the ESOP purchased all of the issued and outstanding shares (the "Shares") of the Company's capital stock from the Brian J. Bowers Trust dated December 22, 2010 and the Dexter C. Kubota Trust dated March 17, 2006 ("Sellers") for Forty Million and No/100 Dollars ($40,000,000). Sellers financed the entire amount of the Transaction through promissory notes issued to Sellers by the ESOP. The Transaction structure was relatively straightforward and did not involve senior bank financing or Seller warrants.

In connection with and prior to the Transaction, B+KC appointed Nicholas L. Saakvitne as the sole Trustee and independent fiduciary of the ESOP. and Mr. Saakvitne then selected Libra Valuation Associates, Inc. ("Libra") as the ESOP's independent appraiser and financial advisor. B+KC and Mr. Saakvitne executed an ESOP plan document and a separate ESOP Trust Agreement. B+KC, Mr. Saakvitne, and Sellers also executed an ESOP Stock Purchase Agreement among the Company, Sellers and the ESOP and ESOP Loan and Pledge Agreement for each Seller and the Company and the ESOP.

## Assignment and Compensation

Counsel for Defendants, David R. Johanson, Esq., Senior Partner of Hawkins Parnell & Young LLP, has retained me to provide certain opinions as an expert concerning the Transaction.

My compensation for this assignment is at the hourly rate of $725. My compensation is not contingent upon my conclusions or the outcome of this Litigation.

- "Special Considerations in Designing and Operating an ESOP," <u>BNA Benefit Practitioners' Strategy Guide, BPRC</u>, July 29, 2011

- "Employee Stock Ownership Plans In Corporate Transactions," <u>Financier Worldwide</u>, October, 2011

- "Employer Stock Issues In Qualified Plans," <u>The Practical Tax Lawyer</u>, November 2011

- "Legal Update," <u>ESOP Report</u>, The ESOP Association, November 2011, March 2012, March 2013, May 2014, April 2015, August 2016

- "Where Are We Going With Fiduciary Indemnification?" <u>New York University Review of Employee Benefits and Executive Compensation 2012</u>, Chapter 8, Matthew Bender & Company, Inc.

- "10 Questions:  Buying and Selling ESOP Companies," <u>Financier Worldwide</u>, August 2012

- "TalkingPoint:  Outlook for ESOPs in 2013," <u>Financier Worldwide</u>, April 2013

- "Moench Presumption Marches Forward" <u>New York University Review of Employee Benefits and Executive Compensation</u> 2013, Chapter 15, Matthew Bender & Company, Inc.

### <u>Documents Considered</u>

1. Complaint filed in the U.S. District Court for the Division of Hawaii in this Litigation on April 27, 2013

2. Motion by Company, Brian J. Bowers and Dexter C. Kubota to Dismiss Complaint

3. Court's Order Denying Motion by Company, Brian J. Bowers and Dexter C. Kubota to Dismiss Complaint

4. Answer and Affirmative Defenses of Defendants Brian J. Bowers and Dexter C. Kubota

5. Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan, Effective as of January 1, 2012 (RHYL 000212-000.312)

6. Bowers + Kubota Consulting, Inc. Employee Stock Ownership Trust Agreement, dated December 11, 2012 (RHYL 000313-000.321)

7. Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan Summary Plan Description (RHYL 000322-00352)

8. Bowers + Kubota Consulting, Inc. Resolution of Board of Directors by Unanimous Written Consent Without a Meeting, dated December 3, 2012 (RHYL 000353-000354)

9. Joint Action of the Directors and Shareholders of Bowers + Kubota Consulting, Inc. Effective December 10, 2012 (RHYL 000355-000358)

10. Amended and Restated Articles of Incorporation of Bowers + Kubota Consulting, Inc. (RHYL 000359-000365)

11. Amended and Restated Bylaws of Bowers + Kubota Consulting, Inc. (RHYL 000366-000379)

12. ESOP Stock Purchase Agreement, dated December 14, 2012 (RHYL 000380-000396)

13. ESOP to Seller Note – Bowers, December 14, 2012 (RHYL 000397-000398)

14. ESOP to Seller Note – Kubota, December 14, 2012 (RHYL 000399-000400)

15. ESOP to Seller Loan and Pledge Agreement – Bowers, dated December 14, 2012 (RHYL 000401-000409)

16. ESOP to Seller Loan and Pledge Agreement – Kubota, dated December 14, 2012 (RHYL 000410-000420)

17. Guaranty, dated December 14, 2012 (RHYL 000439-000444)

18. Libra Valuation Advisors, Inc. Engagement Letter with Nicholas L. Saakvitne and the Company, dated December 7, 2012 (RHYL 000466-000470)

19. Libra Valuation Advisors, Inc. Fair Market Value and Fairness Opinion dated December 14, 2012 (RHYL 000471-000474)

20. Draft Bowers + Kubota Consulting, Inc. Stock Appreciation Rights Plan (RHYL 000528-000545)

21. Brian J. Bowers' Employment Agreement with the Company dated December 14, 2012 (RHYL 000445-000454)

22. Dexter C. Kubota Employment Agreement with the Company dated December 14, 2012 (RHYL 000455-000464)

23. Bowers + Kubota Consulting, Inc. Employee Stock Ownership Trust Written Consent of the Trustee dated February 21, 2013 (RHYL 000480-000482)

24. Joint Resolution of the Board of Directors and Shareholders of Bowers + Kubota Consulting, Inc. dated February 21, 2013 (RHYL 000491-000493)

25. February 15, 2013, Bowers + Kubota Consulting, Inc. Employee Stock Ownership Trust, Trustee Action Approving Amendment and Assumption of Loans and Loan Documents (RHYL 000494-000505)

26. Consent to Amendment and Assumption of Loan and Loan Documents and Assignment of Collateral – Bowers dated March 1, 2013 (RHYL 000506-000507)

27. Consent to Amendment and Assumption of Loan and Loan Documents and Assignment of Collateral – Kubota dated March 1, 2013 (RHYL 000508-000509)

28. ESOP Note – 2013, dated March 1, 2013 (RHYL 000510)

29. ESOP Loan and Pledge Agreement – 2013, dated March 1, 2013 (RHYL 000511-000520)

30. Joint Consent of Directors and Shareholders of Bowers + Kubota Consulting, Inc., dated September 24, 2012 (RHYL 000525-000527)

31. Deposition Transcript for Dexter C. Kubota, dated October 7, 2020 ("Kubota Dep.") and Exhibits

32. Deposition Transcript for Dawn Marugame, October 7, 2020 ("Marugame Deposition") and Exhibits

33. Deposition Transcript for Thomas Nishihara ("Nishihara Deposition"), September 29, 2020 and Exhibits

34. Deposition Transcript for Gary Kuba, October 5, 2020 ("Kuba Deposition") and Exhibits

35. Administrative Deposition Transcript for Gregory M. Hansen, February 23, 2018 ("Hansen Deposition") and Exhibits

36. Administrative Deposition Transcript for Gregory E. Kniesel, ASA, dated December 22, 2017 ("Kniesel 1st Deposition") and Litigation Department January 23, 2018 ("Kniesel 2nd Deposition") and Litigation Deposition, October 20, 2020 and Exhibits

37. Administrative Deposition Transcript for Brian J. Bowers, dated February 23, 2019 ("Bowers 1st Deposition") and Exhibits, and Litigation Deposition Transcript for Brian J. Bowers, dated October 13, 2020 ("Bowers 2nd Deposition")

38. Administrative Deposition Transcript for Nicholas L. Saakvitne, dated November 21, 2017 ("Saakvitne Deposition") and Exhibits

39. Libra Valuation Advisors, Inc. Valuation Report as of December 14, 2012, dated June 4, 2013 (DOL 001536-001595)

40.     Form 5500 for the ESOP Plan Year 2012

41.     Form 5500 for the ESOP Plan Year 2013

42.     Form 5500 for the ESOP Plan Year 2014

43.     Form 5500 for the ESOP Plan Year 2015

44.     Form 5500 for the ESOP Plan Year 2016

45.     Form 5500 for the ESOP Plan Year 2017

46.     Form 5500 for the ESOP Plan Year 2018

47.     URS non-binding initial indication of interest, dated December 3, 2011 (B+KC005141-005144)

48.     GMK Consulting Valuation Advisory Service Fair Market Valuation for B+KC, dated May 8, 2012 (Bowers/Kubota 007186-007214)

49.     E-mail chain among Gregory M. Hansen, Esq., Gregory E. Kniesel, ASA, Brian J. Bowers and Dexter C. Kubota, October 18, 2012 through October 30, 2012 (Bowers/Kubota 012745-012747)

50.     Follow-Up Questions and Answers (between Gregory E. Kniesel, ASA and B+KC), dated November 15, 2012 (Bowers/Kubota 007608-007615)

51.     E-mail chain among Gregory E. Kniesel, ASA, Brian J. Bowers and Gregory M. Hansen, Esq. from November 15, 2012, through November 18, 2012 (Bowers/Kubota 012710-012711)

52.     E-mail from Gregory M. Hansen, Esq. to Nicholas L. Saakvitne, dated November 21, 2012 (DOL 005009)

53.     E-mail chain among Gregory M. Hansen, Esq., Brian J. Bowers, Dexter C. Kubota and Nicholas L. Saakvitne, December 11, 2012 (DOL 001463-001465)

54.     E-mail chain among Gregory M. Hansen, Esq., Brian J. Bowers, Dexter C. Kubota and Nicholas L. Saakvitne, dated December 11, 2012 (DOL 001494-001496)

55.     E-mail chain among Gregory M. Hansen, Esq., Brian J. Bowers, Dexter C. Kubota and Nicholas L. Saakvitne, dated December 11-12, 2012 (Bowers/Kubota 0182391-0182394)

56.     E-mail chain among Gregory M. Hansen, Esq., Brian J. Bowers, Dexter C. Kubota and Nicholas L. Saakvitne, dated December 11, 2012 (Bowers/Kubota 018235-018238)

57. E-mail chain among Brian J. Bowers, Gregory M. Hansen, Esq., Dexter C. Kubota and Thomas Nishihara, dated August 6 to 28, 2012 (Bowers/Kubota 018272-018274)

58. E-mail messages among Brian J. Bowers, Gregory M. Hansen, Esq. and Gary Kuba, dated June 19,2012 to September 2, 2012 (DOL 001927-001930)

59. E-mail chain among Brian J. Bowers, Dexter C. Kubota and Thomas Nishihara, dated July 26, 2012 (B+KC 001922)

60. Email message from Gregory M. Hansen to Gary Kuba, dated August 31, 2012 (DOL 001926)

61. Email message from Brian J. Bowers to Gregory M. Hansen, dated September 12, 2012 (B+KC 002507)

62. Email messages between Gregory M. Hansen and Gary Kuba, dated October 8 and 13, 2012 (BK Exhibits 193 and 194 and Bowers/Kubota 012777)

63. Email messages from Gregory M. Hansen to Gary Kuba and Gregory E. Kniesel, dated October 17, 2012 (Bowers/Kubota 012734, 012776, and 012869)

64. Email message from Gregory E. Kniesel to Gregory M. Hansen and Brian J. Bowers, dated October 18, 2012 (Bowers/Kubota 012732)

65. Financial Statements and Valuation Analysis (110133050-110133075)

66. Plaintiff's Expert Report, Mark Johnson, PhD, October 19, 2020 (the "Johnson Report")

67. Expert Report of Steven J. Sherman, ASA, CPA, October 19, 2020 (the "Sherman Report")

## Opinions

I continue to hold the opinions expressed in my Initial Report and I have formed additional opinions based on my review and analysis of the Johnson Report and the Sherman Report. My additional opinions are as follows:

## I. Johnson Report

1. Contrary to Mr. Johnson's claims, there is a wide range of reasonable due diligence, and the Trustee's due diligence in connection with the December 2012 ESOP Transaction fell within this range. Based on my experience and my review of the record in this case, the Trustee and Libra conducted due diligence over a period beginning with Libra's receipt of financial information from the Company and continuing through the Trustee's engagement and review of the transaction and Libra's analysis and opinions prior the closing; these actions were consistent

9.     The Johnson Report concludes that the Board of Directors of the Company were fiduciaries with respect to all aspects of the December 2012 Transaction.  This disregards the engagement of the Trustee to independently evaluate and close the transaction and thereby remove the Board of Directors from conflicts-of-interest as Sellers in the Transaction.  The Board of Directors had no power or authority to act on behalf of the ESOP in the Transaction or to direct the Trustee to do so.

## II. <u>Sherman Report</u>

1.     The Sherman Report is not based on interviews of Company management.  Such interviews are an important part of the process for delicately moving through a proposed ESOP transaction.  The Libra Report was based on such interviews in its investigation process, which enabled Libra and the Trustee to assess quantitative factors in a contemporaneous manner and to assess qualitative risks facing the Company at the time of the December 2012 ESOP Transaction.  Accordingly, the Sherman Report does not reflect such a process.

2.     The Sherman Report comments on lack of control do not take into account the fact that the ESOP purchased all of the outstanding stock of the Company, the Trustee has under the terms of the ESOP and the ESOP Trust Agreement unfettered voting discretion for the Shares held by the ESOP and that the employment agreements for each of Bowers and Kubota freeze their base pay for 5 years and provide that incentive bonuses are conditioned upon the Company's performance in excess of EBITDA projections.

3.     The emphasis placed in the Sherman Report on the URS non-binding indication of interest letter from December 2011 (a year before the Transaction) is inappropriate.  Moreover, this letter states that it is not an offer and does not obligate URS to make an offer.  That letter was not based on any financial due diligence by URS; the Company did not furnish any financial information to URS in connection with the letter.  Based on my experience, many privately-held companies receive such letters and either immediately or ultimately disregard such letters and move on as the Company did in this instance.

4.     The Sherman Report states, in essence, that the ESOP Trustee should have advocated more vigorously on behalf of the ESOP with respect to the negotiations on the terms of the transactions and that it is common practice to seek Board of Director representation to the ESOP through the Trustee or through Director approved members.  This is more of a prudence opinion than a valuation opinion and, based on my experience as of December 2012 such a negotiation stance was not yet a common practice.  I note however, that the ESOP Trustee had unfettered discretions to vote the Shares held by the ESOP and could appoint or remove the members of the Board at its discretion.  Moreover, the employment agreements for each of Bowers and Kubota provided for a freeze of their base compensation for 5 years.

5.     The Sherman Report further states that the ESOP Trustee should have effectuated more influence for the ESOP onto the operations of the Company via the amended and restated Articles of Incorporation and the Company Bylaws.  Again, this is a prudence opinion, not a valuation opinion and few, if any, ESOP trustees seek to exert influence or control over Company operations and generally leave that to management after the Board sets corporate policy and objectives.