| | |
|---|---|
| **From:** | Rubel, Douglas A. |
| **To:** | Chapa, Ruben - SOL; Johanson, David R. |
| **Cc:** | McMahan, Sean; Familoni, Shay; Jeffrey Portnoy; Donald Havermann; Scott I. Batterman; William Harstad; Acosta, Jing - SOL; Nolte, Elisabeth P. - SOL; Markun, Rachel; Thompson, Robert S.; Thayer, Jeff; Hall, Juanell |
| **Subject:** | Re: Stewart v. Heritage, et al., 1:18-cv-155-SOM-WRP (D. Haw.) |
| **Date:** | Friday, February 19, 2021 9:48:23 PM |
| **Attachments:** | B0F4E2C1-D82C-4C89-9A74-57366BF6C6CD[6].png<br>image001.png<br>image002.png<br>Saakvitne - Kaplan Report_Confidential.pdf<br>Expert Report of Renee R. McMahon-FINAL.pdf |

> CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Ruben -

To be clear, given the e-mail exchanges of the past several days, Brian Bowers and Dexter Kubota are formally designating Ms. McMahon and Mr. Kaplan as expert witnesses, whom they intend to use at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and/or to contradict or rebut the evidence of a witness identified by the Secretary of Labor.

You already have a copy of their expert reports. Attached is another copy.

Regards, Doug

**Douglas A. Rubel**
*Of Counsel*

**HAWKINS PARNELL**
Hawkins Parnell & Young, LLP

(919) 523-3638   |   hpylaw.com

---

**From:** Ruben Chapa - SOL <Chapa.Ruben@dol.gov>
**Date:** Friday, February 19, 2021 at 9:34 AM
**To:** "Johanson, David R." <djohanson@hpylaw.com>, Douglas Rubel <drubel@hpylaw.com>
**Cc:** "McMahan, Sean" <sean.mcmahan@morganlewis.com>, Oluwaseun Familoni <shay.familoni@morganlewis.com>, Jeffrey Portnoy <jportnoy@cades.com>, Donald Havermann <donald.havermann@morganlewis.com>, Scott Batterman <sib@paclawteam.com>, William Harstad <wharstad@carlsmith.com>, Jing Acosta <acosta.jing@dol.gov>, "Nolte, Elisabeth P. - SOL" <nolte.elisabeth.p@dol.gov>, "Markun, Rachel" <rmarkun@hpylaw.com>, "Robert S. Thompson" <RThompson@hpylaw.com>, "Thayer, Jeff" <jthayer@hpylaw.com>, "Hall, Juanell" <JHALL@hpylaw.com>
**Subject:** RE: Stewart v. Heritage, et al., 1:18-cv-155-SOM-WRP (D. Haw.)

Ex. D

In order to evaluate your proposal below in the string email, please respond to the following question posed to Defendants Bower and Kubota in my email on February 16:

> "Please advise if Defendants Bowers and Defendants Kubota have retained those experts and are paying those experts to appear in court?   Thank you."

Also if you could clarify whether Defendants Bowers and Kubota intend to name the Saakvitne Defendants experts as their own.

Ruben R. Chapa
ERISA Counsel
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn, Rm. 844
Chicago, IL 60604
312/353-6993
312/353-5698 (fax)
chapa.ruben@dol.gov

**Until further notice, please direct all communications to me via phone or email. Please do not send correspondence by paper mail, courier, or fax to the Chicago Solicitor's Office.**
This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.

---

**From:** Johanson, David R. <djohanson@hpylaw.com>
**Sent:** Thursday, February 18, 2021 2:59 AM
**To:** Chapa, Ruben - SOL <Chapa.Ruben@DOL.GOV>; Rubel, Douglas A. <drubel@hpylaw.com>
**Cc:** McMahan, Sean <sean.mcmahan@morganlewis.com>; Familoni, Shay <shay.familoni@morganlewis.com>; Jeffrey Portnoy <jportnoy@cades.com>; Donald Havermann <donald.havermann@morganlewis.com>; Scott I. Batterman <sib@paclawteam.com>; William Harstad <wharstad@carlsmith.com>; Acosta, Jing - SOL <Acosta.Jing@dol.gov>; Case, Austin - SOL <case.austin@dol.gov>; Nolte, Elisabeth P. - SOL <nolte.elisabeth.p@dol.gov>; Markun, Rachel <rmarkun@hpylaw.com>; Thompson, Robert S. <RThompson@hpylaw.com>; Thayer, Jeff <jthayer@hpylaw.com>; Hall, Juanell <JHALL@hpylaw.com>
**Subject:** Re: Stewart v. Heritage, et al., 1:18-cv-155-SOM-WRP (D. Haw.)

> CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

## Dear Ruben and Sean:  We were quite surprised at the end of Sherman's Deposition on the evening of February 16, 2021, that the Saakvitne Defendants (defined below) have settled

with the Secretary of Labor (the "Secretary") and that the Expert Witness Depositions of McMahon and Kaplan would not be going forward as planned on February 17-18, 2021. We are very disappointed in the extremely late notice that you provided to our clients in this respect.

Mr. Bowers and Mr. Kubota object to the *pro tanto* bar order proposed on February 16, 2020, to the extent that they are found by this Court to have complied with all fiduciary duties under ERISA and are subjected to non-fiduciary liability under ERISA. To the extent that they have liability as non-fiduciaries, they should retain their right to and may assert their claims against Sharon Heritage, her Trust, and the Saakvitne Law Corporation, et al. We note that to the extent that neither Ms. Heritage nor the Saakvitne Law Corporation (the "Saakvitne Defendants") are ERISA fiduciaries, the rights to assert claims against them may well be addressed under Hawai'i law, the governing law of the Tolling Agreement entered into with the Saakvitne Defendants in 2019.

The Secretary may protect his settlement with the Saakvitne Defendants by dismissing Mr. Bowers and Mr. Kubota from this action. Alternatively, Mr. Bowers and Mr. Kubota will consider agreeing to refrain from a challenge to the bar order, including the settlement bar against future claims among the parties, if the Secretary and the Saakvitne Defendants agree to:

1. Eliminate the bar order provisions providing for *pro tanto* reductions of Total Recovery and allow the Court to address at trial whether *pro tanto* or proportional fault is appropriate in the event that there is any recovery obtained against Mr. Bowers and Mr. Kubota;

2. Stipulate that Mr. Bowers and Mr. Kubota may continue the designation of Renee McMahon and Howard Kaplan as testifying experts in this action and agree not to oppose their Motion to

> Allow Adoption of Reports of Previously Designated Experts (we are available to meet and confer about this topic today); and
>
> 3. Clarify that nothing in this proposed settlement between the Saakvitne Defendants and the Secretary impacts the Court's discretion regarding the admissibility of the Saakvitne administrative deposition in this case.

In addition, the Saakvitne Defendants must facilitate the process of assisting Mr. Bowers and Mr. Kubota in continuing the retention of the Saakvitne Defendants' experts, an action obviously in the best interests of the Saakvitne Defendants to preserve the reputation of the late Mr. Saakvitne and to limit potential liability to his heirs, estate, and law firm. We trust that the Saakvitne Defendants have a strong interest in ensuring that their settlement is a global settlement and that these reasonable steps will allow that settlement to be achieved. The potential claims against the Saakvitne Defendants could be greater if the Saakvitne Defendants do not facilitate the process of assisting Messrs. Bowers and Kubota in continuing the retention of the Saakvitne Defendants' experts. The Secretary will waive his rights to depose those two expert witnesses if they do not do so by Friday, February 19, 2021.

As you well know, the Ninth Circuit restrictions on contribution among breaching fiduciaries (see *Kim v. Fujikawa,* 871 F.2d 1427 (9th Cir.1989) and *Call v. Sumitomo Bank*, 881 F.2d 626 (9th Cir.1989)) do not extend to the rights of non-fiduciaries. See *Wells Fargo Bank v. Bourns, Inc.*, 860 F. Supp. 709,715 (N.D. Cal. 1994). By purporting to eliminate the rights of Mr. Bowers and Mr. Kubota in the bar order, the Secretary and the Saakvitne Defendants are attempting not merely to settle the claims against the Saakvitne Defendants but to also eliminate the rights of Mr. Bowers and Mr. Kubota. They are entitled to object to the extent of this formal legal prejudice that they will

suffer as a result of the settlement. *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir.1983).

The Saakvitne Defendants timely designated McMahon and Kaplan as experts in this case and the Saakvitne conduct remains before the Court.  The Secretary suffers no prejudice in defending against such reports and was presumably fully prepared to depose them this week, which the Secretary summarily cancelled with virtually no advance notice on the evening of February 16, 2021.

We look forward to hearing from you and are available to discuss if you believe that would be productive. Thank you for your anticipated consideration.  Cheers. Dave

**David R. Johanson**
*Senior Partner*

**HAWKINS PARNELL**
Hawkins Parnell & Young, LLP

**D:** 707-299-2470   |   **C:** 707-225-2986   |   hpylaw.com

---

**From:** Chapa, Ruben - SOL <Chapa.Ruben@DOL.GOV>
**Date:** Tuesday, February 16, 2021 at 5:46 PM
**To:** Rubel, Douglas A. <drubel@hpylaw.com>, Johanson, David R. <djohanson@hpylaw.com>
**Cc:** McMahan, Sean <sean.mcmahan@morganlewis.com>, Familoni, Shay <shay.familoni@morganlewis.com>, Jeffrey Portnoy <jportnoy@cades.com>, Donald Havermann <donald.havermann@morganlewis.com>, Scott I. Batterman <sib@paclawteam.com>, William Harstad <wharstad@carlsmith.com>, Acosta, Jing - SOL <acosta.jing@dol.gov>, Case, Austin - SOL <case.austin@dol.gov>, Nolte, Elisabeth P. - SOL <nolte.elisabeth.p@dol.gov>
**Subject:** RE: Stewart v. Heritage, et al., 1:18-cv-155-SOM-WRP (D. Haw.)

Following up on what Mr. McMahan advised you of this morning and I stated at the end of today's deposition, the depositions of the Saakvitne Defendants scheduled for this week are canceled pending a decision from the court on whether to enter a final Consent Order and Judgment between the Secretary and the Saakvitne Defendants.  As Mr. Rubel's email below indicates there was a belief that the depositions would be canceled and it was confirmed by the Saakvitne Defendants within minutes of that email.  This should save all parties unnecessary expenses.

With respect to the claim that Defendants Bowers and Kubota believe they can use the Saakvitne Defendants' expert reports the law clearly would preclude such use. Under Fed. R.

Evid. 801, the expert reports of Mr. Kaplan and Ms. McMahon are hearsay to which no hearsay exception applies. *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013). As such, the Secretary opposes the introduction of these expert reports at trial. In addition, Defendants failed to disclose Mr. Kaplan and Ms. McMahon as testifying experts for Defendant Bowers and Defendant Kubota on or before Defendants' expert disclosure deadline of November 19, 2020. ECF No. 202. Under Fed. R. Civ. P. 37, if a party fails to make disclosures required by Rule 26(a) or (e), including the requirement to disclose each experts' identity and retained experts' reports, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 also authorizes other appropriate sanctions and expenses on top of or in lieu of exclusion. The Ninth Circuit has upheld a district court's exclusion of expert testimony where the party did not timely disclose the expert's report. *Goodman v. Staples Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) Therefore, the Secretary opposes any efforts by Defendants to introduce any evidence or testimony from Mr. Kaplan and Ms. McMahon at trial.

Ruben R. Chapa
ERISA Counsel
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn, Rm. 844
Chicago, IL 60604
312/353-6993
312/353-5698 (fax)
chapa.ruben@dol.gov

**Until further notice, please direct all communications to me via phone or email. Please do not send correspondence by paper mail, courier, or fax to the Chicago Solicitor's Office**.
This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.

**From:** Rubel, Douglas A. <drubel@hpylaw.com>
**Sent:** Tuesday, February 16, 2021 10:02 AM
**To:** Chapa, Ruben - SOL <Chapa.Ruben@DOL.GOV>; Acosta, Jing - SOL <Acosta.Jing@dol.gov>; Case, Austin - SOL <case.austin@dol.gov>; Nolte, Elisabeth P. - SOL <nolte.elisabeth.p@dol.gov>
**Cc:** McMahan, Sean <sean.mcmahan@morganlewis.com>; Familoni, Shay <shay.familoni@morganlewis.com>; Jeffrey Portnoy <jportnoy@cades.com>; Donald Havermann <donald.havermann@morganlewis.com>; Scott I. Batterman <sib@paclawteam.com>; William Harstad <wharstad@carlsmith.com>
**Subject:** Stewart v. Heritage, et al., 1:18-cv-155-SOM-WRP (D. Haw.)

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Counsel -

Messrs. Bowers and Kubota adopt the expert reports of the Saakvitne Parties expert witnesses and intend to tender such reports at trial.

Please advise if the depositions scheduled for tomorrow and Thursday are going forward.

Regards, Doug

**Douglas A. Rubel**
*Of Counsel*

**HAWKINS PARNELL**
**Hawkins Parnell & Young, LLP**
(919) 523-3638  |  hpylaw.com