CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
JING ACOSTA
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-1145 | F: (312) 353-5698
Acosta.Jing@dol.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>   Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>   Defendants. | CASE NO. <u>1:18-cv-00155-SOM-WRP</u><br><br>**SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE NO. 4 TO EXCLUDE THE EXPERT TESTIMONY OF GREG BROWN** |

# **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ...................................................................................1

II.   BACKGROUND ....................................................................................2

III.  LEGAL STANDARD ...........................................................................5

IV.  ARGUMENT ........................................................................................7

    A. Brown's opinions are unreliable and not helpful to the court ..................7

      1.  Brown has never been a fiduciary to an ERISA plan .........................7

      2.  Brown failed to apply any reliable principle or methodology to the facts of this case ...............................................................................10

      3.  Brown failed to consider critical documents and facts .....................14

    B. Brown is unqualified to opine on DOL investigations and valuation issues ...............................................................................................16

      1.  Brown is not an expert in DOL investigations ..................................16

      2.  Brown is not a valuation expert .........................................................17

V.   CONCLUSION ...................................................................................18

# TABLE OF AUTHORITIES

Cases

*Alaska Rent-A-Car v. Avis Budget Group, Inc.*,
    738 F. 3d 960 (9th Cir. 2013) ...............................................................17

*Bridge Aina Le'a, LLC v. Hawaii Land Use Commission*,
    2017 WL 5617463 (D. Haw. Nov. 21, 2017).................................7, 8

*Brundle v. Wilimington Trust N.A.*,
    214 F. Supp. 610 (E.D. Va. 2017) ..................................................9

*Brundle v. Wilmington Turst, N.A.*,
    919 F.3d 763 (4th Cir. 2019) ..........................................................9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
    43 F. 3d 1311 (9th Cir. 1995) .................................................7, 17

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)..................................................... 1, 5, 6

*DeCosta v. Rodrigues*,
    2008 WL 1815716 (D. Haw. March 20, 2008) ...................................13

*Donovan v. Mazzola*,
    716 F.2d 1226 (9th Cir. 1983) ..........................................................8

*Durham v. County of Maui*,
    742 F. Supp. 2d 1121 (D. Haw. 2010)......................................6, 7

*Fifth Third Bancorp v. Dudenhoeffer*,
    573 U.S. 409 (2014)..........................................................13

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997)..........................................................10

*Grodzitsky v. American Honda Motor Co., Inc.*,
    957 F. 3d 979 (9th Cir. 2020) ..........................................................6

*Howard v. Shay*,
    100 F. 3d 1484 (9th Cir. 1996) .......................................................13

*Perez v. Seafood Peddler of San Rafael, Inc.*,
    2014 WL 2810144 (N.D. Cal. June 20, 2014)....................................16

*Townsend v. Monster Beverage Company*,
    303 F. Supp. 3d 1010 (C.D. Cal. 2018) .................................. 10, 17

*Tyson v. Oregon Anesthesiology Group, P.C.*,
    2008 WL 2371420 (D. Or. June 6, 2008)...........................................11

*Wendell v. Glaxo SmithKline LLC*,
    858 F. 3d 1227 (9th Cir. 2017) .........................................................6

Statutes

29 U.S.C. § 1001, et seq.................................................................................. 2, 3, 13

Rules

Fed. R. Civ. P. 26 ...............................................................................................14
Fed. R. Evid. 702 ......................................................................................... passim

## I.     INTRODUCTION

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") submits this Memorandum in Support of His Motion in Limine No. 4 to Exclude the Expert Testimony of Greg Brown.[1] For the reasons set forth below, this Court should exclude Greg Brown's testimony because Brown's proposed testimony is inadmissible as expert testimony under Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendants Brian J. Bowers and Dexter C. Kubota ("Defendants") retained Brown to address (1) whether Defendants' actions in connection with the December 14, 2012 sale of Bowers + Kubota Consulting, Inc. ("B+K" or "Company") to the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan ("ESOP") "were consistent with what [Brown has] observed to be fiduciary actions, as applicable, under ERISA and in other ESOT transactions during [his] professional career," and (2) whether Nicholas L. Saakvitne ("Saakvitne") "conducted himself in a comparable manner to other ERISA fiduciaries that [Brown has] observed during [his] professional career consistent with commonly accepted ERISA fiduciary conduct." Ex. A, Brown Retainer Agreement, attached hereto and made a part hereof, at 1. As set forth below,

---

[1] This motion seeks exclusion of all testimony, whether live, via declaration, or via deposition transcript, as well as his expert and rebuttal reports.

Brown's opinion on these issues are unreliable and unhelpful to the Court because Brown lacks any experience as a fiduciary, failed to apply any reliable principles or methodologies to the facts of this case, and failed to consider significant facts and documents in arriving at his opinions. Brown also exceeds the scope of his expert designation by opining on U.S. Department of Labor investigations and valuation matters, despite an acknowledged lack of qualifications to opine on these issues. Accordingly, the Secretary requests Brown be precluded from testifying in this matter, or in the alternative, Brown's expert testimony be limited as described below.

## II.    BACKGROUND

The Secretary filed this lawsuit pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, seeking a judgment that Defendants violated ERISA when they caused the ESOP to overpay in its purchase of 100 percent of the shares of B+K stock for $40 million on December 14, 2012 ("ESOP Transaction"). The central issue in dispute is whether Defendants breached their fiduciary duties and engaged in a prohibited transaction in violation of ERISA sections 404 and 406, 29 U.S.C. §§ 1104, 1106, by causing the ESOP to pay more than "adequate consideration" for the B+K stock in the ESOP Transaction. *See* 29 U.S.C. § 1108(e).

For the full legal and factual background, the Secretary incorporates by reference herein his Memorandum in Support of his Motion for Partial Summary Judgment. ECF No. 353 at 1-5. To summarize, in relevant part, the Secretary alleges that Defendants, who were the sole owners, officers, and directors of the Company prior to the ESOP Transaction, were fiduciaries to the ESOP at the time of the ESOP Transaction and, in conjunction with Saakvitne, the ESOP's trustee, had a duty to ensure that the ESOP paid no more than "adequate consideration" for the Company stock. 29 U.S.C. § 1108(e). Under ERISA, "adequate consideration" is defined as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary." 29 U.S.C. § 1002(18). Defendants were further obligated to act "solely in the interest of the participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(A), (B). Defendants also had a duty to monitor Saakvitne's actions with respect to the ESOP Transaction after selecting and appointing Saakvitne to serve as the ESOP's trustee on November 26, 2012. ECF No. 412 at 8, 33.

3

The parties retained experts to opine on whether the process followed by Defendants and Saakvitne with respect to the ESOP Transaction was prudent, in good faith, and consistent with their fiduciary duties (hereinafter referred to as "prudence experts"), and experts to opine on the fair market value of the Company as of the date of the ESOP Transaction, December 14, 2012 (hereinafter referred to as "valuation experts").

Defendants designated Brown as their prudence expert. The scope of Brown's expert report was to "provide certain opinions as an expert concerning the Transaction in light of [his] 45-year career in designing transactions similar to the Transaction and representing corporations, selling shareholders, and [ERISA] fiduciaries in similar transactions." Ex. B, attached hereto and made a part hereof, at 2. Brown is an employee benefits, ERISA, and executive compensation lawyer. *Id.* at 3. Brown testified that he has never been a fiduciary to an ERISA plan and that his involvement with ESOP transactions has always been limited to an attorney role. Ex. C, attached hereto and made a part hereof, at 59:14-60:6. Brown issued an expert report addressing whether Defendants and Saakvitne acted in a manner consistent with an ERISA fiduciary at the time of the Transaction and whether their acts reflected usual and customary practice by an ERISA fiduciary. Ex. B at 9-14.

In addition, Brown opined on issues outside the scope of his assignment and outside the scope of his qualifications. In his expert report, Brown opined on how the DOL conducts investigations, including what questions are asked of service providers and what information is requested by the DOL "for each and every ESOP transaction in which the service provider" was involved. Ex. B at 14-15, ¶ 14. However, Brown testified that his experience with U.S. Department of Labor ("DOL") investigations has been limited to representing fiduciaries and companies approximately two dozen times, possibly more, in responding to DOL subpoenas and investigations. Ex. C at 92:20-93:12. Brown has never worked for the DOL, has never conducted a DOL investigation, and has never been qualified as an expert on DOL investigations. *Id.* at 94:2-95:3. In addition, Brown testified that he has never been qualified as a valuation expert and has no valuation training. *Id*. at 64:17-24. Brown also opined that the value of the Company stock following the Transaction reflects that "the ESOP realized a discount in the purchase price." Ex. B at 12, ¶ 7. Furthermore, in his rebuttal report, Brown critiqued the expert report of the Secretary's valuation expert, Steven Sherman, in addition to critiquing the expert report of Secretary's prudence expert, Mark Johnson. Ex. D, attached hereto and made a part hereof, at 11. For the reasons set forth below, the Secretary moves to exclude Brown from testifying, or in the alternative, to limit his testimony

consistent with his experience and the requirements of Federal Rules of Evidence

702 and *Daubert*, 509 U.S. 579.

## III.   LEGAL STANDARD

Federal Rule of Evidence 702 governs expert testimony. According to Rule

702, "[a] witness who is qualified as an expert by knowledge, skill, experience,

training, or education may testify in the form of an opinion or otherwise if: (a) the

expert's scientific, technical, or other specialized knowledge will help the trier of

fact to understand the evidence or to determine a fact in issue; (b) the testimony is

based on sufficient facts or data; (c) the testimony is the product of reliable

principles and methods; and (d) the expert has reliably applied the principles and

methods to the facts of the case." Fed. R. Evid. 702.

Thus, the court must ensure that admitted expert testimony is both reliable

and relevant. *Grodzitsky v. American Honda Motor Co., Inc.*, 957 F. 3d 979, 984

(9th Cir. 2020) (*citing Wendell v. Glaxo SmithKline LLC*, 858 F. 3d 1227, 1232

(9th Cir. 2017)). In *Daubert*, the U.S. Supreme Court identified four factors

bearing on the Court's determination of the reliability of an expert's testimony: (1)

whether a theory or technique can be or has been tested; (2) whether it has been

subjected to peer review and publication; (3) whether a technique has a high

known or potential rate of error and whether there are standards controlling its

operation; and (4) whether the theory or technique enjoys general acceptance

within a relevant scientific community. *Daubert*, 509 U.S. at 592–94. The second inquiry, the "fit" requirement, is directed primarily to relevance. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Durham v. County of Maui*, 742 F. Supp. 2d 1121, 1128 (D. Haw. 2010) (citing *Daubert*, 509 U.S. at 593-95). Court must exclude evidence proffered under Rule 702 (and Rule 403) unless it speaks clearly and directly to an issue in dispute in the case." *Id.* (citing *Daubert II*, 43 F. 3d at 1321 n. 17).

The party submitting the opinions of an expert bears the burden of demonstrating the admissibility of the expert's opinions. *Bridge Aina Le'a, LLC v. Hawaii Land Use Commission*, 2017 WL 5617463 at *5 (D. Haw. Nov. 21, 2017).

## IV.   ARGUMENT

Defendants cannot meet their burden to show Brown's testimony is admissible because Brown's opinions are unreliable and not helpful to the Court. Having never served as a fiduciary to an ERISA plan, Brown is not qualified to testify as whether fiduciary actions are prudent under ERISA. Brown also fails to apply any reliable principle or methodology to the facts of this case and fails to consider significant documents and facts. Furthermore, Brown is unqualified to opine on DOL investigations and valuation issues. Accordingly, Brown's expert testimony should be excluded.

### A. Brown's Opinions Are Unreliable and Not Helpful to the Court.

### 1.  Brown Has Never Been a Fiduciary to an ERISA Plan.

Brown's complete lack of experience as a fiduciary to any ERISA plan makes him unqualified to opine on whether fiduciary actions during an ESOP Transaction were prudent and consistent with ERISA. According to Brown, his qualifications include "45 years of legal practice as an employee benefits, ERISA, and executive compensation lawyer," which included "working on employee stock ownership plan transactions." Ex. B at 3. Brown states he has "represented corporations and boards of directors, lenders, trustees, selling shareholders, independent fiduciaries and plan committees" in ESOP transactions. *Id.* However, noticeably absent from Brown's qualifications is any experience as a fiduciary or any experience reviewing or monitoring fiduciaries to ERISA plans for their compliance with ERISA. Brown admits that he has never been a fiduciary to an ERISA plan and that all of his experience related to ESOP transactions has been limited to an attorney role. Ex. C at 59:14-60:6.

Although Brown has extensive experience advising clients on ESOP transactions, this experience does not give him the qualifications to opine on whether a fiduciary has acted prudently. The role of an attorney representing or advising a party to an ESOP transaction is not akin to acting as a fiduciary to an ERISA plan. A fiduciary "may take into consideration advice given to him by attorneys, bankers, brokers and others whom prudent men in the community regard

as qualified to give advice. He is not justified, however, in relying wholly upon the advice of others, since *it is his duty to exercise his own judgment in light of the information and advice which he receives.*" *Donovan v. Mazzola*, 716 F.2d 1226, 1234 (9th Cir. 1983) (citing III A. Scott, *The Law of Trusts*, § 227.1 at 1809 (1967) (emphasis in original)). Because Brown's experience is limited to advising fiduciaries, Brown has never exercised his own judgment as a fiduciary would be expected to do in conjunction with the advice of others including attorneys.

Moreover, Brown's experience as an attorney in ESOP transactions illustrates his primary desire is to close ESOP transactions at the expense of the ESOP. Brown testified that in his experience, it was "quite rare" for a fiduciary to negotiate below the range of fair market value given by the appraiser, Ex. C. at 165:23-166:5, despite acknowledging that fiduciaries must "make sure that the best interests of the participants and beneficiaries were served in the transaction," *id.* at 86:25-87:6. Given this, it is unsurprising that Brown testified that he could only recall one ESOP transaction that did not close, which took place eight to ten years ago. *Id.* at 56:12-24. In addition, Brown testified he has previously worked with and referred work to and from the parties involved in this ESOP Transaction, including the appraiser Greg Kniesel and the attorney Greg Hansen. *Id.* at 36:16-37:1; 39:20-40:4. As the Fourth Circuit noted, the ESOP world is "a very incestuous community" because of the "significant long-term business

9

relationships" resulting from parties working together in many ESOP deals. *Brundle v. Wilmington Turst, N.A.*, 919 F.3d 763, 771 (4th Cir. 2019) (citing *Brundle v. Wilimington Trust N.A.*, 214 F. Supp. 610, 643 (E.D. Va. 2017). As such, Brown's experience as an attorney and promoter of ESOP transactions makes his opinions on fiduciary conduct suspect. Therefore, Brown lacks the qualifications to opine on whether Defendants' and Saakvitne's conduct with respect to the ESOP Transaction were prudent and consistent with ERISA.

### 2. Brown Failed to Apply Any Reliable Principle or Methodology to the Facts of this Case.

Brown's opinions are unreliable because his opinions are based solely on his own experience as an ERISA attorney, without any additional supporting references or explanations as to why his personal experience alone amounts to a reliable principle or methodology under Rule 702. Any expert, whether qualified "by knowledge, skill, experience, training, or education," may testify only to the extent his testimony is "based on sufficient facts or data," "the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d). If an expert is relying "solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's notes (2000); *see e.g., General Electric Co. v.*

*Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert," and the court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *Townsend v. Monster Beverage Company*, 303 F. Supp. 3d 1010, 1018-19 (C.D. Cal. 2018) (finding "the district court can exclude an expert's opinion if the expert fails to identify and defend the reasons for his conclusions."); *Tyson v. Oregon Anesthesiology Group, P.C.*, 2008 WL 2371420 at *15 (D. Or. June 6, 2008) (expert conclusions that were vague and inadequately supported with specific, relevant statistical analysis excluded).

Brown's opinions are conclusory and based solely on his own unspecified "experience" as an ERISA attorney at the time of the ESOP Transaction. Throughout his expert report, Brown proffers vague and generalized opinions such as: Saakvitne's actions "reflected usual and customary practice by an ERISA independent fiduciary and trustee" (Ex. B at 10-11, ¶ 4); the due diligence materials generated by Libra Valuation Advisors, Inc. "are indicative of usual and customary practices of an independent fiduciary and trustee" (*Id.* at 11, ¶ 5); Defendant Saakvitne "exercised his discretion and acted in the manner consistent with that of an ERISA fiduciary in my experience" (*Id.* at 11, ¶ 6); and "the actions of the Board of Directors of the Company were typical of a board of directors with

11

ERISA fiduciary monitoring responsibilities" (*Id.* at 13, ¶ 10). Brown also summarily dismisses the URS indication of interest letter as a "red herring" and that "[s]uch proposals are all too common and of little or no value." *Id.*; *see also* Ex. E, attached hereto and made a part hereof, at 2. Notably, Brown does not detail what the basis of his personal experiences are in order to arrive at these conclusions, including his dismissal of the indication of interest. When pressed, Brown was unable to provide any additional insight as to the basis of his "experiences" that led to his opinions at his deposition:

> Q:   Did you use anything besides your experience in 2012 as… reference for your opinions?
>
> A:   Well, you know, a lot of the experiences was, you know, in many respects, you know, based off of conversations with fiduciaries, conversations with other lawyers at – at conferences, how we interpreted cases and, you know, other things that were happening at the time; and, you know, what really was the best way at the time to reduce conflicts and make sure that the participants and beneficiaries were served well in the transaction."

(Ex. C at 87:7-19).

As a result, Brown fails to "explain how his experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000). This deficiency warrants the exclusion of his expert report and testimony.

Furthermore, Brown's opinions, based on his own personal experiences, are unhelpful to the Court because they fail to address whether Defendants and Saakvitne acted with the requisite care, skill, prudence, and diligence required by ERISA. ERISA requires fiduciaries to discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). The same standard of prudence applies to all ERISA fiduciaries, including ESOP fiduciaries (except for the duty to diversify the ESOP's holdings), as there is no special presumption favoring ESOP fiduciaries. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 418-19 (2014). Thus, when determining whether a fiduciary acted prudently in an ESOP transaction such as the one involved in this case, the Court must consider "the merits of the transaction and 'the thoroughness of the investigation into the merits of the transaction.'" *DeCosta v. Rodrigues*, 2008 WL 1815716 at *9 (D. Haw. March 20, 2008) (*citing Howard v. Shay*, 100 F. 3d 1484, 1488 (9th Cir. 1996)). Brown's opinions are limited to whether Defendants and Saakvitne's actions reflected usual and customary practice by ERISA fiduciaries at the time of the ESOP Transaction. However, these opinions are unhelpful to the Court because usual and customary does not necessarily mean

prudent under ERISA. Defendants conflate ERISA's prudence standard, 29 U.S.C. § 1104(a)(1)(B), with the prevailing practices at the time, which may or may not have been prudent. Therefore, Brown's opinions as to whether Defendants and Saakvitne acted prudently under ERISA are unreliable and should be excluded.

### 3.  Brown Failed to Consider Critical Documents and Facts.

Brown's failure to review critical documents or address key issues further confirms his opinions are not based on sufficient facts or a reliable application of the principles and methods to the facts of the case. *See* Fed. R. Evid. 702(b), (d). In addition, Federal Rule of Civil Procedure 26 requires a testifying expert witness to produce, *inter alia*, a written report containing a complete statement of all opinions the witness will express and the basis and reasons for them; <u>the facts or data considered</u> by the witness in forming them; any exhibits that will be used to summarize or support them. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). As a preliminary matter, Brown's expert report and rebuttal report contain no citations to the record to support his factual allegations and conclusions. *See* Ex. B, D. Moreover, Brown fails to list all documents considered in violation of Rule 26. *See e.g.,* Ex. C at 191; 196; 212.

Specifically, Brown failed to consider important facts and documents related to the URS indication of interest. Brown testified that the $15 million preliminary

purchase price in the URS indication of interest was based on little to no information. However, Brown did not consider the months-long due diligence that took place between February and May of 2012, including the request by URS for the Company to complete an extensive 10-page Due Diligence Checklist and an onsite meeting between URS and B+K in April of 2012. *See* Ex. F and G, attached hereto and made a part hereof. Brown failed to consider that URS did not change its preliminary purchase price despite engaging in extensive due diligence following the indication of interest letter. Brown testified that he did not review any documents exchanged between the Company and URS after the indication of interest letter. Ex. C at 233:25-235:13. Instead, Brown concludes without support that the URS indication of interest was a "red herring." Moreover, Brown states that the URS proposal was "ultimately dismissed by the Company's Board of Directors and Sellers," despite evidence to the contrary that URS ceased discussion in May of 2012. Brown also mistakenly states that URS did not have any financial information from 2012. In fact, Defendants made sure that GMK Consulting, LLC had the same financial projections as URS. *See* Ex. H, attached hereto and made a part hereof.

In addition, Brown failed to consider Saakvitne's deposition transcript in arriving at his conclusions. For example, Brown acknowledges Saakvitne was hired to "review the proposed [ESOP] Transaction in order to determine whether

the proposed purchase of Company capital stock by the ESOP from Sellers was appropriate in the best interests of the ESOP participants and not in excess of fair market value." Ex. B at 10, ¶ 3. However, Defendant Saakvitne described his role as the ESOP trustee differently. Saakvitne testified that he believes the ESOP transaction has to be structured on a "win-win basis" for the ESOP participants and the sellers. ECF No. 438-2 at 70. Moreover, Saakvitne testified that he "defer[s] to the appraiser on the amount of control premium," ECF No. 438-4 at 185, contrary to Brown's statement that Saakvitne "reviewed the control premium," Ex. B at 11. As a result of Brown's failure to adequately review and consider significant facts and documents in this record, Brown's opinions are unreliable and should be excluded.

### B. Brown is Unqualified to Opine on DOL Investigations and Valuation Issues.

#### 1. Brown is Not an Expert in DOL Investigations.

Brown's alleged expertise in government or DOL investigations is even more dubious.  The entirety of Brown's credentials as an alleged expert in DOL investigations can be summed up as follows: representing clients in DOL investigations in approximately two dozen occasions.  Ex. C at 92:20-93:18. However, Brown has never worked for the Department of Labor; he has never worked for any of the Department's agencies; and he has never conducted an investigation on behalf of the DOL.  *Id.* at 94:5-11.  Significantly, Brown has never

been qualified as an expert in DOL investigations by any court.  *Id.* at 94:23-95:3.

By Brown' own account, his opinion is merely his own personal experiences and

observations.  *Id.* at 98:19-99:4.  This personal experience is insufficient to qualify

him as an expert.  *See Perez v. Seafood Peddler of San Rafael, Inc.*, 2014 WL

2810144 at *2 (N.D. Cal. June 20, 2014) (proffered expert rejected because his

opinions involved matters within his personal knowledge and experience not any

specialized knowledge within the scope of Rule 702).

Furthermore, paragraph 14 of Brown's report is irrelevant and should be

stricken.  To the extent Brown is suggesting he is an expert in DOL investigations

due to his limited experience with DOL investigations (a position which the DOL

disputes), any opinions on the "DOL's regular investigative process" are outside

the scope of his assignment and do not have any bearing on whether Defendants

acted prudently when they caused the ESOP to pay a purchase price in excess of

the fair market value for 100% of the company's capital stock. *See Alaska Rent-A-

Car v. Avis Budget Group, Inc.*, 738 F. 3d 960, 969 (9th Cir. 2013) (The court

should "screen… unreliable nonsense opinions."); *Townsend*, 303 F. Supp. 3d at

1019 ("An expert's testimony is relevant when the testimony is 'relevant to the

task at hand… *i.e.*, that it logically advances a material aspect of the proposing

party's case.'") (*citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F. 3d

1311, 1315 (9th Cir. 1995)).

### 2.  Brown is Not a Valuation Expert.

Brown readily admits he is not qualified to offer expert testimony on valuation and appraisal issues. Ex. C at 64, 211, 263. Yet Brown offers opinions on valuation in his expert report and rebuttal report, despite his acknowledged lack of qualifications on valuation. For example, Brown concludes that the Company stock price following the Transaction reflects that "the ESOP realized a discount in the purchase price." *Id.* at 12. Brown also critiques the valuation process employed by the Secretary's valuation expert, Ex. D at 11, ¶ 1, and challenges Sherman's comments on the control premium, *id.* at 11, ¶ 2. But Brown is not qualified to opine on the process of completing a business valuation and deciding a control premium because he has no training or experience in valuations. Ex. C at 64, 263. Accordingly, the Court should preclude Brown's testimony to the extent he opines on valuation issues.

## V.    CONCLUSION

For the foregoing reasons, the Secretary respectfully requests the Court exclude Brown's expert testimony in its entirety, or in the alternative, limit Brown's testimony to exclude the impermissible portions described above.

Dated: April 22, 2021                    Respectfully submitted,

                                         **ELENA S. GOLDSTEIN**
                                         Deputy Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**RUBEN R. CHAPA**
ERISA Counsel

/s/ Jing Acosta
**JING ACOSTA**
Trial Attorney

Attorneys for **MARTIN J. WALSH**,
Secretary of Labor, United States
Department of Labor, Plaintiff