# EXHIBIT "2"

Atkinson-Baker, Inc.
www.depo.com

```
 1                UNITED STATES DISTRICT COURT

 2                    DISTRICT OF HAWAII

 3                         - - -

 4   EUGENE SCALIA, Secretary of     )
     Labor, United States Department )
 5   of Labor,                       )
                                     )
 6              Plaintiff,           ) Case No.
                                     ) 1:18-cv-00155-
 7         vs.                       ) SOM-WRP
                                     )
 8   SHARON L. HERITAGE, as successor)
     to Nicholas L. Saakvitne,       )
 9   Deceased; NICOLAS L. SAAKVITNE, )
     A LAW CORPORATION, a California )
10   corporation; BRIAN J. BOWERS, an)
     individual; DEXTER C. KUBOTA, an)
11   individual; BOWERS + KUBOTA     )
     CONSULTING, INC., a corporation;)
12   BOWERS + KUBOTA CONSULTING,     )
     INC., EMPLOYEE OWNERSHIP PLAN,  )
13                                   )
                Defendants.          )
14   _____)

15

16              CONFIDENTIAL PORTION

17      REMOTE VIDEOCONFERENCE 30(b)(6) DEPOSITION OF

18                    MARCUS PIQUET

19                LOS ANGELES, CALIFORNIA

20                  SEPTEMBER 22, 2020

21


22


23   ATKINSON-BAKER, INC.
     (800) 288-3376
24   www.depo.com
     REPORTED BY:   CLAUDIA R. GARCIA, CSR NO. 12812
25   FILE NO.:  AE05F72
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                UNITED STATES DISTRICT COURT

 2                    DISTRICT OF HAWAII

 3                          - - -

 4   EUGENE SCALIA, Secretary of     )
     Labor, United States Department )
 5   of Labor,                       )
                                     )
 6              Plaintiff,           ) Case No.
                                     ) 1:18-cv-00155-
 7         vs.                       ) SOM-WRP
                                     )
 8   SHARON L. HERITAGE, as successor)
     to Nicholas L. Saakvitne,       )
 9   Deceased; NICOLAS L. SAAKVITNE, )
     A LAW CORPORATION, a California )
10   corporation; BRIAN J. BOWERS, an)
     individual; DEXTER C. KUBOTA, an)
11   individual; BOWERS + KUBOTA     )
     CONSULTING, INC., a corporation;)
12   BOWERS + KUBOTA CONSULTING,     )
     INC., EMPLOYEE OWNERSHIP PLAN,  )
13                                   )
                Defendants.          )
14   _____)

15

16

17

18

19

20         Remote Videoconference 30(b)(6) Deposition

21   of MARCUS PIQUET, taken on behalf of the Plaintiff,

22   commencing at 9:35 a.m., on Tuesday, September 22,

23   2020, before Claudia R. Garcia, Certified Shorthand

24   Reporter Number 12812.

25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                A P P E A R A N C E S:

 2


 3   For Plaintiffs:

 4       DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR
         BY:  AUSTIN CASE, ESQ.
 5       2300 Main Street
         Suite 1190
 6       Kansas City, Missouri  64108
         816.285.7283
 7       816.285.7287 (Fax)
         case.austin@dol.gov
 8
             -- and --
 9
         DEPARTMENT OF LABOR, OFFICE OF SOLICITOR
10       BY:  JING ACOSTA, ESQ.
         230 South Dearborn Street
11       Suite 1086
         Chicago, Illinois  60604
12       312.353.1145
         acosta.jing@dol.gov
13
     For Defendants Sharon L. Heritage, successor to
14   Nicholas L. Saakvitne, Deceased; Nicholas L.
     Saakvitne, a Law Corporation:
15
         MORGAN LEWIS & BOCKIUS LLP
16       BY:  DONALD L. HAVERMANN, ESQ.
         1111 Pennsylvania Avenue NW
17       Washington, District of Columbia  20004
         202.739.5072
18       202.739.3001 (Fax)
         donald.havermann@morganlewis.com
19

20   For the Defendants Brian J. Bowers and Dexter C.
     Kubota:
21
         HAWKINS PARNELL & YOUNG LLP
22       BY:  DAVID R. JOHANSON, ESQ.
              ROB THOMPSON, ESQ.
23       1776 Second Street
         Napa, California 94559
24       707.299.2470
         707.581.1704 (Fax)
25       djohanson@hpylaw.com
```

Case 1:18-cv-00155-SOM-WRP   Document 450-2   Filed 04/22/21   Page 5 of 17   PageID #: 10408
Atkinson-Baker, Inc.
www.depo.com

```
 1
     For the Defendant Brian J. Bowers and Dexter C.
 2   Kubota:

 3        HAWKINS PARNELL & YOUNG LLP
          BY:  DOUGLAS A. RUBEL, ESQ.
 4        P.O. Box 1285
          Cary, North Carolina 27512-1285
 5        404.614.7517
          404.614.7500 (Fax)
 6        drubel@hpylaw.com

 7   For the Defendants Bowers + Kubota Consulting, Inc.:

 8        CLAY CHAPMAN IWAMURA PULICE & NERVELL
          TOPA FINANCIAL CENTER
 9        BY:  SCOTT I. BATTERMAN, ESQ.
          700 Bishop Street
10        Suite 2100
          Honolulu, Hawaii 96813
11        808.535.8410
          808.535.8444 (Fax)
12        sib@paclawteam.com

13   For the Witness:

14         PARKER MILLIKEN CLARK O'HARA & SAMUELIAN
           BY:  RICHARD ROBINS, ESQ.
15         555 South Flower Street
           30th Floor
16         Los Angeles, California  90071
           213.683.6573
17         rrobins@pmcos.com

18   Also Present:

19        James Klebes

20        Dorian Hanzich

21        Michael Wen

22        Marisa Kovacs

23

24

25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                    I N D E X
 2   WITNESS:  MARCUS PIQUET
 3   EXAMINATION                                    PAGE
 4   By Mr. Case                                       9
 5   Afternoon Session                                93
 6
 7
 8                CONFIDENTIAL PORTIONS
 9                   Non-Confidential
10                     (1 - 156)
11                    (284 - 290)
12        Confidential Portions Bound Separately
13                    (157 - 283)
14
15
     E X H I B I T S:
16   (Confidential Exhibits are Bound Separately)
17   PLAINTIFF'S                                    PAGE
18   501 - Letter dated 10/17/2012 to Brian
            Bowers from Marcus Piquet, Bates
19          stamped DOL 001511 through -1518         105
20   505 - "Ambrose Advisors Basic ESOP
            Information"                              36
21
     508 - "Original Forecast EBITDA," Bates
22          stamped AMB_00000222
            (Confidential)                           165
23
24
25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                      I N D E X
                       (Continued)
 2

 3   E X H I B I T S:
     (Confidential Exhibits are Bound Under Separate
 4   Cover)

 5   PLAINTIFF'S                                       PAGE

 6   515 - Letter dated 12/5/2011 to Brian
             Bowers from Paul Vallone
 7           (Confidential)                             163

 8   516 - Memo dated 8/5/2013 to Brian Bowers
             on Nicholas L. Saakvitne letterhead,
 9           Bates stamped SAK000048 through -52
             (Confidential)                             160
10
     520 - "Bowers + Kubota ESOP:  Trustee
11           Meeting 12/3/12 Items for
             Discussion," Bates stamped
12           SAK000046
             (Confidential)                             225
13
     525 - "Preliminary Action Plan for
14           Complete Section 1042 Deferral for
             Both Sellers"
15           (Confidential)                             259

16   526 - "UBS Statement of Financial Condition"
             (Confidential)                             157
17
     527 - "UBS Statement of Financial Condition"
18           (Confidential)                             159

19   529 - "ESOP Stock Purchase Agreement,"
             Bates stamped AMB_00001374 through
20           -1415
             (Confidential)                             160
21
     531 - E-mail dated 12/5/2012 to Marcus R.
22           Piquet and others from Saaklaw@aol.com,
             Bates stamped AMB_00001646 through
23           -1648
             (Confidential)                             227
24

25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                        I N D E X
                         (Continued)
 2

 3    E X H I B I T S:
      (Confidential Exhibits are Bound Under Separate
 4    Cover)

 5    PLAINTIFF'S                                         PAGE

 6    534 - E-mail dated 12/5/2012 to Greg
              Hansen and others from Marcus R.
 7            Piquet, Bates stamped AMB_00001644
              and -1645                                    128
 8
      535 - E-mail dated 12/7/2012 to Greg
 9            Hansen and others from Marcus R.
              Piquet, Bates stamped AMB_00001654
10            through -1662
              (Confidential)                               245
11
      540 - E-mail dated 12/2/2012 to Brian
12            Bowers and others from Greg Hansen,
              Bates stamped AMB_00001975
13            (Confidential)                               236

14    545 - "Bowers + Kubota Consulting, Inc.,
              Employee Stock Ownership Plan,"
15            Bates stamped AMB_00002235
              (Confidential)                               216
16
      565 - E-mail dated 2/8/2013 to Greg Hansen
17            and others from Brian Bowers, Bates
              stamped AMB_00001305 and -1306
18            (Confidential)                               273

19    569 - E-mail dated 12/31/2012 to Dexter
              Kubota from Marcus Piquet, Bates
20            stamped AMB_00001334 through -1336
              (Confidential)                               271
21

22

23

24

25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                      I N D E X
                       (Continued)
 2

 3  QUESTIONS INSTRUCTED NOT TO ANSWER:

 4                      PAGE    LINE

 5                        56     19

 6                        63     22

 7                        64     10

 8                        67     18

 9                        68     10

10                        78     25

11                        97      7

12                       131      7

13                       192      2

14                       194     11

15                       195     10

16                       206     18

17                       229     17

18

19  INFORMATION REQUESTED:

20                      (NONE)

21

22

23

24

25
```

Atkinson-Baker, Inc.
www.depo.com

```
 1                (Confidential transcript
 2                beginning at Page 157 as
 3                follows:)
 4
 5                (Plaintiff's Exhibit 526 was
 6                marked for identification.)
 7    BY MR. CASE:
 8        Q.   Okay.  Mr. Piquet, is this the financial
 9    document that you mentioned earlier?
10             MR. JOHANSON:  Objection as to form.
11             MR. ROBINS:  I agree.  Can we start over in
12    terms of whatever he mentioned before just so we have
13    a clear record?
14             MR. CASE:  All right.  Okay.
15    BY MR. CASE:
16        Q.   Mr. Piquet, do you recognize this document?
17        A.   No, I do not.
18        Q.   Do you have any reason to doubt that you
19    would have received this document?
20             MR. JOHANSON:  Objection as to form.
21    Foundation.
22             THE WITNESS:  I'm pretty sure it's the first
23    time I've ever seen it.
24    BY MR. CASE:
25        Q.   Okay.  We'll try and refresh your
```

Atkinson-Baker, Inc.
www.depo.com

```
 1              by the court reporter as follows:
 2                   "QUESTION:  How quickly after
 3              the year-end are EBITDA numbers
 4              available, in your experience?")
 5              MR. ROBINS:  I think it's -- it's -- I'll
 6   object on the basis as vague and ambiguous, and calls
 7   for speculation.  But I'll let him answer.
 8              THE WITNESS:  Typically, second or third
 9   quarter of the subsequent year.
10   BY MR. CASE:
11        Q.   Do you know why the 2012 year wasn't
12   representative?
13              MR. JOHANSON:  Objection as to form and
14   foundation.
15              MR. ROBINS:  Object -- I join.
16              THE WITNESS:  No.  I don't know why.
17   BY MR. CASE:
18        Q.   What are some factors that could have caused
19   this type of thing?
20              MR. ROBINS:  Same objection.
21              MR. BATTERMAN:  Objection.  Calls for
22   speculation.  Calls for an expert opinion from a lay
23   witness.
24              MR. ROBINS:  I would join --
25              MR. BATTERMAN:  And speculation.
```

```
 1                MR. ROBINS:  -- that.
 2                (Speaking simultaneously.)
 3                (Whereupon the court reporter gives
 4      an admonishment not to speak over each other.)
 5                MR. ROBINS:  I also think it calls for total
 6      speculation.  It's kind of a waste of time, and he
 7      shouldn't -- he's not here -- he's not qualified, and
 8      he shouldn't be answering as to that.
 9                THE WITNESS:  So no answer.
10      BY MR. CASE:
11         Q.  When you created this document, what did you
12      think, if anything, might have caused the
13      unrepresentative numbers?
14                MR. BATTERMAN:  Objection --
15                MR. ROBINS:  I think he --
16                MR. BATTERMAN:  -- calls for --
17                MR. ROBINS:  Already --
18                MR. BATTERMAN:  -- speculation --
19                MR. ROBINS:  -- answered that --
20                MR. BATTERMAN:  -- lacks foundation.
21                (Speaking simultaneously.)
22                (Whereupon the court reporter gives
23      an admonishment not to speak over each other.)
24                MR. ROBINS:  In my last objection, I'd like
25      to make clear, I think he actually might be
```

Case 1:18-cv-00155-SOM-WRP   Document 450-2   Filed 04/22/21   Page 13 of 17   PageID #: 10416
Atkinson-Baker, Inc.
www.depo.com

```
 1   qualified.  I just think you're asking for expert
 2   testimony for something unrelated to this case.  And
 3   I --
 4           MR. JOHANSON:  I think --
 5           MR. ROBINS:  -- purpose.
 6           (Speaking simultaneously.)
 7           (Whereupon the court reporter gives
 8   an admonishment not to speak over each other.)
 9           MR. JOHANSON:  I think he's clearly calling
10   for expert testimony here from Mr. Piquet, and I join
11   in Mr. Batterman's objections.
12           THE WITNESS:  I can -- I can tell you,
13   Mr. Case, categorically, that when I created this
14   document, I didn't pass any judgment on why any of
15   this may be the case.
16           It was purely for purposes of determining,
17   is this lawsuit something I should be paying
18   attention to or not.  I would have no insight as to
19   what happened and why.
20   BY MR. CASE:
21      Q.  And what did you determine as to that
22   question?
23           MR. BATTERMAN:  Objection.  Misstates
24   testimony.  He just said he didn't determine.  Are
25   you asking what he determined as to his legal
```

Atkinson-Baker, Inc.
www.depo.com

```
 1    an admonishment not to speak over each other.)
 2             MR. CASE:  Yes.
 3             THE WITNESS:  No.
 4    BY MR. CASE:
 5        Q.   Did you discuss EBITDA projections of the
 6    company with anyone?
 7             MR. JOHANSON:  Objection -- objection.
 8    Foundation.  Mischaracterizes testimony.  Relies upon
 9    facts not in evidence.
10             MR. ROBINS:  I'll join in that objection.
11             THE WITNESS:  (No audible response.)
12    BY MR. CASE:
13        Q.   I didn't get the answer?
14        A.   The answer was, no, I didn't discuss this
15    with anybody.
16        Q.   Did you discuss the improperly applied
17    control premium with anyone after creating this
18    document?
19             MR. JOHANSON:  Objection.  Assumes facts not
20    in evidence.  Form and foundation.
21             MR. ROBINS:  I'll join in that objection.
22             THE WITNESS:  The answer, again, is no.
23    BY MR. CASE:
24        Q.   So the -- you know, last question in that
25    line is:  Did you discuss the last comment, "Enterprise
```

Atkinson-Baker, Inc.
www.depo.com

```
 1   value never close to recovering to 2012 levels," with
 2   anyone?
 3        A.   No.
 4        Q.   Have you discussed the improperly added
 5   control premium with anyone, ever, for this
 6   transaction?
 7             MR. JOHANSON:  Again, objection as to form.
 8   Foundation.  And assumes facts not in evidence.
 9             MR. ROBINS:  Join.
10             MR. BATTERMAN:  Join.
11             THE WITNESS:  I'm not sure if you got my
12   answer, but no, I don't believe so.  It's really not
13   my role.  I'm -- I'm just a third-party administrator
14   here.
15   BY MR. CASE:
16        Q.   So before, when I asked about the control
17   premiums, I asked if you discussed it, and I would
18   include in that, sending e-mails.
19             Did you send any e-mails to anyone about the
20   topics identified in your comments?
21        A.   Not that I recall.
22             MR. CASE:  Okay.  Mr. Wen, I'm going to ask
23   you to put a new exhibit up on the screen here.  I
24   want to get it right this time.  Let's put up
25   Exhibit 545.
```

Atkinson-Baker, Inc.
www.depo.com

```
 1   documents?
 2          MR. RUBEL:  You probably have them.  You've
 3   been putting them on the screen.
 4          MR. ROBINS:  Yeah.  You already have them.
 5   BY MR. CASE:
 6       Q.  Did you talk to anyone besides your attorney
 7   about your testimony today?
 8       A.  No.
 9       Q.  And did your attorney tell you factually how
10   to answer any questions today?
11          MR. ROBINS:  I'm not going to let him talk
12   about what his attorney told him.  That's not an
13   appropriate question.  I can't even imagine asking
14   that question.
15          MR. CASE:  Okay.  Well --
16          MR. ROBINS:  You're -- you're trying to pry
17   into the attorney/client privilege.  That's not
18   appropriate, and you know that.
19          MR. CASE:  No, no.  I --
20          MR. ROBINS:  I don't know how many
21   depositions I've been at.  I think that's the first
22   time I've ever heard that question.
23          MR. CASE: You're meeting with your client,
24   you know, while there were -- there were questions
25   open.  So we're entitled to ask him questions about
```

Atkinson-Baker, Inc.
www.depo.com

```
 1  that.
 2          MR. RUBEL:  No, you're not.  You're not
 3  entitled to anything; okay?
 4          (Whereupon we enter into the
 5          nonconfidential portion of
 6          Marcus Piquet's deposition
 7          transcript.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```