UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

---------------------------------

EUGENE SCALIA, Secretary of        )
Labor, United States               )   CASE NO. 1:18-cv-155-SOM-WRP
Department of Labor,               )
                                   )
        Plaintiff,                 )
                                   )              Volume II
    vs.                            )
                                   )
SHARON L. HERITAGE; NICHOLAS       )
L. SAAKVITNE, A LAW                )
CORPORATION; BRIAN J. BOWERS;      )
DEXTER C. KUBOTA; BOWERS +         )
KUBOTA CONSULTING, INC.;           )
BOWERS + KUBOTA CONSULTING,        )
INC. EMPLOYEE STOCK OWNERSHIP      )
PLAN,                              )
                                   )
        Defendants.                )
---------------------------------

        VIDEOTAPED DEPOSITION OF GREG HANSEN

        Taken on behalf of the Plaintiff Eugene Scalia,

Secretary of Labor, United States Department of Labor, via

Zoom video conference, commencing at 8:36 a.m., on

December 21, 2020, pursuant to Notice.


BEFORE:   SANDRA J. GRAN, CSR NO. 424
          Registered Professional Reporter

Grantsen - Confidential                                    235

1    APPEARANCES:

2    For the Plaintiff Eugene Scalia, Secretary of Labor, United
         States Department of Labor:

3
         RUBEN P. CHAPA, ESQ.
4        Office of the Solicitor
         U.S. Department of Labor
5        230 S. Dearborn, Room 844
         Chicago, Illinois 60604
6        Email chapa.ruben@dol.gov

7
     For the Defendants Nicholas L. Saakvitne, A Law Corporation
8        and Sharon L. Heritage, as successor to Nicholas L.
         Saakvitne, Deceased:
9
         OLUWASEUN O. FAMILONI, ESQ.
10       Morgan Lewis & Bockius LLP
         1111 Pennsylvania Avenue, NW
11       Washington, DC 20004
         Telephone 202-739-5520
12       Email sean.mcmahan@morganlewis.com

13
     For the Defendants Brian J. Bowers and Dexter C. Kubota:
14
         DAVID R. JOHANSON, ESQ.
15       ROBERT THOMPSON, ESQ.
         Hawkins, Parnell & Young, LLP
16       1776 Second Street
         Napa, California 94559
17       Telephone 707-299-2470
         Email djohanson@hpylaw.com
18       Email drubel@hpylaw.com

19
     For the Defendant Bowers + Kubota Consulting, Inc.:
20
         GERALD CLAY, ESQ.
21       Clay Chapman Iwamura Pulice & Nervell, AAL, ALC
         700 Bishop Street, Suite 2100
22       Honolulu, Hawaii 96813
         Telephone 808-535-8400
23       Email sib@paclawteam.com

24

25

Graupensen - Confidential                                    236

```
 1     For the Witness:

 2          DAVID J. MINKIN, ESQ.
            McCorriston Miller Mukai MacKinnon LLP
 3          Five Waterfront Plaza, 4th Floor
            500 Ala Moana Boulevard
 4          Honolulu, Hawaii 96813
            PO Box 2800
 5          Honolulu, Hawaii 96803
            Telephone 808-529-7300
 6          Email minkin@m4law.com

 7
       Video Technician:   Stephanie Chung
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Greg Hansen - Confidential                                      239

1                          GREG HANSEN

2                   having first been duly sworn,

3                  testified upon their oath as follows:

4                  (Reporter's Disclosure available to counsel.)

5              THE REPORTER:  Can we do appearances for the record,

6       please.

7              MR. JOHANSON:  Sure.  Dave Johanson here along with

8       my partner Rob Thompson.  We represent Brian J. Bowers and

9       Dexter C. Kubota.

10             MR. CHAPA:  Ruben Chapa on behalf of the Secretary

11      of Labor, U.S. Department of Labor.

12             MR. MINKIN:  David Minkin on behalf of Greg Hansen,

13      the deponent today.

14             MS. FAMILONI:  Shay Familoni for --

15             MR. CLAY:  Go ahead.

16             MS. FAMILONI:  Shay Familoni for Morgan Lewis.  I'm

17      here on behalf of the Saakvitne defendants, Sharon Heritage

18      and the Saakvitne Law Firm.

19             MR. CLAY:  Gerald Clay on behalf of the corporation,

20      Bowers + Kubota.

21             THE WITNESS:  Who is Shay Familoni?

22             MR. MINKIN:  For a third party, for -- for Saakvitne

23      or somebody else.

24             MR. JOHANSON:  Greg, Shay is -- represents the

25      Saakvitne defendants.

1    million?

2        A.   No.

3        Q.   Did you ever attempt to influence Mr. Saakvitne in

4    his pricing negotiations with Mr. Bowers and Mr. Kubota back

5    in December of 2014 -- or '12?

6        A.   No.

7        Q.   Did you ever try to signal to Mr. Saakvitne that he

8    should reach a purchase price or a fair market value of $40

9    million back at that time?

10       A.   No.

11       Q.   Did you ever communicate to Mr. Saakvitne any

12   information that was intended to limit Mr. Saakvitne's

13   discretion as the independent fiduciary and trustee of the

14   B+KC ESOT back in November and December of 2012?

15       A.   No.

16            MR. JOHANSON:  Mr. Thompson, could you move to DOL

17   Exhibit 660, please.

18       (Exhibit 660 marked for identification)

19   MR. JOHANSON:

20       Q.   You can go ahead -- if you'd like to just

21   refamiliarize yourself with this email, I'm just going to

22   describe it for the record while you do so, Greg.  It's an

23   email from you to Mr. Saakvitne November 21st, 2012, at

24   9:46:27 p.m. Pacific Standard Time and it's marked as

25   SAK000047 and DOL Exhibit 660.  Let me know when you've had a

Grahmnsen - Confidential                    260

1     chance to just refamiliarize yourself with this email.

2          A.    (Pause - referring.)   Go ahead.

3          Q.    Did -- do you have any doubts that you sent this

4     email in your capacity as counsel in the ordinary course of

5     business dating back to November 21st to 2012?

6          A.    No.

7          Q.    And in the -- there's a reference there to $40

8     million, do you see that in the third paragraph?

9          A.    Yes.

10         Q.    Were you attempting to fix the purchase price for

11    the December 14th, 2012, transaction there?

12         A.    No.

13         Q.    And were -- with that reference, were you attempting

14    to limit Mr. Saakvitne's discretion as independent fiduciary

15    and sole trustee of the B+KC ESOP?

16         A.    No.

17         Q.    Do you believe that Mr. -- was it your understanding

18    that Mr. Saakvitne would have to independently determine in

19    good faith that the purchase price to be paid by the ESOP was

20    not in excess of fair market value?

21         A.    Yes, that was the primary function that

22    Mr. Saakvitne was hired to perform.

23         Q.    Was the December 14th, 2012 a pre-baked or

24    predetermined deal priced at $40 million?

25         A.    No.

Greg Hansen - Confidential                    320

```
1              Mr. Chapa, are you ready to go, then, with no one
2    else having questions?
3              MR. CHAPA:  Yes.
4              MR. MINKIN:  Okay.  Let's -- let's get this done and
5    close the loop.  Thank you.
6              MR. CHAPA:  Yeah.  Thank you.
7                   EXAMINATION:  GREG HANSEN
8    MR. CHAPA:
9         Q.   All right.  Mr. Hansen, thank you again for coming
10   back for this deposition.  One thing I want to clarify, and I
11   think I know the answer, but I want to it make it absolutely
12   clear.  You were never the counsel for Mr. Saakvitne?
13        A.   Did he -- can you look into the camera?
14        Q.   Sure.
15        A.   It helps me understand.
16        Q.   I apologize.  You were never the counsel for
17   Mr. Saakvitne, were you?
18        A.   That is correct, I was never.
19        Q.   And you mentioned that -- that Mr. Bowers and
20   Mr. Kubota decided to hire an independent fiduciary at your
21   advice; correct?
22        A.   Yes.
23        Q.   And prior to them receiving this advice from you,
24   were they going to be the trustees or how was it going to
25   work?
```

Greg Johansen - Confidential                            321

```
 1         A.   Well, early on I told them that ERISA does not
 2    dictate who must be the trustee for the ESOP, but my advice
 3    early and often was to engage independent counsel,
 4    independent -- excuse me, an independent fiduciary.
 5         Q.   And there was a question about you knowing the --
 6    what Mr. Bowers and Mr. Kubota were -- were hoping to get from
 7    this transaction, do you recall that?
 8              MR. JOHANSON:  Objection as to form.
 9              THE WITNESS:  Go ahead?
10              MR. MINKIN:  You can still answer if -- if you can.
11              THE WITNESS:  Yeah, I believe I answered in my
12    earlier deposition that it's a standard practice of mine in
13    the initial -- the initial meeting where we talk all about
14    ESOPs and how they work and what the tax benefits are and what
15    the timeline are, that I always say to a client, What's your
16    wish list?  What number do you hope to get or what number is
17    the minimum that you would sell for?  And that I believe that
18    round number was thrown out and so that's probably where
19    the -- that round number came from, that was their --
20    MR. CHAPA:
21         Q.   And which round number are we talking about?
22         A.   40 million.
23         Q.   That was the -- that was the high point, that's how
24    much they ultimately wanted to receive?
25              MR. JOHANSON:  Objection as to form;
```

Greg Hansen - Confidential                                           322

1    mischaracterizes the witness's testimony.

2               MR. MINKIN:  Join.

3               THE WITNESS:  I don't characterize that number.  I

4    just remember that number as being thrown out.  It was a nice

5    easy round number to work with for purposes of examples and

6    discussion.

7    MR. CHAPA:

8        Q.   And that was their wish list, that's how much they

9    wanted to receive; correct?

10              MR. JOHANSON:  Objection; mischaracterizes the

11   witness's testimony.

12              MR. MINKIN:  Join, but you can answer again.

13              THE WITNESS:  I don't know about the term "wish

14   list."  I -- as I said, in an initial discussion of probably

15   two-three hours long, I expect they threw out that number, We

16   would hope to get this number.  And it's a nice round number

17   that for purposes of dialogue that everybody was using early

18   on.

19              MR. CHAPA:  That's all the questions I have.  Thank

20   you.

21              MR. JOHANSON:  Okay.  Mr. -- Mr. Minkin, if I could

22   have five to ten minutes, I just want to see if I can locate

23   this one document and then I will wrap up quickly.

24              MR. MINKIN:  Sure.  We'll come back at -- it's 11:31

25   Hawaii, we'll come back online at 11:40.  How's that?

Reporter's Certificate

```
 1                    C E R T I F I C A T E

 2    STATE OF HAWAII              )
                                   )      SS.
 3    COUNTY OF MAUI               )

 4            I, SANDRA J. GRAN, do hereby certify:

 5            That on December 21, 2020, at 8:36 a.m. appeared
      before me GREG HANSEN, the witness whose deposition is
 6    contained herein; that prior to being examined he was by me
      duly sworn or affirmed pursuant to Act 110 of the 2010 Session
 7    of the Hawaii State Legislature.

 8            That the deposition was taken down by me in machine
      shorthand and was thereafter reduced to typewritten form under
 9    my supervision; that the foregoing represents, to the best of
      my ability, a true and correct transcript of the proceedings
10    had in the foregoing matter.

11            That pursuant to Rule 30(e) of the Hawaii Rules of
      Civil Procedure, a request for an opportunity to review and
12    make changes to the transcript:

13        X     Was made by the deponent or a party (and/or
                their attorney) prior to the completion of the
14              deposition.
                Was not made by the deponent or a party (and/or
15              their attorney) prior to the completion of the
                deposition.
16              Was waived.

17            I further certify that I am not an attorney for any
      of the parties hereto, nor in any way concerned with the
18    cause.

19            DATED this 24th day of December, 2020, in Maui,
      Hawaii.

20

21

22    SANDRA J. GRAN, RPR, HI CSR 424

23

24

25
```

Page 328

1           W I T N E S S   C E R T I F I C A T E

2

3           I, GREG HANSEN, hereby certify that I have read the

4   foregoing typewritten pages 234 through 328, inclusive, and

5   corrections, if any, were noted by me, and the same is a true

6   and correct transcript of my testimony.

7                                                          Smh

8       Dated this  28th  day of  January  , 2020.1

9

10      _____

11          GREG HANSEN

12                                                          Smh

13      Signed before me this  28th  day of  January  , 2020.1

14

15

16      _____

17

18

19

20

21   EUGENE SCALIA, Secretary of Labor, United States Department of
         Labor vs. SHARON L. HERITAGE; NICHOLAS L. SAAKVITNE, A
22       LAW CORPORATION; BRIAN J. BOWERS; DEXTER C. KUBOTA;
         BOWERS + KUBOTA CONSULTING, INC.; BOWERS + KUBOTA
23       CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, CASE
         NO. 1:18-cv-155-SOM-WRP
24   December 21, 2020, S. Gran

25

REC'D FEB 0 4 2021

# WITNESS CORRECTION SHEET

## CASE: SCALIA VS. HERITAGE; CASE NO. 1:18-CV-155 SOM-WRP

## DEPOSITION OF GREG HANSEN (VOLUME II) (VIDEOTAPED), TAKEN ON 12-21-20.

| PAGE | LINE | CORRECTION | REASON |
|------|------|------------|--------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(If additional space is needed, attach a blank sheet)

Signature of Deponent: _____  Date: 1/28/2021

====================================================================

# CERTIFICATE

[X] Please be advised that the deponent signed and/or made corrections to the deposition within 30 days of notification.

[ ] Please be advised that 30 days have expired and the deponent has failed to read and sign the deposition.

[ ] Please be advised that signature and/or corrections were received and are **not being filed** with the transcript because:

    [ ] the deponent failed to sign and/or make corrections within 30 days after notification that the transcript was available for review.

    [ ] a request for an opportunity to review the transcript was **not** made by the deponent or a party before completion of the deposition.

[ ] Please be advised that the above-named case is going to trial and/or hearing and the deponent has **not** had 30 days to read and sign the deposition before the filing of this transcript with the Court.

DATED: 2-10-21 , HONOLULU, HAWAII.

CSR NO. 179

*Ralph Rosenberg* by dy
**Ralph Rosenberg Court Reporters, Inc.**
*1001 Bishop Street, Suite 2460, Honolulu, HI 96813*
**Phone: (808) 524-2090  Fax: (808) 524-2596**

REC'D FEB 0 4 2021

JAN