IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTY WALSH, Secretary of Labor, United States Department of Labor,<br><br>   Plaintiff,<br><br> vs.<br><br>NICHOLAS L. SAAKVITNE, an individual; NICHOLAS L. SAAVITNE, A LAW CORPORATION, a California Corporation; BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>   Defendants.<br>_____ | CIVIL NO. 18-00155 SOM-WRP<br><br>ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT BETWEEN THE GOVERNMENT AND THE SAAKVITNE DEFENDANTS BUT DELAYING ENTRY OF CONSENT JUDGMENT;<br><br>ORDER DENYING MOTION FOR ENTRY OF BAR ORDER |

**ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT BETWEEN THE GOVERNMENT AND THE SAAKVITNE DEFENDANTS BUT DELAYING ENTRY OF CONSENT JUDGMENT; ORDER DENYING MOTION FOR ENTRY OF BAR ORDER**

**I.  INTRODUCTION.**

  Brian Bowers and Dexter C. Kubota operated Bowers + Kubota Consulting, Inc. (the "Company"). Bowers and Kubota created an Employee Stock Ownership Plan called Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan (the "ESOP"), which allegedly paid more money for ownership of the Company than it was worth.

  In relevant part, the Secretary of Labor (the "Government"), proceeding under the Employee Retirement Income

Security Act of 1974 ("ERISA"), is suing Bowers and Kubota, the Company, the ESOP, Nicholas L. Saakvitne (the now-deceased first trustee of the ESOP whose successor is Sharon L. Heritage), and the first trustee's law firm, alleging that the sale to the ESOP improperly benefitted Bowers and Kubota to the detriment of the ESOP.

The Government has settled its claims against Heritage and Saakvitne's law firm (collectively, "Saakvitne Defendants") and seeks to have this court enter a Proposed Consent Order and Judgment.  That document is contingent on the filing of a Proposed Bar Order.  The Proposed Bar Order prohibits Bowers, Kubota, the Company, and the ESOP (the "Nonsettling Defendants") from asserting claims against the Saakvitne Defendants.  The court grants the unopposed motion for entry of the Proposed Consent Order and Judgment.  However, the court denies the motion for entry of the Proposed Bar Order.  Because the motion for entry of the Proposed Consent Order and Judgment is contingent on the entry of the Proposed Bar Order, the court will not enter the Proposed Consent Order and Judgment absent an express request for such entry from the Government and the Saakvitne Defendants notwithstanding the absence of the Proposed Bar Order.

**II.     BACKGROUND.**

The Government has settled its claims against the Saakvitne Defendants for what remains of a $3,000,000 insurance

policy.  *See* ECF No. 398, PageID # 9002 (stating that there is "a $3 million wasting insurance policy").  Insurance proceeds from the $3 million policy are being used to pay for this litigation, meaning that the amount of insurance proceeds available to pay for any successful claim will decrease as litigation costs increase.  *See id.*

According to Paragraph C of the Proposed Consent Order and Judgment, the Saakvitne Defendants and the Government agree to use the insurance proceeds to pay for the following: $50,000 for legal costs and $1,800,000 plus what ever remains of the insurance policy to settle the claims.  According to Paragraphs II(A) and (C) of the agreement, $1,458,000 will be paid to the "ESOP" and $292,000 will be paid to the Government as a penalty.  According to Paragraph II(E) of the agreement, 80 percent of any remaining insurance policy proceeds and any unused money set aside for attorneys' fees will be paid to the ESOP, and 20 percent to the Government as a penalty.

According to Paragraphs III(A) and (C) of the Proposed Consent Order and Judgment, the Saakvitne Defendants agree: 1) that they have not and will not seek contribution or indemnification from the Company or the ESOP for money paid to settle the claims; and 2) that they will not assert any claims against the Company or the ESOP arising or accruing before the

date of the Consent Order and Judgment relating to the stock purchase agreement at issue in this case.

Paragraph IV(A) of the Proposed Consent Order and Judgment provides that it is a full, final, and complete resolution of the claims between the Government and the Saakvitne Defendants." Paragraph IV(D) of the Proposed Consent Order and Judgment further provides, "Nothing in this Consent Order and Judgment shall preclude the [Government] from initiating or continuing any audit or investigation, or from pursuing any claims or actions, against any entities or persons relating to any ERISA-covered plan." Instead, those claims are "expressly preserved." Paragraph VII(B) similarly states, "Nothing in this Consent Order and Judgment shall limit or impair the [Government's] rights of claims for recovery and equitable relief against Defendant Brian J. Bowers, Defendant Dexter C. Kubota, . . . [the Company, and the ESOP,] or its insurers, including rights to attorney's fees and costs in the lawsuit." In Paragraph III(D), the Saakvitne Defendants agree to cooperate with the Government with respect to the litigation in this matter.

According to Paragraph B, the Consent Order and Judgment is contingent on the entry of the Proposed Bar Order.

Paragraph 1 of the Proposed Bar Order seeks to bar and enjoin the Nonsettling Defendants from asserting claims of

contribution and indemnification that arise from or in any way relate to the claims released in the Consent Order and Judgment. Paragraph 2 of the Proposed Bar Order similarly bars claims by the Saakvitne Defendants against the Nonsettling Defendants.

Paragraph 3 of the Proposed Bar Order is intended to alleviate any prejudice to the Nonsettling Defendants by providing that, if the Government recovers damages arising from or relating to the released claims, any judgment "shall be reduced by an amount equal to the greater of (a) the amount that represents the proportional share, attributable to the Saakvitne Defendants, of losses or damages, if any, or (b) the total Restoration Amount that the Saakvitne Defendants are required to restore pursuant to the Consent Judgment."

Paragraph 5 of the Proposed Bar Order provides that it shall not be construed as indicating that ERISA provides contribution or indemnity rights among fiduciaries.

**III.     ANALYSIS.**

    **A.   The Court Grants the Motion for Entry of the Consent Judgment and Order But Denies the Motion for Entry of the Bar Order.**

Bowers and Kubota do not object to the entry of the Proposed Consent Order and Judgment, except insofar as it contemplates entry of the Proposed Bar Order, which they oppose in part. *See* ECF No. 416, PageID # 9262. No other party opposes the entry of the Proposed Consent Order and Judgment. Thus, the

court grants as unopposed the motion for entry of the Proposed Bar Order and Judgment. However, the court delays entry of the Proposed Consent Order and Judgment pending guidance from the Government and the Saakvitne Defendants as to whether they continue to seek entry of that document in the face of this court's decision declining to enter the Proposed Bar Order.

The Ninth Circuit recognizes "an overriding public interest in settling and quieting litigation." *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989). Nevertheless, it notes that:

> obtaining a settlement in multi-party litigation may be quite complex. The facts specified in the pleadings may give rise to cross claims or counterclaims based on contribution or indemnity. In such cases, settling defendants cannot obtain finality unless a "bar order" is entered by the court. In essence, a bar order constitutes a final discharge of all obligations of the settling defendants and bars any further litigation of claims made by nonsettling defendants against settling defendants.

*Id.* at 1225. Without a bar order, a settling defendant in a multi-defendant case would be "courting disaster." *Id.* at 1229. Notwithstanding the "overriding public interest" in settling claims, this court must ensure that partial settlements do not prejudice nonsettling defendants.

A court may issue a bar order with respect to contribution and indemnity claims when: (1) a settlement is in good faith and (2) the nonsettling parties are not prejudiced,

because, for example, a "proportionate share" approach is used to determine the liability of the nonsettling parties for contribution and indemnity claims. *See In re Consol. Pinnacle W. Secs. Litig.*, 51 F.3d 194, 196-197 (9th Cir. 1995) (examining whether "the Nonsettlors are left in the same position they would have been in if the other parties had not settled" (quotation marks and citation omitted)); *accord Renfrew v. Toms*, 109 F. App'x 143, 146 (9th Cir. 2004) ("Bar orders are appropriate so long as the court finds that (1) the settling defendants are settling in good faith, and (2) a 'proportionate share' approach is used at trial to determine the liability of non-settling defendants."); *see also Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (stating that nonsettling parties lack standing to challenge a partial settlement unless they can demonstrate "some form of legal prejudice as a result of the settlement").

In evaluating partial settlements, the Ninth Circuit has rejected an offset approach to alleviating prejudice. Under that approach,

> the entire amount of damage is determined at a full trial, the settlement amount is deducted from that amount, and the nonsettling defendants are required to pay the remainder." *Id.* at 1230. Plaintiffs may be tempted to engage in collusion with certain defendants. By accepting a low partial settlement, plaintiffs would be able to fund further litigation with no diminution of the total amount eventually received.

7

> Similarly, plaintiffs could effect low settlements with defendants who had limited resources, and thereby force wealthier defendants to pay more tha

*Id.* The Ninth Circuit noted that, under the offset approach, a good faith hearing would require a pretrial evidentiary hearing that would negate the benefits of settling. *Id.* Additionally, a settling defendant might settle for less because the plaintiff would not have to fully litigate the matter. In that case, under the offset approach, nonsettling defendants would be forced to pay for the discount. *Id.*

Instead of the offset approach, the Ninth Circuit has approved of a proportional approach where

> a partial settlement [is] approved by the district court under Rule 23. Nonsettling defendants are then barred from further rights of contribution from the settling defendants. At trial, the jury is asked not only to determine the total dollar damage amount, but also the percentage of culpability of each of the nonsettling defendants as well as that of the settling defendants. Nonsettling defendants as a whole will then be required to pay the percentage of the total amount for which they are responsible. The nonsettling defendants will be jointly and severally liable for that percentage, and will continue to have rights of contribution against one another.

*Id.* Because the right to contribution is an equitable doctrine, apportioning damages on the basis of relative culpability is appropriate. *Id.* The proportional approach serves "the statutory goal of punishing each wrongdoer, the equitable goal of

8

limiting liability to relative culpability, and the policy goal of encouraging settlement." *Id.*

In the present case, there is no contention that the settlement was not in good faith. Accordingly, this court examines whether the Nonsettling Defendants are or are not prejudiced. *See In re Consol. Pinnacle W. Secs. Litig.*, 51 F.3d at 196-197. With respect to potential contribution claims, Paragraph 3 of the Proposed Bar Order provides that any judgment in the Government's favor against the Nonsettling Defendants "shall be reduced by an amount equal to the greater of (a) the amount that represents the proportional share, attributable to the Saakvitne Defendants, of losses or damages, if any, or (b) the total Restoration Amount that the Saakvitne Defendants are required to restore pursuant to the Consent Judgment." For purposes of contribution, this apportionment protects the Nonsettling Defendants by limiting their liability, assuming the scheduled nonjury trial results in a proportionate share determination.

The Nonsettling Defendants seek to preserve the possibility of filing future indemnity claims. Courts recognize not only express contracts of indemnity but also equitable implied indemnity when indemnification is implied from a contract that does not expressly mention indemnity. *See Singh v. John Gargas Landslide Repairs*, 588 F. Supp. 1359, 1362 (C.D. Cal.

9

1984).  Courts also recognize that a party may have a right to indemnity "when justice demands there be the right."  *Schweber Elecs. v. Nat'l Semiconductor Corp.*, 174 Ariz. 406, 410, 850 P.2d 119, 123 (Ct. App. 1992) (citing Restatement of Restitution, section 76 (1937)).  At the hearing on the present motions, Bowers and Kubota indicated that there is no express contract of indemnity.  Bowers and Kubota's Opposition to the motions does not claim that they have indemnity rights that would be extinguished by the Proposed Bar Order.  They also failed to identify circumstances from which an indemnity agreement might be implied or equitably justified.

        Given the breadth of the Proposed Bar Order, however, the court is concerned that it potentially prejudices the Nonsettling Defendants by encompassing independent claims, not just conventional claims for contribution and indemnity.  Accordingly, this court is not persuaded that the Nonsettling Defendants "are left in the same position they would have been in if the other parties had not settled."  *In re Consol. Pinnacle W. Secs. Litig.*, 51 F.3d at 196-197 (quotation marks and citation omitted).  *In re Heritage Bond Litigation*, 546 F.3d 667 (9th Cir. 2008), is instructive on this point, even though it arose under different circumstances.  That case involved the settlement of a complex securities fraud case in which bar orders issued prohibiting nonsettling defendants from asserting future claims

10

against settling defendants "arising out of or related to . . . any of the transactions or occurrences alleged." *Id.* at 670. The Ninth Circuit held that the bar orders were improperly broad and that, under the Private Securities Litigation Reform Act of 1995 and California Civil Code of Civil Procedure section 877.6, "the orders should have been limited to claims for contribution and indemnity or disguised claims for such relief." *Id.* Instead, the bar orders in the case were impermissibly broad because they also barred independent claims, which the Ninth Circuit defined as "those where the injury is not the non-settling defendant's liability to the plaintiff." *Id.* at 671; *see also id.* at 677-79. Focusing on whether independent claims were barred, the Ninth Circuit ruled that only claims of contribution and indemnity (and disguised claims of contribution and indemnity) could fall within a bar order. *Id.* at 679.

Paragraph 1 of the Proposed Bar Order bars and enjoins the Nonsettling Defendants

> from presenting in this action, or in any other action, proceeding, administrative agency or any other forum, against the Saakvitne Defendants any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles, that arise from or relate in any way to the Secretary's claims released in the Consent Judgment.

ECF No. 399-1, PageID # 9023.

11

The express terms of the Proposed Bar Order invite disputes about whether a future claim is limited to one for contribution and indemnity, or whether the future claim is an independent claim.  The Proposed Bar Order purports to cover claims "however denominated and regardless of the allegations, facts, law, theories, or principles, that arise from or relate in any way to" the claims being settled.  To the extent the Proposed Bar Order seeks to draw within the purview of contribution and indemnity claims even independent claims, it does not leave the Nonsettling Defendants "in the same position they would have been in if the other parties had not settled."  *In re Consol. Pinnacle W. Secs. Litig.*, 51 F.3d at 196-197 (quotation marks and citation omitted); *In re Heritage Bond Litig.*, 546 F.3d at 679-80.  It risks extinguishing Nonsettling Defendants' claims without compensation.

In declining to enter the Proposed Bar Order, the court is not adopting Bowers and Kubota's contention that the Proposed Bar Order affects rights under a tolling agreement they entered into with the Saakvitne Defendants.  The tolling agreement was intended to stop the running of the limitations period for claims.  The breach of the tolling agreement is the only express contract specifically identified in Bowers and Kubota's Opposition.  *See* ECF No. 416, PageID # 9264.  However, Bowers and

Kubota conceded at the hearing on the present motions that the tolling agreement is no longer in effect.

Instead, at the hearing on the present motions, the Nonsettling Defendants mentioned for the first time that Saakvitne and/or his law firm had a contractual duty to maintain $3 million in insurance, and that using insurance proceeds to settle this case deprives the Nonsettling Defendants of their contractual right to have such insurance proceeds available for claims they may assert. Nonsettling Defendants did not point the court to anywhere in the record that this contractual provision appears. This court therefore cannot at this point determine whether the provision indeed required the maintenance of $3 million of insurance running in favor of the Nonsettling Defendants. The Saakvitne Defendants, for their part, did not protest that there was no such contractual right.

A claim relating to the breach of an alleged contractual requirement that $3 million in insurance be maintained may or may not be an independent claim. At the hearing on the motion seeking entry of the Proposed Bar Order, this court pressed the Nonsettling Defendants as to the nature of claims that they were concerned about preserving. They responded with reference to possible legal malpractice claims. With no cross-claims or third-party claims filed in this action, they also mentioned that, if they are ultimately found not liable at

all in the present lawsuit, they may commence an entirely new action against the Saakvitne Defendants seeking reimbursement of attorneys' fees and costs incurred in this action. What the court is concerned about is the very real possibility that, as presented to the court, the Proposed Bar Order will give rise to new litigation about whether specific claims are independent or are for contribution and indemnity. This court realizes that it could enter the Proposed Bar Order and leave it to a future case to resolve that issue. But this court sees no reason to put its stamp of approval on a provision that so loudly cries out for further lawsuits. The burden is on the parties seeking the Proposed Bar Order to establish that the Nonsettling Defendants are "left in the same position they would have been in if the other parties had not settled." *In re Consol. Pinnacle W. Secs. Litig.*, 51 F.3d at 196-197 (quotation marks and citation omitted); *In re Heritage Bond Litig.*, 546 F.3d at 679-80. The movants do not meet their burden.

      Under these circumstances, the court declines to enter the Proposed Bar Order notwithstanding the policy of this court to promote settlement before trial. This denial is without prejudice to another motion based on a different proposed bar order or determination of liability such that the scope of any bar is more clearly identified.

**IV.     CONCLUSION.**

The court grants the request for entry of the Proposed Consent Order and Judgment but denies without prejudice the request for entry of the Proposed Bar Order.  The court, however, will not enter the Proposed Consent Judgment and Order at this time.  Instead, it looks for guidance from the Government and the Saakvitne Defendants.  If the parties wish to submit an Amended Proposed Bar Order that clearly protects the Nonsettling Defendants' rights to bring independent breach of contract and tort claims arising out of the same facts, then this court's analysis of potential prejudice may differ.  The parties may, of course, file a second motion for entry of a bar order once the liability of all of the Defendants has been established.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 22, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Stewart v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT BETWEEN THE GOVERNMENT AND THE SAAKVITNE DEFENDANTS BUT DELAYING ENTRY OF CONSENT JUDGMENT; ORDER DENYING MOTION FOR ENTRY OF BAR ORDER