# EXHIBIT "2"

**U.S. DEPARTMENT OF LABOR**

Office of the Solicitor
230 South Dearborn Street
Chicago, Illinois 60604



Reply to: SOL:JZA
Telephone: 312/353-1145
Telefax: 312/353-5698

**VIA EMAIL ONLY (sean.mcmahan@morganlewis.com)**

November 23, 2020

Howard L. Kaplan
c/o Sean McMahan
83 Blue Surf Court
Jasper, GA 30143
hkaplan@kaplanfiduciary.com

      Re:    <u>Scalia v. Heritage, et al.</u>
              Case No. 1:18-cv-00155-SOM-WRP

Dear Mr. Kaplan:

Enclosed is a subpoena which requires you to produce certain documents and records in connection with the above-referenced litigation.

Please be advised that it will not be necessary for anyone to appear at our office if you send the documents to the undersigned's office on or before the date noted. Please produce the documents electronically by email to acosta.jing@dol.gov.

If any documents requested are not furnished based on a claim of privilege, please provide a privilege index identifying such documents.

If you have any questions concerning the subpoena or the documents required to be produced, please contact the undersigned at (312) 353-1145. Thank you for your attention to this matter.

Sincerely,

**CHRISTINE Z. HERI**
Regional Solicitor

By s/ Jing Acosta
    **Jing Acosta**
    Trial Attorney

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | |
|---|---|
| Eugene Scalia, Secretary of Labor ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:18-cv-00155-SOM-WRP |
| Heritage, et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Howard L. Kaplan
83 Blue Surf Court, Jasper, GA 30143

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachement A.

| Place: U.S. Dept. of Labor, Office of Solicitor, 61 Forsyth Street S.W., Room 7T10, Atlanta, GA 30303 or electronically to acosta.jing@dol.gov | Date and Time: 12/07/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/23/2020

*CLERK OF COURT*

OR

_____     s/Jing Acosta
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eugene Scalia, Secretary of Labor, U.S. Department of Labor                              , who issues or requests this subpoena, are:
Jing Acosta, Trial Attorney, 230 S. Dearborn St., Rm. 844, Chicago, IL 60604, acosta.jing@dol.gov; (312) 353-1145

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00155-SOM-WRP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Sean McMahan, counsel for Defendants Heritage and Saakvitne Law Corp. via email at sean.mcmahan@morganlewis.com

on *(date)* 11/23/2020 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/23/2020

s/Jing Acosta
*Server's signature*

Jing Acosta, Trial Attorney
*Printed name and title*

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St, Suite 844
Chicago, IL 60604
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO SUBPOENA DUCES TECUM
# HOWARD L. KAPLAN

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), requests that Howard L. Kaplan ("Kaplan" or "you") produce the following documents and serve his production on the undersigned within fourteen days after this subpoena is served.

## DEFINITIONS

1. "Kaplan," "you" or "your" means Howard L. Kaplan, or any agents, representatives, affiliates, or other persons acting on his behalf.

1. "Expert Report" means the Expert Report of Howard L. Kaplan in the matter of Scalia v. Heritage, et al. (Case No. 18-cv-155), due to the Secretary of Labor by November 30, 2020.

2. "Defendant B+K" means Bowers + Kubota Consulting, Inc. and all of its predecessors, successors, subsidiaries and affiliates, and all of its present or former officers, directors, employees, accountants, agents, attorneys, advisors and any other persons acting or purporting to act on its behalf or under its direction or control, including all wholly or partially owned subsidiaries before the ESOP Transaction.

3. "ESOP" means the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan.

4. "ESOP Transaction" means the December 14, 2012 transaction by which the ESOP purchased 100 percent of the shares of B+K stock for $40 million,

1

and all associated loans, warrants, and transfers of B+K stock.

    5.    "Defendant Bowers" means Defendant Brian J. Bowers, President and member of the Board of Directors of Bowers + Kubota Consulting, Inc., and any agents, representatives, affiliates, or other persons acting on his behalf.

    6.    "Defendant Kubota" means Defendant Dexter C. Kubota, Vice President and member of the Board of Directors of Bowers + Kubota Consulting, Inc., and any agents, representatives, affiliates, or other persons acting on his behalf.

    7.    "Defendant Saakvitne" means Defendant Nicholas L. Saakvitne, deceased, formerly of Nicholas L. Saakvitne, A Law Corporation, and any agents, representatives, affiliates, or other persons acting on his behalf.

    8.    "LVA" means Libra Valuation Associates, and all of its predecessors, successors, subsidiaries and affiliates, and all of its present or former officers, directors, employees, accountants, agents, attorneys, advisors and any other persons acting or purporting to act on its behalf or under its direction or control.

    9.    "Kniesel" means Mr. Gregory E. Kniesel, principal of LVA, and any agents, representatives, affiliates, or other persons acting on his behalf.

    10.    "Hansen" means Mr. Gregory M. Hansen of Case Lombardi & Pettit and any agents, representatives, affiliates, or other persons acting on his behalf.

    11.    "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    12.    "Document" or "Documents" means all writings, recordings,

photographs, originals and duplicates (as those terms are used in Federal Rule of Evidence 1001), of any nature whatsoever within your possession, custody, or control, or the possession, custody, or control of any agent, employee, representative, or other persons acting or purporting to act for or on your behalf, and includes Documents located in personal files and on personal computers. "Document" or "Documents" includes, but is not limited to, contracts, agreements, correspondence (including, but not limited to, email), memoranda, reports, Plan amendments, Plan resolutions, letters, notices, authorizations, ledger books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, work papers, notes, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, reports or summaries of negotiations, marginal notations, bills, invoices, checks, bank statements, lists, journals, e-mails, texts or any other method of electronic communication.

13. "Related to" or "Relating to" means refer to, reflect, describe, depict or be in any way connected to the matter discussed.

## INSTRUCTIONS

1. Each request is to be answered separately and as completely as possible.

2. Documents shall be produced regardless of whether they are in your possession or within the control of your attorneys, agents, employees, investigators, or representatives.

3. Without limitation of the term "control," a Document shall be deemed in your control if you have the right to secure the Document or a copy thereof from another person or public or private entity having possession or custody thereof. If a Document is responsive to a request for production and is in your control, but is not in your possession or custody, you are requested to identify the person with possession or custody.

4. If any portion of any Document is responsive to any request, then the entire document must be produced. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder of the Document and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. Documents shall be produced in the order in which they appear in their files, and Documents shall not be shuffled or otherwise rearranged. Documents that were stapled, clipped, or otherwise fastened together in their original condition shall be produced in such form.

6. Each Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive; and the words "all," "every," "any," and "each" shall be construed as "all and each" and "any and all," the word "including" means "including without limitation," and words importing one gender shall include both genders. All words and phrases shall

be construed as masculine, feminine, or neither gender, according to the context. The present tense shall be construed to include the past tense and vice versa.

7. If any responsive Document is withheld in whole or in part for any reason, including any claim of privilege, set forth separately with respect to each such document: (a) the type of document (e.g., letter, memorandum, etc.); (b) the general subject matter of the Document; (c) the date of the Document; (d) the author(s) of the Document; (e) the addressee(s) or recipient(s) of the Document; (f) the identity of all persons to whom the Document was disclosed; (g) the relationship of the author, addressees and recipients to each other; and (h) the nature of the privilege or other rule relied on in withholding production of the Document.

8. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats:  Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks.  Files of the preceding types can be submitted in a ZIP compressed format.  Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents.  Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

9. To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disc–Read Only Memory (CD-ROM), Digital Versatile Disc–Read Only Memory (DVD), or USB hard drive.

10. If a portion of any responsive Document is protected from disclosure by privilege, work product, or otherwise, such Document must be produced with redaction of only the portion claimed to be protected.

11. If you maintain that any document or record requested has been lost or destroyed, set forth the subject matter of such document, the locations and identities of the former custodians of all copies of such document, the dates of destruction, and the identities of the persons authorizing such destruction, if any.

## DOCUMENTS TO BE PRODUCED

1. All documents Kaplan considered in forming his opinions for the Expert Report under Federal Rule of Evidence 702, 703 or 705 in this matter.

2. All documents related to Kaplan's preparation of the Expert Report in this matter.

3. All expert reports or deposition or trial transcripts in which, during the previous four years, Kaplan testified as an expert at trial or by deposition.

4. All communications between and amongst Kaplan or any of his agents, Defendant Bowers, Defendant Kubota, Defendant B+K, Defendant Saakvitne, Kniesel, and/or Hansen, or anyone acting on their behalf, including attorneys,

relating to the ESOP or your work in forming your opinions for the Expert Report under Federal Rule of Evidence 702, 703 or 705 in this matter.

5. All documents related to payments Kaplan received from the ESOP, Defendant Saakvitne, Defendant B+K, Defendant Bowers, and/or Defendant Kubota, or anyone acting on their behalf, including attorneys.

6. All treatises Kaplan relied upon to come to his opinions in this matter.

7. All agreements, including retainer agreements, between or amongst Kaplan and Defendant Bowers, Defendant Kubota, Defendant Saakvitne, Defendant B+K and/or the ESOP.

8. All communications to or from Kaplan relating to B+K.

9. All communications to or from Kaplan and Defendant Saakvitne, Defendant Bowers, Defendant Kubota, the ESOP, and/or Defendant B+K, including communications:

    a. Relating to compensation for the Expert Report;

    b. Relating to compensation for the testimony of Kaplan;

    c. Identifying facts or data provided by Defendant Saakvitne, Defendant B+K, Defendant Bowers, or Defendant Kubota and considered by Kaplan in developing the Expert Report and/or his opinions; and

    d. Identifying assumptions provided by Defendant Saakvitne, Defendant B+K, Defendant Bowers, or Defendant Kubota and relied upon or reviewed by Kaplan in preparing and developing the Expert Report and/or his opinions.

10. All minutes and notes created or reviewed by Kaplan with respect to the Expert Report, including:

    a. Minutes and notes from interviews, conversations, meetings or other Communications with Defendant Saakvitne, Defendant Bowers, Defendant Kubota, Defendant B+K, Kniesel, and/or Hansen, or anyone acting on their behalf, including attorneys;

    b. Minutes and notes from interviews, conversations, meetings or other Communications with any other experts in this litigation.

11. List of the names and titles of all the employees, agents or representatives of Kaplan, who were involved in the process of gathering information, analyzing data and drafting the Expert Report.