# EXHIBIT "7"



# Transcript of **Kenneth Pia**

Tuesday, February 9, 2021

*Eugene Scalia v. Sharon L. Heritage*

www.trustpoint.one
www.aldersonreporting.com
800.FOR.DEPO (800.367.3376)
Scheduling@Trustpoint.One

Reference Number: 98622

```
 1                  UNITED STATES DISTRICT
                       DISTRICT OF HAWAII
 2   _____
     EUGENE SCALIA, Secretary of Labor,   :
 3   United States Department of Labor    :
                                          :
 4              Plaintiff,                :
     VS.                                  :
 5                                        :
     SHARON L. HERITAGE, as successor to  :
 6   Nicholas L. Saakvitne, Deceased;     :
     NICHOLAS L. SAAKVITNE, A LAW         :    CASE NO.
 7   CORPORATION, a California            :
     corporation; BRIAN J. BOWERS, an     :    1:18-CV-00155-SOM-WRP
 8   individual; DEXTER C. KUBOTA, an     :
     individual; BOWERS + KUBOTA          :
 9   CONSULTING, INC., a corporation;     :
     BOWERS + KUBOTA CONSULTING, INC.,    :
10   EMPLOYEE STOCK OWNERSHIP PLAN        :
                                          :
11              Defendants
     _____
12

13          REMOTE DEPOSITION OF: KENNETH J. PIA, JR.

14                    February 9, 2021

15
                           HELD AT:
16
                         Marcum, LLP
17                 450 East Las Olas Boulevard
                  Fort Lauderdale, Florida 33301
18

19

20
              Reporter:  Victoria L. Germani, CSR, RPR
21

22

23

24

25
```

```
 1     ALL PARTIES APPEARED REMOTELY:

 2
       REPRESENTING THE PLAINTIFF:
 3
       U.S. DEPARTMENT OF LABOR
 4     Office of the Solicitor
       230 S. Dearborn Street, Suite 844
 5     Chicago, Illinois 60604
       PHONE: 312-353-1145
 6     E-MAIL: chapa.ruben@dol.gov
       BY:   RUBEN R. CHAPA, ESQ.
 7           JING ACOSTA, ESQ.
             DORIAN HANZICH, ESQ.
 8

 9     REPRESENTING THE DEFENDANTS BRIAN J. BOWERS AND DEXTER C.
       KUBOTA:
10
       HAWKINS PARNELL & YOUNG, LLP
11     1776 Second Street
       Napa, California 94559
12     PHONE: 707-226-8997
       E-MAIL: djohanson@hpylaw.com
13     BY:   DAVID R. JOHANSON, ESQ.
             ROBERT S. THOMPSON, ESQ.
14

15     REPRESENTING REPRESENTING THE DEFENDANTS SHARON L. HERITAGE,
       SUCCESSOR TO NICHOLAS L. SAAKVITNE, DECEASED; NICHOLAS L.
16     SAAKVITNE, A LAW CORPORATION:

17     MORGAN, LEWIS & BOCKIUS, LLP
       1111 Pennsylvania Avenue
18     Washington, DC 20004
       PHONE: 202-739-3000
19     E-MAIL: shay.familoni@morganlewis.com
       BY:   OLUWASEUN FAMILONI, ESQ.
20

21

22
       Also Present:  Mr. Dexter C. Kubota
23

24

25
```

Trustpoint.One | Alderson  
www.trustpoint.one  
www.aldersonreporting.com  
800.FOR.DEPO  
(800.367.3376)

```
 1                           INDEX

 2   WITNESS:  KENNETH J. PIA, JR.                          PAGE

 3   EXAMINATION BY MR. CHAPA                                  7

 4   EXAMINATION BY MR. JOHANSON                             230

 5
                                ---
 6
     DOL EXHIBITS MARKED FOR I.D.                           PAGE
 7

 8   Exhibit 509, B + K Organizational Chart                   5

 9   Exhibit 634, Redacted URS letter                          5

10   Exhibit 730, Kenneth Pia, Jr., Curriculum Vitae           5

11   Exhibit 132, Bowers + Kubota Projected vs. Actual         5
     2013-2017 spreadsheet
12
     Exhibit 727, Subpoena                                     9
13
     Exhibit 728, Original expert report dated                20
14   December 24th, 2020

15   Exhibit 732, Bowers + Kubota Consulting, Inc.,           65
     Preliminary Information Request prepared
16   November 6, 2020

17   Exhibit 729, copy of the designation of expert          171
     notice of service of Mr. Pia's CV and subject
18   matter of expert report

19   Exhibit 731, Copy of an email from Mr. Bryan            173
     Flemming to Mr. Rubel and Mr. Pia
20
     Exhibit 733, Copy of retainer agreement dated           178
21   September 29th, 2020

22   Exhibit 712, Copy of a document, Ian Rusk to            181
     Mr. Bowers and Mr. Kubota dated October 28, 2020
23
     Exhibit 515, Copy of a URS letter dated December        185
24   5th, 2011

25
```

```
 1    Exhibit 518, Copy of the valuation of common stock      200
      of B + K as of December 14, 2012
 2
      Exhibit 692, copy of a site visit questions and         210
 3    answers dated October 22nd, 2012

 4    Exhibit 636, GMK Restricted Use report                  218

 5    Exhibit 508, Document                                   223

 6    Exhibit 734, Copy of revised or amended expert          225
      report
 7

 8

 9

10

11

12

13

14

15

16      (The exhibits were attached to the transcript.)

17

18

19

20

21

22

23

24

25
```

```
 1            (DOL Exhibit 509, B + K Organizational Chart, was
 2      marked for identification.)
 3            (DOL Exhibit 634, Redacted URS letter, was marked
 4      for identification.)
 5            (DOL Exhibit 730, Kenneth Pia, Jr., Curriculum
 6      Vitae, was marked for identification.)
 7            (DOL Exhibit 132, Bowers + Kubota Projected vs.
 8      Actual 2013-2017 spreadsheet, was marked for
 9      identification.)
10                            ---
11            COURT REPORTER:  Will Counsel stipulate that I
12      can administer the oath even though I am a notary only
13      in Connecticut?
14            MR. CHAPA:  The Department of Labor stipulates to
15      that.
16            MR. JOHANSON:  Yes, we'll stipulate, ma'am.
17            Thank you for alerting us.
18                            ---
19
20
21
22
23
24
25
```

```
 1            (The deposition commenced at 10:01 a.m.)
 2                        ---
 3            THE REPORTER:  Pursuant to Executive Order 7Q
 4       issued on March 30, 2020, by Governor Ned Lamont of
 5       Connecticut, this deposition is being reported
 6       remotely.
 7            All counsel participating in this deposition
 8       proceeding acknowledge that I am not present in the
 9       deposition room, and further acknowledge that in lieu
10       of an in-person administration of the oath, it will be
11       administered remotely.
12            The parties and all counsel consent to this
13       arrangement and waive any objections to this method of
14       reporting.
15            Counsel, kindly voice your agreement stating your
16       name and agreement on the record.
17            MR. CHAPA:  Rubin Chapa, U.S. Department of
18       Labor, I stipulate.
19            MR. JOHANSON:  David Johanson representing Bryan
20       J. Bowers and Dexter C. Kubota, I stipulate on behalf
21       of my clients.
22            MS. FAMILONI:  I stipulate on behalf of my client
23       as well.
24                        ---
25
```

Trustpoint.One Alderson
www.trustpoint.one
www.aldersonreporting.com
800.FOR.DEPO
(800.367.3376)

```
 1    other -- other associates may draft certain components, which
 2    is put together.
 3            From that point forward it's -- it's on me from, you
 4    know, from a perspective of owning the opinions, the
 5    conclusions, and the report itself.
 6            MR. CHAPA:  Ms. Acosta, if would you put Exhibit
 7    728 back on the screen, please.  That's the expert
 8    report of Mr. Pia.
 9            If you can go to specifically PDF Page 3.  It's
10    marked as page little double ii.  There we go.  Thank
11    you.
12    BY MR. CHAPA:
13       Q.   The first full paragraph says:  As presented in the
14    report, it is our opinion that fair market value of the subject
15    interest on the valuation date was $43,467,000, or 43.47 per
16    share, based on one million shares outstanding.
17            Do you see that?
18       A.   I do.
19       Q.   Did I read that correctly?
20       A.   Yes, you did.
21       Q.   And this is more than $3 million over what LVA found;
22    correct?
23            MR. JOHANSON:  Objection as to form.
24            THE WITNESS:  I believe it concluded to a range,
25    if I'm not mistaken.  So I would have to look at the
```

Trustpoint.One Alderson  
www.trustpoint.one  
www.aldersonreporting.com  
800.FOR.DEPO  
(800.367.3376)

```
 1    thing.
 2           If the cash flows are viewed to be on a non-controlling
 3    basis and your determination of the discount rate is from
 4    minority interest in publicly-traded companies -- which it is
 5    -- then it would be appropriate to have a control premium in
 6    that instance.
 7           MR. JOHANSON:  Madam Court Reporter, could you
 8    read that answer back, please.
 9           (The reporter read back the requested testimony.)
10           MR. JOHANSON:  Thank you.
11    BY MR. CHAPA:
12       Q.  If we can go down to letter D on that same page, Page 5
13    of Exhibit 728, the second sentence, it says:  Mr. Kniesel
14    selected a 15 percent discount for lack of marketability to
15    arrive at the ESOP controlling interest equity value conclusion
16    of 40.15 million.  I, however, selected a 7 percent discount
17    for lack of marketability.
18           Do you see that?
19       A.  Yes.
20       Q.  Did I read that correctly?
21       A.  Yes, you did.
22       Q.  Why did you choose a different discount?
23       A.  Because my view on discounts for lack of marketability
24    on controlling transactions -- especially involving ESOPs -- is
25    that a 15 percent discount for lack of marketability is very
```

```
 1     whatever, and I'll fill it out.  We'll probably take

 2     everything you have to offer.

 3            MR. CHAPA:  I've got to get permission to order,

 4     so I'll let you know.

 5            THE REPORTER:  Okay.  Thank you.

 6            MR. JOHANSON:  Thank you for your time, though,

 7     Ma'am, you've been great.

 8            MR. CHAPA:  Yes, thanks.

 9            Thank you, Mr. Pia.

10            THE WITNESS:  Thank you, Attorney Chapa.

11            (The deposition was concluded at 6:20 p.m.)

12                             ---

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                CERTIFICATE OF REPORTER

 2           I, Victoria L. Germani, RPR, LSR, and Notary Public

 3   duly commissioned and qualified within and for the State of

 4   Connecticut; do hereby certify that pursuant to Notice there

 5   appeared before me on February 9, 2021, at 10:01 a.m., the

 6   following named person, to wit: KENNETH J. PIA, JR., who was by

 7   me duly sworn remotely to testify to the truth and nothing but

 8   the truth; that he/she was thereupon carefully examined upon

 9   his/her oath; and his/her examination reduced to writing under

10   my supervision; and that the deposition is a true record of the

11   testimony given taken to the best of my ability.

12           I further certify that I am neither attorney nor

13   counsel for, nor related to nor employed by any of the parties

14   to the action in which this deposition is taken; and further

15   that I am not a relative or employee of any attorney or counsel

16   employed by the parties hereto, or financially interested in

17   the action.

18           IN WITNESS THEREOF, I have hereunto set my hand this

19   28th day of February, 2021.

20

21

22

23
                    _____
24                  Victoria L. Germani, Notary Public
                    My Commission expires April 30, 2025
25
```