CHRISTINE Z. HERI
Regional Solicitor
RUBEN R. CHAPA
Counsel for ERISA
JING ACOSTA
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
T: (312) 353-1145 | F: (312) 353-5698
Acosta.Jing@dol.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| MILTON AL STEWART[1], Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, as successor to Nicholas L. Saakvitne, Deceased; NICHOLAS L. SAAKVITNE, A LAW CORPORATION, a California corporation; BRIAN J. BOWERS, an individual; DEXTER C. KUBOTA, | CASE NO. 1:18-cv-00155-SOM-WRP<br><br><br><br><br><br><br><br>**AMENDED CONSENT ORDER AND JUDGMENT BETWEEN THE SECRETARY AND SAAKVITNE DEFENDANTS; EXHIBIT A** |

---

[1] By operation of law, Milton Al Stewart, Acting Secretary of Labor, is substituted for former Secretary of Labor Eugene Scalia. FED. R. CIV. P. 25(d).

| |
|---|
| an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, |
| Defendants. |

Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Sharon Heritage, as successor to Nicholas L. Saakvitne, Deceased, and Nicholas L. Saakvitne, A Law Corporation (collectively, "Saakvitne Defendants"), by and through their respective attorneys, have negotiated this agreement to settle the matters in controversy between them in this civil action, and each consents to the entry of this Consent Order and Judgment by the Court as the sole and complete memorialization of the terms of such agreement.

**A.** The Secretary filed this action against several defendants including the Saakvitne Defendants pursuant to his authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended.

**B.** The Saakvitne Defendants were served and admit to the jurisdiction of this Court and the subject matter of this action and agree to the entry of this Consent Order and Judgment, contingent on the Court also entering the separately submitted Bar Order.

DB1/ 119268930.1                                 2

**C.** The Secretary and the Saakvitne Defendants (collectively "Parties") agree to resolve the matter for $1,800,000, inclusive of ERISA Section 502(l) penalties, to be paid solely from the Saakvitne Defendants' fiduciary insurance policy, plus any amounts remaining within the policy limits of the Saakvitne Defendants' fiduciary insurance policy, with $50,000 to be set aside for legal costs ("Recovery Amount"). The Saakvitne Defendants shall not have any personal liability with respect to the monetary obligation for resolving this matter, regardless of the payment amount ultimately received from the Saakvitne Defendants' insurance policy.

**D.** The Parties agree to settle this dispute on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order and Judgment as a full and complete resolution of all of the civil claims, causes of action and issues arising between them in this action without adjudication of any issue of fact or law raised in the Secretary's Complaint in this action.

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Consent Order and Judgment and other valuable and sufficient consideration, the Parties have agreed as herein stated. Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I. JURISDICTION

The Court has jurisdiction over the Parties and subject matter of this action and is empowered to provide the relief herein.

## II. MONETARY RELIEF

**A.** Within thirty days of the entry of both this Consent Order and Judgment as a final judgment and the entry of the concurrently filed Bar Order, the Saakvitne Defendants shall restore, by means of a digital check, to the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan ("ESOP") one million four hundred fifty eight thousand dollars ($1,458,000.00) from the applicable fiduciary insurance policy that provided fiduciary insurance for Mr. Saakvitne ("Restoration Amount"). The check shall be made payable to the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan and sent to Ron Borello at 94-408 Akoki Street Suite 201, Waipahu, HI 96797.

**B.** The Saakvitne Defendants agree that the Restoration Amount shall go to participant accounts for individuals who were participants in the ESOP on December 14, 2012. The Saakvitne Defendants also agree that allocation of the Restoration Amount shall specifically include former participants who received a distribution of plan assets prior to the date of entry of this Consent Order and Judgment. The Saakvitne Defendants further agree that the allocation of the Restoration Amount to the participant accounts (including former participants)

shall be pro rata according to the number of shares that were allocated to each participant account between December 14, 2012, to the date of entry of this Consent Order and Judgment, except that Defendant Brian J. Bowers and Defendant Dexter C. Kubota shall not receive any allocation made by the ESOP under this Consent Order and Judgment. The Saakvitne Defendants shall cooperate with the ESOP trustee to ensure that the Restoration Amount shall not be offset in any manner by any prior or future payments made by any other defendants, or for debt service, but shall not be required to initiate or participate in litigation regarding this issue. If the Saakvitne Defendants or their Counsel do not make any overt act with respect to the ESOP trustee's actions, the Secretary agrees that neither the Saakvitne Defendants nor their Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the ESOP trustee, or any of its respective designees or agents, in connection with (ii) the administration of the Restoration Amount, including but not limited to allocation of any portion of the Restoration Amount to any ESOP participant or (iii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Restoration Amount or tax reporting, or the filing of any tax returns. The Saakvitne Defendants' sole responsibility with respect to the Restoration Amount shall be ensuring that the Restoration Amount is transmitted to the ESOP. The Parties agree that with

respect to the Restoration Amount the Saakvitne Defendants have no fiduciary responsibility relating to the ESOP.

  **C.** Upon remittance of the Restoration Amount in Paragraph II(A) above, the Saakvitne Defendants shall be and hereby are assessed a 20% penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), in the amount of $292,000. The Saakvitne Defendants waive their rights to a separate notice of assessment of the penalty under § 502(1), 29 U.S.C. § 1132(1), and the service requirement of 29 C.F.R. § 2570.83, and their right to seek any reductions of or relief from the penalty under § 502(l), 29 U.S.C. § 1332(l), including any good faith or financial waiver request. The Saakvitne Defendants shall pay the penalty totaling $292,000 to the United States Department of Labor within sixty days of the remittance of the Restoration Amount to the ESOP, by sending a certified or cashier's check to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 6200-36
> Portland, OR 97228-6200

The certified or cashier's check shall be made payable to the United States Department of Labor and will reference EBSA Case No. 72-036033 (48).

  **D.** The Saakvitne Defendants will use the $50,000 dollars (fifty thousand dollars) reserved from the Recovery Amount to pay any remaining defense costs incurred in any further litigation involving this lawsuit, including but not limited to

litigation and any appeal involving the entry of the Bar Order and fees and costs associated with the tasks set forth in Paragraph III(E) below.

E.   No later than thirty (30) days after receiving notification from the Secretary of final resolution of this Consent Judgment, including any appeal of this Consent Judgment or the Bar Order, the Saakvitne Defendants will cause the following amounts (to the extent they exist) to be transferred to the ESOP via digital check for allocation to participant accounts in a manner consistent with Paragraph II(B) above: (i) any remaining portion of the fifty thousand dollars ($50,000) reserved from the Recovery Amount; and (ii) any additional amount that remains within the policy limits of the Saakvitne Defendants' fiduciary insurance policy not already transferred to the ESOP (collectively referred to as the "Residue Amount"). The Residue Amount will be divided by 1.2, the total of which will be restored to the ESOP pursuant to the terms of Paragraph II(B) above, and the remainder of which will be paid as a 20% penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), pursuant to Paragraph II(C) above.

F.   The Saakvitne Defendants shall provide to the Secretary proof that the Restoration Amount and the Residue Amount have been processed as set forth in this Consent Order and Judgment. Such proof will be provided within 15 days of issuance and will include written confirmation via email by the Saakvitne Defendants' counsel confirming transmittal of the Restoration Amount and

Residue Amount to the ESOP. Any proof provided under this Paragraph will be sent to the Secretary's representative at the following address:

> Crisanta Johnson
> Regional Director, Los Angeles Regional Office
> Employee Benefits Security Administration
> U.S. Department of Labor
> 35 N. Lake Ave., Suite 300
> Pasadena, CA 91106

And shall be emailed to: LARO@dol.gov

**G.** Notwithstanding any other provision of this agreement, the Secretary may seek any judicial remedy available, including contempt, only if any of the Saakvitne Defendants fail to pay the Restoration Amount or Residue Amount or violate any other terms of this Consent Order and Judgment.

### III. NON-MONETARY RELIEF

**A.** The Saakvitne Defendants agree that they have not and will not seek contribution or indemnification from Defendant Bowers + Kubota Consulting, Inc. ("B+K") or the ESOP for any restoration made in connection with this Consent Order and Judgment or with respect to EBSA's investigation into the ESOP, and explicitly waive any rights they may have to contribution or indemnification from B+K or the ESOP.

**B.** Defendant Nicholas L. Saakvitne, a Law Corporation shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to employee benefit plans subject to ERISA.

**C.** The Saakvitne Defendants may not assert any claims that arose or accrued on or before the date of the entry of this Consent Order and Judgment under ERISA or under any other state or federal law against B+K or the ESOP related to the December 14, 2012 ESOP Stock Purchase Transaction underlying this litigation.

**D.** The Saakvitne Defendants agree to cooperate with the Secretary's continuing litigation in the above referenced complaint. This cooperation includes testifying to the authenticity of the documents produced and that they were business records created and maintained in the normal course of business to the extent the Saakvitne Defendants have such knowledge and not opposing the use of the administrative deposition transcript of Mr. Saakvitne's testimony during any part of this litigation. This cooperation does not include anyone without personal knowledge testifying at trial regarding the claims or defenses pertaining to this litigation. The Saakvitne Defendants agree to make themselves available to the Secretary for a three-hour period of time prior to trial, in the presence of the undersigned counsel, either for an in-person meeting or by telephone. Moreover, the Saakvitne Defendants agree to provide a declaration to authenticate documents,

including business records, to the extent there is an individual with appropriate personal knowledge regarding such records.

E. The Saakvitne Defendants will move the Court to enter the Bar Order in the form attached hereto as Exhibit A, permanently enjoining Defendant Brian J. Bowers, Defendant Dexter C. Kubota, and Defendant Bowers + Kubota Consulting, Inc. from presenting in this or in any other action, proceeding, administrative agency or any other forum against the Saakvitne Defendants any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles that arise from or relate in any way to the Secretary's claims. The Secretary agrees not to oppose the Saakvitne Defendants' motion for a Bar Order so long as it seeks an order in the form attached hereto as Exhibit A. This Consent Order and Judgment is contingent on the Court's entry of the Bar Order. If the Court refuses to enter the Bar Order, the Parties agree to withdraw this Consent Order and Judgment and that it shall have no binding effect on any party.

## IV. RELEASES

A. This Consent Order and Judgment provides full, final, and complete judicial resolution of all of the claims and causes of action alleged in the Secretary's Complaint in this action solely with respect to the Saakvitne Defendants. Notwithstanding the foregoing, nothing in this Consent Order and

Judgment shall be deemed to waive any claims against any other defendants in this litigation or claims by the Secretary relating to the obligations set forth in this Consent Order and Judgment.

  **B.** Except for the obligations set forth in this Consent Order and Judgment, the Secretary and his agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, do hereby waive, release and forever discharge all claims, demands, actions, causes of action, liabilities, or fines (including any payment under Section 502(l) of ERISA) they may have against the Saakvitne Defendants based upon the allegations in the Secretary's Complaint in this action against the Saakvitne Defendants.

  **C.** The Saakvitne Defendants, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and corporate/organizational capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to the investigations, filing, prosecution, and maintenance of the Secretary's Complaint.

  **D.** Except for the claims released by the Secretary in Paragraph IV(B) above, the Secretary's claims against any other persons not identified in Paragraph IV(B) are expressly preserved. Nothing in this Consent Order and Judgment shall preclude the Secretary from initiating or continuing any audit or investigation, or

from pursuing any claims or actions, against any entities or persons relating to any ERISA-covered plan.

E.  Each party represents and warrants that he, she, or it has not assigned all or part of any claim, demand, debt, or cause of action of any kind or nature released in this Consent Order and Judgment to any other person or third-party prior to executing this Consent Order and Judgment.

## V.  **RETENTION OF JURISDICTION**

This Court shall retain jurisdiction over the Parties and subject matter of this action for the purposes of enforcing and interpreting the terms of this Consent Order and Judgment.

## VI.  **COST AND EXPENSES**

The Parties each shall bear their own costs, expenses, and attorneys' fees in connection with this action, the Secretary's investigation of the December 14, 2012 purchase of B+K stock by the ESOP, and this Consent Order and Judgment. The Saakvitne Defendants agree not to seek or accept indemnification from B+K or the ESOP or use any assets of B+K or the ESOP for any payments made or required to be made regarding this matter, or for any expenses, including attorney's fees, associated with the negotiation, consideration, documentation, or implementation of this Consent Order and Judgment.

## VII. PARTIES BOUND

A. By entering into this Consent Order and Judgment, the Parties represent that they have read this Consent Order and Judgment, been informed by counsel of the effect and purpose of this Consent Order and Judgment and agree to be bound by its terms. This Consent Order and Judgment is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

B. Nothing in this Consent Order and Judgment shall limit or impair the Secretary's rights or claims for recovery and equitable relief against Defendant Brian J. Bowers, Defendant Dexter C. Kubota, and Defendant Bowers + Kubota Consulting, Inc., and the ESOP, or its insurers, including rights to attorneys' fees and costs in the lawsuit.

## VIII. MULTIPLE ORIGINALS

This Consent Order and Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order and Judgment is the date on which it is signed and entered by the Court.

## IX. ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment and expressly directs the entry thereof as a final Decree and Order pursuant to Fed. R. Civ. P. 54(b).

**IN WITNESS WHEREOF**, the Parties through their respective duly authorized representatives have executed this Consent Order and Judgment on the date(s) set forth hereunder and agree that this Consent Order and Judgment is contingent on the entry of the concurrently filed Bar Order by this Court.

Date:

**FOR THE SECRETARY:**

**ELENA GOLDSTEIN**
Deputy Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/Jing Acosta*
**JING ACOSTA**
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Email: acosta.jing@dol.gov

Attorneys for Milton Al Stewart, Acting
Secretary of Labor,
U.S. Department of Labor, Plaintiff

**FOR THE SAAKVITNE DEFENDANTS**

/s/ *Sharon L. Heritage*
SHARON L. HERITAGE, Successor to
NICHOLAS L. SAAKVITNE, Deceased

/s/ *Robert C. Eroen*, Special Trustee
NICHOLAS L. SAAKVITNE, A LAW
CORPORATION

By: *Robert C. Eroen*
Its: Special Trustee of Law Practice appointed under the Power of Appointment Trust created under the Nicholas Saakvitne & Sharon Heritage Family Trust

/s/ *Sean K. McMahan*
**SEAN K. MCMAHAN**

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Email: sean.mcmahan@morganlewis.com

Counsel for The Saakvitne Defendants


_____
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE


May 3, 2021