MORGAN, LEWIS & BOCKIUS LLP
Donald L. Havermann (*admitted pro hac vice*)
donald.havermann@morganlewis.com
Sean McMahan (*admitted pro hac vice*)
sean.mcmahan@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  +1.202.739.3000
Fax: +1.202.739.3001

CADES SCHUTTE LLP
Jeffrey S. Portnoy
jportnoy@cades.com
1000 Bishop Street, Suite 1200
Honolulu, HI 96813
Tel:  +1.808.521.9221
Fax: +1.808.540.5040
Attorneys for Defendants Sharon L. Heritage, as
successor to Nicholas L. Saakvitne, Deceased, and
Nicholas L. Saakvitne, A Law Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SHARON L. HERITAGE, *et al.*,<br><br>Defendants. | Civil No. 1:18-cv-00155-SOM-WRP<br><br>**AMENDED BAR ORDER**<br>EXHIBIT A<br>JUDGE: Hon. Susan Oki Mollway<br>TRIAL DATE: June 22, 2021 |

This matter comes before this Court by the motion of Defendant Sharon Heritage, as successor to Nicholas L. Saakvitne, Deceased, and Nicholas L. Saakvitne, a law corporation (collectively "Saakvitne Defendants") seeking entry

of a Bar Order (this "motion"). The U.S. Department of Labor, Secretary of Labor ("Secretary") does not oppose this motion.

**WHEREAS,** the Secretary asserted claims against the Saakvitne Defendants, among others;

**WHEREAS,** the Secretary and the Saakvitne Defendants have submitted a Consent Order and Judgment as to the Saakvitne Defendants ("Consent Judgment") in order to make a full and final settlement and resolution of all disputes and differences between the Secretary and the Saakvitne Defendants related to the claims asserted by the Secretary against the Saakvitne Defendants in the Complaint filed in this case; and

**WHEREAS,** Brian J. Bowers, Dexter C. Kubota, and Bowers + Kubota Consulting, Inc. opposed accompanying proposed bar order and this Court denied the Saakvitne Defendants' and the Secretary's Motion to approve the bar order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant Bowers, Defendant Kubota, Defendant Bowers + Kubota Consulting, Inc. and the Bowers + Kubota Consulting, Inc. Employee Stock Ownership Plan and Trust ("ESOP") are hereby permanently barred and enjoined from presenting or commencing any claim for contribution or indemnification in this action, or in any other action, proceeding, administrative agency or any other forum, against the Saakvitne Defendants, arising from or relating to the Secretary's

2

claims and allegations released in the Consent Judgment. Such claims for contribution or indemnification are precluded to the full extent provided by federal law. Nothing herein shall be construed as limiting or otherwise prohibiting Defendant Bowers', Defendant Kubota's, and Defendant Bowers + Kubota Consulting, Inc.'s, and/or the ESOP's rights to bring independent claims (e.g., for breach of contract, malpractice and tort), without limitation, arising out of or relating to the same facts, claims and allegations in this case.

2. The Saakvitne Defendants are hereby permanently barred and enjoined from presenting or commencing any claim for contribution or indemnification in this action, or in any other action, proceeding, administrative agency or any other forum, against Defendant Bowers, Defendant Kubota, Defendant Bowers + Kubota Consulting, Inc. and the ESOP, arising from or relating to the Secretary's claims and allegations released in the Consent Judgment. Such claims for contribution and/or indemnification are precluded to the full extent provided by federal law. Nothing herein shall be construed as limiting or otherwise prohibiting the Saakvitne Defendants' rights to bring independent claims (e.g., for breach of contract and tort), without limitation, arising out of or relating to the same facts, claims and allegations in this case.

3. Because the Saakvitne Defendants and Defendant Bowers, Defendant Kubota, and Defendant Bowers + Kubota Consulting, Inc. and the ESOP are barred

from asserting any claims for contribution or indemnification as specified in paragraphs 1 and 2 above, any judgment rendered in favor of the Secretary (or any of the Secretary's successors) in this action against Defendant Bowers, Defendant Kubota, Defendant Bowers + Kubota Consulting, Inc. and the ESOP that arises from or relates in any way to the Secretary's claims released in the Consent Judgment, shall be reduced by an amount equal to the greater of (a) the amount that represents the proportional share, attributable to the Saakvitne Defendants, of losses or damages, if any, or (b) the total Restoration Amount that the Saakvitne Defendants are required to restore to the ESOP pursuant to the Consent Judgment.

4. Nothing herein shall be construed as indicating that ERISA provides contribution or indemnity rights among fiduciaries.

5. As this Court has entered the Consent Judgment executed and submitted by the Secretary and the Saakvitne Defendants, there being no just cause for delay, this Bar Order shall be entered forthwith.

SO ORDERED this ___ day of _____ 2021.