IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. WALSH, | ) CIVIL NO. 18-00155 SOM-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART AND DENY IN PART |
| | ) DEFENDANTS' BILL OF COSTS |
| BRIAN J. BOWERS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART DEFENDANTS' BILL OF COSTS

On October 1, 2021, Defendants Brian J. Bowers (Bowers), Dexter C.

Kubota (Kubota), and Bowers + Kubota Consulting, Inc. (the Company)

(collectively, Defendants) filed a Bill of Costs seeking $78,341.39 in taxable costs.

See ECF No. 660.  Plaintiff Martin J. Walsh, Secretary of Labor (the Secretary)

filed his Objections on October 8 ,2021.  See ECF No. 665.  The Court directed

Defendants to file a reply, and they did so on October 19, 2021.  See ECF No. 674.

After careful consideration of the parties' filings, the record in this

action, and the relevant legal authority, the Court FINDS AND RECOMMENDS

that Defendants' Bill of Costs be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Within fourteen days after a party is served with the Findings and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written

DISCUSSION

On September 17, 2021, the District Court entered its findings of fact and conclusions of law in this ERISA action brought by the Secretary of Labor, Department of Labor (DOL).  See ECF No. 657.  The District Court directed entry of judgment against the Secretary and in favor of the remaining Defendants Bowers, Kubota, and the Company because it concluded Defendants had not violated any provision of ERISA with respect to the sale of the Company to the Company's Employee Stock Ownership Plan.  See id.  Defendants' Bill of Costs followed, to which the Secretary raised numerous objections.  Before resolving the Secretary's specific objections to Defendants' request for various costs, the Court must address what law governs Defendants' request and which Defendants, if any, may properly recover taxable costs under that authority.

## I.    Entitlement to Costs

First, there is ordinarily a presumption that a prevailing party will be awarded taxable costs.  See Fed. R. Civ. P. 54(d).  Because Defendants seek costs against the United States, however, their request is governed substantively by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a)(1).  See Neal & Co. v. United States, 121 F.3d 683, 685-87 (Fed. Cir. 1997); see also Ctr. for Food Safety

---

objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

v. Johanns, 2006 WL 8438127, at *5 (D. Haw. Dec. 12, 2006).  While the presumption under Rule 54 is inapplicable, the Court has considerable discretion in deciding whether to award a prevailing party its taxable costs.  See 28 U.S.C. § 2412(a)(1) ("a judgment for costs, as enumerated in section 1920 of this title,[2] but not including the fees and expenses of attorneys, *may be awarded* to the prevailing party in any civil action brought by or against the United States . . . ") (emphasis added); see also Neal & Co., 121 F.3d at 687 (noting that, in comparison to Rule 54, a court may award or deny costs under the EAJA without explanation); Perez v. Seafood Peddler of San Rafael, Inc., 2015 WL 10939192, at *6-7 (N.D. Cal. Jan. 16, 2015) (same); ECF No. 674 at 10-11 (Defendants acknowledging different standards under Rule 54 and EAJA).

Next, although Defendants argue extensively that they are "prevailing part[ies]" under the EAJA for purposes of taxable costs, the Secretary does not challenge the Company's entitlement to costs under the plain terms of 28 U.S.C. § 2412(a) on that basis.  Instead, the Secretary challenges whether Defendants Bowers and Kubota may recover costs, given that the costs in this litigation were incurred only by the Company pursuant to an indemnification agreement under

---

[2]  Given the EAJA incorporates Section 1920 by reference, the Court concludes that cases addressing entitlement to costs under the terms of Section 1920, including as clarified in Local Rule 54.1(f), such as whether costs are necessarily obtained for use in a case, are persuasive here even if not awarded pursuant to the EAJA.

which Defendants Bowers and Kubota have no obligation to repay.  See ECF No. 665 at 9-11.  Defendants do not specifically challenge this contention.  See ECF No. 674 at 11-12; see also, e.g., ECF No. 660-1 at 12 ("Specific Costs Requested *by the Company*") (emphasis added); ECF No. 661 ¶ 4.   Pursuant to Section 2412(a) of EAJA, the Court agrees that costs may only be awarded to the Company.

Finally, the Secretary argues the Court should exercise its discretion and decline to tax costs because the case was difficult and close, the prevailing party engaged in conduct that unduly complicated or delayed proceedings, and the prevailing party received only a partial recovery.  See ECF No. 665 at 11-14.  The Court RECOMMENDS that the District Court decline to deny costs here on these bases.

While this litigation may not reflect the government "acting on a mere whim," ECF No. 657 at 28, it remains that the government nonetheless chose to marshal its resources and proceed with this case through trial, which resulted in Defendants responding, in turn, by mounting a vigorous defense.  As the District Court noted, although the government's concerns regarding Defendants' conduct may have been "understandable" and "entirely warranted," "when the Government filed this lawsuit, it took on the burden of proving that its suspicions were reflected in fact.  What has happened in the trial of this case is that the Government failed to

carry that burden, not for want of effort but for what appears to be a want of evidence."  ECF No. 657 at 64-65; see also id. at 35 (District Court finding that government's expert "significantly and unreasonably undervalued the Company . . . render[ering] his ultimate valuation unreliable").

Moreover, this Court is familiar with the parties' many discovery disputes in this action.  See, e.g., ECF Nos. 137, 162, 184, 275, 276, 307, 313, 377, 403.  While no means the model of cooperative conduct, the Court cannot find that Defendants should be denied costs altogether due to complications or delays in proceedings resulting from discovery and other disputes.  See, e.g., ECF No. 313 at 15 ("Based on the limited information presented to the Court, it appears that both parties share in the fault for these continued discovery disputes . . ."); see also ECF No. 195, 237.  Nor is the Court convinced that Defendants' failure to prevail on their affirmative defense justifies an outright denial of costs, nor apportionment, as discussed in more detail below—particularly where litigation surrounding this defense resulted from both sides' conduct.  See, e.g., ECF Nos. 275, 307, 313; see also Neal & Co., 121 F.3d at 685 ("a party which prevails only in part may nonetheless qualify for an award of costs under EAJA").

The Court therefore FINDS AND RECOMMENDS that the District Court GRANT IN PART AND DENY IN PART Defendants' Bill of Costs as to the Company as detailed below.

## II.      Certain Deductions are Appropriate

The costs that the Court is authorized to tax under the EAJA are enumerated at 28 U.S.C. § 1920:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Local Rule 54.1(f) also provides that "[c]osts are taxed in conformity with 28 U.S.C. §§ 1821, 1920-1925, and other applicable statutes[.]" Subsection (f) clarifies certain of those taxable costs, as further discussed below. See LR54.1(f).  The Company seeks costs in the amount of $78,341.39.  See ECF No. 660 at 1.  Each category of requested costs is addressed below, as are the Secretary's objections to each category.

### A.  Fees for Service

Section 1920(1) allows for taxation of costs for service fees.  See 28 U.S.C. § 1920(1).  Local Rule 54.1(f)(1) provides that costs for service of

subpoenas by someone other than the marshal are allowable "to the extent they are reasonably required and actually incurred." LR54(f)(1).  The Company requests $151.89 for costs incurred related to service of a third-party subpoena.  See ECF No. 660 at 1; ECF No. 660-1 at 13; ECF No. 661 ¶ 6. The Court FINDS that the Company is entitled to costs of $151.89 for fees related to service.

### B.  Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.1(f)(2) provides that "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable" even if not introduced in evidence or used at trial "so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  LR54.1(f)(2).

Defendants request $72,322.34 in costs related to transcripts for: (i) the deposition testimony of the parties' witnesses; (ii) three hearings before the District Court; and (iii) daily trial transcripts.  See ECF No. 660-1 at 14-18.  Each category, and the Secretary's corresponding objections, are addressed in turn.

### 1.  Deposition Transcripts

As to deposition transcripts, which Defendants seek $60,942.19 in costs for, the Secretary raises two overarching objections.  First, the Secretary

objects that Defendants deposed ten current or former DOL employees, nine of who's testimony was *only* relevant to Defendants' statute of limitations defense, on which they did not prevail.  See ECF No. 665 at 14-17.[3]  As to the tenth DOL employee, Michael Wen, the Secretary argues against awarding transcript costs because Defendants' questioning focused mainly on their unsuccessful statute of limitations defense and defense counsel engaged in misconduct during that deposition.  See id. at 16-17.

Even assuming most of these depositions were only relevant to the statute of limitations defense,[4] the fact that Defendants did not prevail on that affirmative defense does not mean that the costs incurred to develop it were not "necessarily obtained for use in the case" under Section 1920.  See Smith & Nephew, Inc. v. Arthrex, Inc., 2012 WL 13184345, at *1 (D. Or. Mar. 30, 2012) (rejecting plaintiffs' request to apportion costs based on defendant's unsuccessful affirmative defense and citing K-2 Ski Co. v. Head Ski Co., Inc., 506 F.2d 471, 477 (9th Cir. 1974) (holding district court properly declined to apportion costs

---

[3]  These include transcripts of the depositions of:  Robert Prunty; Miguel Paredes; Ty Fukumoto; Crisanta Johnson; Mauricio Palacios; Harold LeBrocq; Paul Zielinski; Dorian Hanzich; and Jerome Raguero.  See ECF No. 665 at 15 n.4.

[4]  Defendants contend otherwise, but do not cite to the record or the deposition transcripts themselves to support their contention.  See ECF No. 674 at 18-19.

prevailing party incurred for special master, despite fact that prevailing party only recovered on two out of twelve claims special master evaluated)); cf. Sakugawa v. Mortg. Elec. Registration Sys., Inc., 2011 WL 1642509, at *4 (D. Haw. May 2, 2011), report and recommendation adopted, 2011 WL 2039539 (D. Haw. May 23, 2011) ("This Court has noted that there is no rule requiring courts to apportion taxable costs based upon the relative success of the parties [and] apportioning costs according to the relative success of the parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained.") (citations omitted); see also Neal & Co., 121 F.3d at 685.

Genuine issues of fact precluded the District Court from resolving Defendants' statute of limitations defense at summary judgment, necessitating introduction of evidence related to it at trial. See ECF No. 412 at 34-39. And although the District Court ultimately concluded Defendants had not carried their burden at trial, it also acknowledged its ruling on the issue was one in the alternative—given the Secretary's own failure to carry his burden mooted Defendants' need to rely on the defense. See ECF No. 657 at 44 ("Given this court's valuation ruling and this court's ultimate conclusion . . . that they breached no fiduciary duty, they no longer need to rely on that defense. This court nevertheless includes here its factual findings relating to that defense, and, in the accompanying conclusions of law, discusses that limitations issue."). The fact that

Defendants ultimately defeated the Secretary's claims on grounds other than statute of limitations does not negate that these depositions were necessary when mounting all potential defenses. The Court therefore RECOMMENDS denying the Secretary's objection that deposition costs as to these nine witnesses be denied.

The Court, however, RECOMMENDS sustaining the Secretary's objection as to deducting transcript costs due to misconduct during the deposition of Michael Wen. Discovery in this case was contentious, see, e.g., ECF No. 313 at 1-2, and this Court warned counsel for both sides regarding appropriate conduct at depositions, see ECF No. 282. Despite this, a little over one month after this Court's warnings, an attorney for the Defendants interrupted the deposition to call Mr. Wen a "lying sack of shit." See ECF No. 523-1 at 44. The Court FINDS that as to this specific cost, Defendants are not entitled to recover transcript costs as to Mr. Wen's deposition due to defense counsel's misconduct at that deposition. Cf. Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022-23 (9th Cir. 2003) (noting that, despite the presumption in favor of awarding a prevailing party costs under Rule 54, a court may use its discretion to deny costs to punish prevailing party misconduct).

Next, the Secretary objects that Defendants seek the costs of video recordings of the depositions, as opposed to only the court reporter's transcripts. See ECF No. 665 at 17-18. The Court RECOMMENDS that the District Court

10

overrule this objection.  As noted above, Local Rule 54.1(f)(2) clarifies that "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable."  The Court finds Defendants have shown that video recordings of the depositions were "necessarily obtained for use in the case" as required under Section 1920(2).

District courts within this Circuit, as well as other circuit courts, have held that the costs of videotaping depositions are taxable, particularly when witnesses cannot be compelled to appear at trial and where the objecting party did not object to the use of videography at the time of the deposition.  See Glob. Enterprises, LLC v. Montgomery Purdue Blankinship & Austin PLLC, 2014 WL 12899284, at *2-3 (W.D. Wash. Dec. 11, 2014); Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc., 2014 WL 12597807, at *1-2 (C.D. Cal. Sept. 25, 2014) (citing Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (7th Cir. 2008) and Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 n.3 (10th Cir. 1997)); United States v. Halliburton Co., 954 F.3d 307, 313 (D.C. Cir. 2020).

Here, Defendants note that many of the witnesses for whom they seek transcript costs for were outside the District Court's civil subpoena power, see ECF No. 674 at 21 and ECF No. 567, and that the Secretary did not object when the depositions were noticed for both stenographic and video recording, see ECF No. 674 at 21.  Moreover, the Court accepts Defendants' explanation that video

11

depositions were particularly necessary for use in this case based on when the depositions were taken—in the midst of the ongoing Covid-19 pandemic where the ultimate format of the trial and witness presentation remained uncertain.  See, e.g., ECF Nos. 430, 560.

In this context, the Court finds the use of videotaped depositions was a reasonable and efficient way to preserve witness testimony and therefore finds unpersuasive the Secretary's cited authority where video deposition costs were denied.  As a result, the Court RECOMMENDS that the district court overrule the objection and conclude the cost of videotaping and transcribing of depositions meet the requirements of § 1920(2) and should be awarded.

In total, as to deposition transcripts, the Court FINDS the Company is entitled to $57,366.90 in deposition transcript costs.[5]

## 2.  Hearing Transcripts

Costs also may be taxed for hearing and trial transcripts because they too may be "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Defendants seek the transcript costs from three hearings before the District Court: a motion to dismiss, the parties' motions for summary judgment,

---

[5] The total deposition costs the Court FINDS the Company is entitled to are thus: $60,942.19 requested - $2,789.95 [invoice #119008] – 1/8 ($5,026.18) [invoice #1055, ECF No. 661-4 at 10] – 1/16($ 2,513.09) [invoice #1075, ECF No. 661-5 at 2] = $57,366.90.

and the parties' motions in limine.  <u>See</u> ECF No. 660-1 at 15-18.  Defendants

contend these transcripts were obtained in preparation for trial because they were

used as a record to consult the arguments and issues as they were presented at trial

and for preparing the required findings of fact and conclusions of law after trial.

<u>See</u> ECF No. 661 ¶ 7.  The Secretary did not specifically challenge these

justifications.  Because the requested transcripts were for hearings on dispositive

motions and limited pre-trial proceedings, the Court finds that these transcripts

were necessarily ordered for use at trial and are taxable.  The Court FINDS that the

Company is entitled to costs of $979.89 for hearing transcripts.

### 3.  Daily Trial Transcripts

Defendants seek costs related to trial transcripts which, as noted

above, are taxable under Section 1920(2) when necessarily obtained for use in the

case.  The Secretary objects that Defendants have not demonstrated that the more

expensive daily and Realtime trial transcripts were necessary, as opposed to merely

helpful, in this case.  <u>See</u> ECF No. 665 at 19-20.  Defendants contend that daily

trial transcripts were necessary here because, given travel restrictions resulting

from Covid-19 and the necessity for expert witnesses to appear via Zoom, it was

necessary to provide daily transcripts of trial testimony to expert witnesses so they

could testify based on fact witness testimony given at trial and assist Defendants

with presenting evidence at trial.  <u>See</u> ECF No. 661 ¶ 7.  The Secretary does not

respond to this justification as to why daily transcripts were necessary here.

Elsewhere in his objections, however, the Secretary acknowledges the case was "legally and factually nuanced" and a "battle of conflicting expert opinions." ECF No. 665 at 12-13.  And "[m]any courts have recognized that daily trial transcripts may be a taxable cost where the trial is lengthy and the issues were complex." Berry v. Hawaiian Express Serv., Inc., 2006 WL 8446922, at *29 (D. Haw. Dec. 4, 2006) (citing cases), report and recommendation adopted in part, rejected in part sub nom. Berry v. Hawaii Exp. Serv., Inc., 2007 WL 689474 (D. Haw. Mar. 2, 2007); see also Ford v. Home Depot U.S.A., Inc., 2008 WL 11338701, at *1 (C.D. Cal. June 23, 2008) (concluding access to daily transcripts was necessary in complex litigation where access to testimony from each expert witness was "critical to mapping out where to proceed next in the trial itself").

While this trial was not unusually long, the Secretary concedes the issues were complex.  Given this context and that of the Covid-related limitations on in-person participation, the Court finds the Realtime transcripts were reasonably necessary for trial preparation.  The Court therefore FINDS the Company is entitled to $10,400.26 in costs for trial transcripts and thus RECOMMENDS that the District Court DENY the Secretary's objection on this basis.

### C.  Copying Costs

Section 1920(4) allows for taxation of costs for "making copies of any

14

materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Pursuant to Local Rule 54.1(f)(4), the party requesting costs must provide an affidavit describing "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied" wherein "the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable." LR54.1(f)(4). Local Rule 54.1(f)(4) also provides, however, that "[t]he cost of copies for the use and/or convenience of the party seeking recovery and its counsel is not taxable." Id.

Defendants seek costs of $5,787.16 for copies. See ECF No. 660 at 1. First, the Secretary notes that Defendants' request contains a mathematical error. See ECF No. 665 at 14 n.3. As to the request for costs for two sets of defense exhibits for the Court, Defendants miscalculated the cost (2 sets of 9,307 pages at $0.15) to be $2,972.10. See ECF No. 661 ¶ 8. The correct amount for these copies, reflected in their memorandum in support of the Bill of Costs, is $2,792.10. See ECF No. 660-1 at 19. The Court therefore FINDS that the additional $180.00 in costs Defendants sought based on this error are NOT TAXABLE.

The Secretary also objects that, as to certain copies made for use at trial in June 2021, Defendants have failed to substantiate these costs because they

15

failed to submit invoices or receipts.  See ECF No. 665 at 20.  The Court finds that

Defendants' supporting affidavit, detailing the nature of certain documents copied

(e.g., joint exhibits, defense exhibits), the total number of pages, the cost per page,

and the necessity of such documents for use at trial as required by the District

Court, provides sufficient documentation for those requested cost entries.  See ECF

No. 661 ¶ 8.  However, the Court FINDS Defendants have failed to provide the

requisite information regarding "the use of or intended purpose for the items

copied" as to $1,623.15 in costs for witness binders, see id., to enable the Court to

find that such costs were necessary as opposed to merely for the use and/or

convenience of Defendants or their counsel.  See LR54.1(f)(4).  The Court

therefore FINDS that copying costs of $3,984.01 are taxable.

### D.  Witness Fees

Section 1920(3) allows for taxation of costs for fees for witnesses.

See 28 U.S.C. § 1920(3).  Local Rule 54.1(f)(3) provides that witness fees are

taxable "to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."

LR54.1(f)(3).  Further, Local Rule 54.1(f)(3) expressly states that "fees for expert

witnesses are not taxable in an amount greater than statutorily allowable for

ordinary witnesses."  LR54(f)(3).  Under Section 1821(b), "[a] witness shall be

paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C.

§ 1821(b).

Plaintiff requests $40.00 for the attendance fee for the deposition of Dr. Mark Johnson and $40.00 for the attendance fee for the deposition of Mr. Steven Sherman.  See ECF No. 660-1 at 19; ECF No. 661 ¶ 9.  The Court FINDS that the Company is entitled to costs for expert witness fees at the statutory allowable rate of $40.00 per day for each expert witness for a total of $80.00.

### E.  Conclusion

The Court finds that the following costs are taxable:  $151.89 for fees related to service; $57,366.90[6] for deposition transcripts; $979.89 for hearing transcripts; $10,400.26 for trial transcripts; $3,984.01[7] for copying; $80.00 for witness fees.  In total, the Court RECOMMENDS that the district court award the Company taxable costs in the amount of $72,962.95.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendants' Bill of Costs and TAX costs against the Secretary as to the Company in the amount of $72,962.95.

IT IS SO FOUND AND RECOMMENDED.

---

[6] $60,942.19 requested - $3,575.29 costs associated with the deposition of Mr. Wen due to counsel misconduct = $57,366.90

[7] $5,787.16 requested – $180.00 for mathematical error - $1,623.15 for insufficient description = $3,984.01.

DATED AT HONOLULU, HAWAII, NOVEMBER 18, 2021.



_____

Wes Reber Porter
United States Magistrate Judge

**WALSH v. BOWERS, ET AL.; CIVIL NO. 18-00155 SOM-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' BILL OF COSTS**