IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. WALSH, | ) CIVIL NO. 18-00155 SOM-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANTS' MOTION FOR |
| | ) ATTORNEYS' FEES AND NON- |
| BRIAN J. BOWERS, et al., | ) TAXABLE COSTS |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION
<u>FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS</u>

On October 1, 2021, Defendants Brian J. Bowers (Bowers), Dexter C. Kubota (Kubota), and Bowers + Kubota Consulting, Inc. (the Company) (collectively, Defendants) filed a motion seeking an extension of time to file their motion for attorneys' fees and non-taxable costs. <u>See</u> ECF No. 659. The Court set a briefing schedule, limiting briefing first to the issue of whether Defendants are eligible to recover attorneys' fees and/or non-taxable costs under any rule or statute. <u>See</u> ECF No. 664. On October 15, 2021, Defendants filed a Memorandum of Law in support of their eligibility to recover attorneys' fees and non-taxable costs from Plaintiff, the Secretary of the Department of Labor (Secretary), which the District Court construed as a motion and referred to the undersigned. <u>See</u> ECF Nos. 669, 678. The Secretary filed an opposition on October 29, 2021. <u>See</u> ECF

No. 675. Defendants filed a Reply on November 5, 2021. See ECF Nos. 676, 677. The Secretary then filed a motion to strike the new evidence Defendants included with their Reply, or in the alternative, leave to file a Sur-reply to address the new evidence. See ECF No. 679. The Court permitted the Secretary to file a Sur-reply, which the Secretary filed on November 17, 2021. See ECF Nos. 680, 681.

After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Defendants' Motion be DENIED.[1]

## DISCUSSION

On September 17, 2021, the District Court entered its findings of fact and conclusions of law in this ERISA action brought by the Secretary. See ECF No. 657. The District Court directed entry of judgment against the Secretary and in favor of the remaining Defendants Bowers, Kubota, and the Company because it concluded Defendants Bowers and Kubota had not violated any provision of ERISA with respect to the sale of the Company to the Company's Employee Stock Ownership Plan (ESOP). See id. Defendants now seek an award of attorneys' fees and non-taxable costs against the Secretary pursuant to the Equal Access to Justice

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Act (EAJA), arguing that two subsections of the EAJA permit the District Court to award fees against the Government in this action. See 28 U.S.C. § 2412(b), (d). As the parties are familiar with the extensive record in this action, the Court discusses only those facts necessary to address Defendants' motion.

## I. Entitlement to Fees under § 2412(b)

The Court FINDS that Defendants are not entitled to fees against the Government under 28 U.S.C. § 2412(b). That subsection provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). Thus, to be eligible for fees under this subsection of the EAJA, as Defendants acknowledge, either the common law or a statute must authorize an award of attorneys' fees. See ECF No. 669 at 9. To prove entitlement to fees under this subsection here, Defendants rely on Section 502(g)(1) of ERISA and the common law rule permitting fees against a party who acts in bad faith. The Court finds neither basis justifies fees and thus, even assuming Defendants are "prevailing part[ies]" under subsection (b), that they are ineligible for an award of fees and non-taxable costs under this subsection.

### A. Fees under 29 U.S.C. § 1132(g)(1)

3

The Court first finds that ERISA does not authorize an award of fees under the EAJA in this action. Defendants rely on § 1132(g)(1), which provides that, "[i]n any action under this subchapter . . . *by a participant, beneficiary, or fiduciary*, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). Contrary to Defendants' contention, see ECF No. 669 at 15 n.4, the Ninth Circuit has emphasized that § 1132(g)(1) permits fees only in those cases initiated or brought by the specific parties enumerated in that subsection. See Corder v. Howard Johnson & Co., 53 F.3d 225, 229–30 & n.3 (9th Cir. 1994) ("Applying § 1132(g)(1), we have refused to award attorney's fees in ERISA actions not brought by one of the enumerated parties.").[2] Because the Secretary brought this action and is not one of those enumerated parties, the plain terms of subsection (g)(1) do not support an award of fees here.

Given Corder, this Court is not persuaded by Defendants' reliance on Donovan v. Cunningham, 541 F. Supp. 276 (S.D. Tex. 1982). Even assuming certain defendants in Cunningham were awarded fees against the Secretary in that ERISA action under 28 U.S.C. § 2412(b) based on 29 U.S.C. § 1132(g)—which

---

[2] The Ninth Circuit has recognized two exceptions to this rule, see Corder, 53 F.3d at 230, but Defendants do not argue that either applies here. See also ECF No. 675 at 21 (Secretary arguing neither exception applies here); ECF No. 677 at 17-18 (Defendants failing to respond to this argument, and so implicitly conceding the point).

Defendants concede is unclear, see ECF No. 677 at 17—the court there offered no explanation as to why fees were justified despite the plain language of § 1132(g). See 541 F. Supp. at 288. Indeed, other courts outside the Ninth Circuit have declined to award EAJA fees under 28 U.S.C. § 2412(b) in ERISA actions initiated by the Secretary based on the plain terms of 29 U.S.C. § 1132(g)(1). See Donovan v. Dillingham, 668 F.2d 1196, 1198 (11th Cir. 1982), modified on other grounds on rehearing en banc, 688 F.2d 1367 (11th Cir. 1982); Brock v. Walton, 663 F. Supp. 70, 72 (S.D. Fla. 1987).

In Dillingham, the Eleventh Circuit noted that § 1132 distinguishes throughout between the Secretary and "a participant, beneficiary, or fiduciary," and further stated that it was "not willing—if indeed [it could]—to imply a waiver of sovereign immunity from the government's contention that it brought the suit to protect the interest of participants in and beneficiaries of the plan." 668 F.2d at 1198 & n.3. Aside from the Ninth Circuit authority plainly contradicting Defendants' position, the Court also finds persuasive Dillingham's reasoning in the specific context of the EAJA, and thus rejects Defendants' argument that § 1132(g) justifies fees here because the Secretary was "asserting the rights held under ERISA by plan participants and beneficiaries." ECF No. 669 at 15 n.4; see also Sec'y of Labor v. Fitzsimmons, 805 F.2d 682, 694 (7th Cir. 1986) (en banc) (noting distinct cause of action when Secretary brings action under ERISA); Sec'y United

5

States Dep't of Lab. v. Kwasny, 853 F.3d 87, 95 (3d Cir. 2017) ("Because the Secretary's interest in maintaining the integrity of, and public confidence in, the pension system is broader than the interests of private litigants, we conclude that in ERISA suits, the Secretary is not in privity with private litigants[.]").

The Court therefore FINDS that Defendants are not entitled to fees under 28 U.S.C. § 2412(b) based on ERISA.

### B. Fees under Common Law for Bad Faith Conduct

Defendants also argue they are entitled to fees under 28 U.S.C. § 2412(b) based on the Secretary's bad faith conduct. "The common law allows a court to assess attorney's fees against a losing party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008) (citation omitted). "Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. (citation omitted). Reviewing the totality of the Government's conduct in this action, the Court finds that Defendants are not entitled to fees under the bad faith exception. See id. at 712.

Defendants suggest, but do not support, that this case was initiated without any basis and only because certain Department of Labor investigators "wanted to find a case to investigate in Hawaiʻi." ECF No. 669 at 21. Instead, the

District Court noted that the Secretary's conduct in initiating an investigation "appear[ed] entirely warranted." ECF No. 657 at 65. Defendants point to the Secretary's conduct during discovery; however, as this Court previously stated in its findings regarding taxable costs, discovery was contentious and required extensive Court-involvement due to *both* sides' conduct. See, e.g., ECF No. 682 at 5. Based on this Court's familiarity with discovery in this matter, it cannot find that any of the Secretary's conduct cited by Defendants rose to the level of vexatiousness or disregard of the judicial process that would warrant a finding of bad faith. For example, while one of the discovery orders Defendants cite reflects this Court granting Defendants' request to reconvene certain depositions, it also reflects the Court denying portions of Defendants' request that the Court had already ruled upon in prior orders— demonstrating Defendants contributed to complicating discovery proceedings in this matter. See ECF No. 307 at 8-10; see also ECF No. 313 at 7-9.

Nor does the Court find that the Secretary initially alleging Mr. Saakvitne bid against himself and then subsequently deciding not to advance this theory at trial amounts to the frivolousness, harassment, or improper purpose necessary to find bad faith. Defendants cite their expert's trial declaration, stating that it did not "appear to [him], based on [his] experience," that Mr. Saakvitne bid against himself and, instead, "that the two-hour time zone difference between

7

California (where Mr. Saakvitne was) and Hawai'i (where Mr. Bowers was) has helped to create confusion in this respect." ECF No. 648 ¶ 39. Particularly given this acknowledgment for potential confusion, the Court cannot find the Government's initial conduct constitutes bad faith. Nor have Defendants demonstrated that the Government's failure to inform them that they did not intend to advance evidence in support of this allegation at trial amounts to bad faith.

Finally, the Court cannot find bad faith based on the Government's focus on a private company's nonbinding preliminary indication of interest, or its reliance on the expert opinion of Steven J. Sherman. The District Court did note that the Government ignored the actual cash and debt on the Company's balance sheet that the indication of interest expressly acknowledged should have been considered, see, e.g., ECF No. 657 at 12, and also repeatedly rejected the relevance of the indication of interest because it did not reflect what a seller was willing to accept, see id. at 13, 42. The District Court also detailed why Mr. Sherman's opinions were unreliable—including because he "significantly and unreasonably undervalued the Company" based on ignoring certain standard appraisal practices, e.g., failing to interview company management and so incorrectly considering certain fees as company expenses, and improperly taking into consideration events occurring after the sale. See ECF No. 657 at 32, 35-39. Still, based on this Court's review of the record in this matter and the District Court's ultimate findings and

8

conclusions at trial, the Court cannot find that the Government's reliance on this evidence amounts to advancing frivolous positions or unreasonably seeking to press forward to harass Defendants. Overall, then, the Court cannot find the Government's conduct in this action on the whole amounts to bad faith that would justify an award of attorneys' fees and non-taxable costs under 28 U.S.C. § 2412(b).

For these reasons, the Court finds Defendants are not eligible to recover fees and non-taxable costs under § 2412(b) of the EAJA and RECOMMENDS denying Defendants' request for fees on this basis.

### II.     Entitlement to Fees under § 2412(d)

Defendants, on behalf of the Company only, also seek fees under the EAJA under § 2412(d)(1)(A). That subsection provides :

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Even assuming the Company meets the definition of a "prevailing party" under subsection (d), the Court finds the Government's position was substantially justified and thus RECOMMENDS denying Defendants' request for fees under subsection (d).

9

The Government acknowledges it bears the burden of proving its position was substantially justified. See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). "To establish substantial justification, the government need not establish that it was correct or justified to a high degree—indeed, since the movant is established as a prevailing party it could never do so—but only that its position is one that a reasonable person could think it correct, that is, that the position has a reasonable basis in law and fact." Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1167–68 (9th Cir. 2019) (citations and alterations omitted).[3]

"The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." Meier, 727 F.3d at 870; see also 28 U.S.C. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."). The EAJA requires a court

---

[3] The Court thus rejects Defendants' argument that the Court can address this issue "by simply looking at the judgment" and that "[t]he result is what matters." ECF No. 677 at 26; see also Gonzales v. Free Speech Coal., 408 F.3d 613, 620 (9th Cir. 2005) ("As the district court correctly recited the law, that the government lost does not raise a presumption that its position was not substantially justified.") (citation omitted).

10

to look at a case "as an inclusive whole, rather than as atomized line-items." Ibrahim, 912 F.3d at 1169 (citation omitted).

With regard to the underlying agency action, the Court finds the Government's actions and positions were substantially justified. As noted above, the District Court observed that the Government's concerns, suspicions, and decision to open an investigation were "understandable" and "appear[ed] entirely warranted." ECF No. 657 at 64, 65.

Granted, the District Court went on to remark that, once this action was filed, it became the Government's burden to prove those suspicions and concerns—and then systematically detailed how the Government failed to do so at each turn. See ECF No. 657. Yet, based on its review of the record, including at trial, the Court still finds the Government's position on the whole had a reasonable basis in fact and law.

This action involved the application of ERISA to the sale of a company to an ESOP, where expert testimony played an important role in comparing and explaining financial data and competing assessments, valuations, and appraisals. See, e.g., ECF No. 657 at 28-41; cf. Antonio Hurtado v. Rainbow Disposal Co., 2021 WL 79350, at *4 (C.D. Cal. Jan. 4, 2021) (citing settling parties' acknowledgment that "ERISA actions are notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases"). That the

11

District Court ultimately sided with Defendants and their experts does not negate the Government's claim that its position was substantially justified.

This is so even though the District Court rejected the Secretary's expert's opinion as unreliable and found he had "significantly and unreasonably undervalued the Company." ECF No. 657 at 35. This Court does not interpret the District Court's discussion of that expert's testimony as foreclosing a finding that the Government was justified in proceeding to trial, including in reliance on that opinion and other circumstantial evidence it claimed demonstrated that the sale of the Company for $40 million violated ERISA. See, e.g., id. at 14, 18, 28, 30, 42-43.

Instead, for example, and as noted above, the errors in Mr. Sherman's analysis that proved fatal to the Government's case can be traced in large part to him neglecting to follow certain standards of practice—which a defense expert described as mandatory. See ECF No. 657 at 35-39. In this respect, the District Court observed that Mr. Sherman appeared to be testifying based on a lack of information that could have otherwise rendered his opinions more reliable. See ECF No. 657 at 37 (acknowledging that a plaintiff's expert typically does not have a way to interview a defendant, but that a plaintiff's attorney typically can obtain this information through deposition, and that "[h]ere, Sherman appears to have proceeded without the benefit of information that would have helped him to avoid

the error concerning subconsultant fees"); see also id. at 67 ("Bowers and Kubota knew the Company had contracts due to be paid in 2012 (which Sherman appears not to have taken into account because he did not know about them). Bowers and Kubota generally knew what their expenses would be.").

While this may reflect on the Government's adequacy of preparation in litigation, the Court does not interpret the District Court as necessarily finding that the Government's theory of the evidence in this case had no reasonable basis in fact or law. While Defendants argue at length and convincingly about the District Court's assessment of the credibility of and thus appropriate weighing of the evidence presented at trial, they do not persuasively point to any finding or conclusion that the Government's position in this case was wholly unreasonable based on well-settled law. See Gonzales, 408 F.3d at 620 (reversing finding that government's position lacked substantial justification that relied on hindsight; citing favorably to D.C. Circuit's observation that when assessing substantial justification "it is not enough to repeat the analysis of the merits decision, and add adjectives") (citation omitted).

Indeed, the District Court did not reach a conclusive determination until the parties fully developed the factual record in discovery and after a five-day trial; that the Secretary survived motions to dismiss and summary judgment in the course of these proceedings supports finding his position at each stage of the

13

litigation was substantially justified. See ECF Nos. 47, 412; Gonzales, 408 F.3d at 618 ("objective indicia such as . . . the stage in the proceedings at which the merits were decided . . . can be relevant") (citation and alterations omitted); see also United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381-82 (7th Cir.2010) ("The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion. [C]onsistent with this standard, there is a presumption that a government case strong enough to survive both a motion to dismiss and a motion for summary judgment is substantially justified.").

For these reasons, the Court finds that the Government has met its burden of demonstrating substantial justification, such that Defendants are not entitled to fees or non-taxable costs under subsection (d) of the EAJA. The Court therefore RECOMMENDS the District Court deny Defendants' request under subsection (d).

## CONCLUSION

The Court FINDS AND RECOMMENDS that the District Court DENY Defendants' motion for attorneys' fees and non-taxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 8, 2021.



Wes Reber Porter
United States Magistrate Judge

**WALSH v. BOWERS, ET AL.; CIVIL NO. 18-00155 SOM-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**