IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | CIVIL NO. 18-00155 SOM-WRP |
| Plaintiff, | ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS (ECF NO. 682); |
| vs. | |
| BRIAN BOWERS, an individual; DEXTER C. KUBOTA, an individual; BOWERS + KUBOTA CONSULTING, INC., a corporation; BOWERS + KUBOTA CONSULTING, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS (ECF NO. 684) |
| Defendants. | |

**ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS
AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS
(ECF NO. 682); ORDER ADOPTING FINDINGS AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES
AND NONTAXABLE COSTS (ECF NO. 684)**

I.        INTRODUCTION.

Defendants Brian Bowers and Dexter Kubota created an Employee Stock Ownership Plan ("the ESOP") to which they sold, for $40 million, all the shares in Bowers + Kubota Consulting, Inc. (the "Company").

The Government filed suit, alleging that Bowers and Kubota had violated the Employee Retirement Income Security Act of 1974 ("ERISA") by causing the ESOP to pay more for the Company than the Company's fair market value.  The Company and the ESOP were joined under Rule 19(a) of the Federal Rules of Civil Procedure.  During the bench trial before this judge and

throughout the course of this litigation, the Company, the ESOP, Bowers, and Kubota (the "Remaining Defendants") acted in concert, presenting a joint defense even though they were separate Defendants.[1]

On September 17, 2021, this court issued its posttrial findings of fact and conclusions of law, determining that no ERISA violation had been established and ordering that judgment be entered in favor of the Remaining Defendants. *See* ECF No. 657.

On October 1, 2021, Bowers, Kubota, and the Company filed a Bill of Costs, seeking $78,341.39 in taxable costs. *See* ECF No. 660.  It is the court's understanding that the Company paid all of the costs incurred in this case, even the costs billed to Bowers and Kubota's attorneys.  Apparently, there is an agreement that the Company will pay such costs on behalf of Bowers and Kubota.  *See*, *e.g.*, Joint Exhibits 44 and 53 (not received into evidence).  Accordingly, even though most of the bills submitted along with the Bill of Costs were sent to the

---

[1] The Government had earlier settled its claims against the estate of an attorney who was the ESOP trustee and his law firm. *See* ECF No. 507.

attorneys for Bowers and Kubota,[2] there is no dispute that the
Company paid those bills.

On November 18, 2021, Magistrate Judge Wes Reber Porter
issued his Findings and Recommendation to Grant in Part and Deny
in Part Defendants' Bill of Costs ("F&R re Taxable Costs"),
recommending that this court award the Company $72,962.95 in
taxable costs.  *See* ECF No. 682.  On December 2, 2021, the
Government filed objections to the F&R re Taxable Costs.  *See* ECF
No. 683.  On *de novo* review, this court adopts the F&R re Taxable
Costs in part and modifies it in part by reducing the award to
$41,810.46 and awarding that amount of taxable costs to Bowers,
Kubota, and the Company.

Bowers, Kubota, and the Company also sought an award of
attorneys' fees and nontaxable costs.  *See* ECF No. 669.  On
December 12, 2021, Magistrate Judge Porter issued his Findings
and a Recommendation that that request be denied.  *See* ECF No.
684 ("F&R re Attorneys' Fees and Nontaxable Costs").  Bowers,
Kubota, and the Company objected.  *See* ECF No. 688.  On *de novo*
review, this court agrees with and adopts the F&R re Attorneys'

---

[2] Nearly all of the receipts submitted to the court show
that bills were invoiced to counsel for Bowers and Kubota, with
the exceptions being six bills that were sent to counsel for the
Company.  These six were from HON Discovery Group in the amounts
of $1,884.82, $1,884.82, $5,026.18, $2,513.09, and $1,570.68 and
from Capital Reporting Company in the amount of $200.94.  *See* ECF
No. 661-3, PageID #s 23766 and 23781; ECF No. 661-4, PageID
#s 23788 and 23796; and ECF No. 661-5, PageID #s 23801 and 23807.

Fees and Nontaxable Costs, determining that the Government was substantially justified in bringing this action and that it did not proceed in bad faith.  The court also determines that Bowers, Kubota, and the Company are not entitled to fees and costs under 29 U.S.C. § 1132(g)(1).

## II.        STANDARD OF REVIEW.

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Local Rule 74.1; *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013).  In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006).  The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record.  *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

III.     **ANALYSIS.**

A.    **This Court Adopts the F&R re Taxable Costs in Part and Modifies it in Part by Reducing the Award to $41,810.46, and by Awarding Those Costs to Bowers, Kubota, and the Company.**

The F&R re Taxable Costs recommended an award of taxable costs to the Company.  The Government objects to this recommendation, arguing that the Company was not the prevailing party because no claim was asserted against it and that the amount of any award should have been reduced.  According to the Government, only Bowers and Kubota would qualify as prevailing parties for purposes of 28 U.S.C. § 2412(a)(1).  However, the Government argues that, even as prevailing parties, Bowers and Kubota are not entitled to the taxable costs that the Company, rather than Bowers and Kubota as individuals, paid under an indemnification agreement.  The court disagrees with the Government's arguments with respect to entitlement to taxable costs, but agrees that the recommended taxable costs should be reduced.

Under Rule 54(d) of the Federal Rules of Civil Procedure, there is ordinarily a presumption that a prevailing party will be awarded taxable costs.  Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the

extent allowed by law."). While there is no such presumption under Rule 54(d) in cases involving the United States, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1), provides for a discretionary award of taxable costs. *See Neal & Co. v. United States*, 121 F.3d 683, 687 (Fed. Cir. 1997) ("EAJA vests the trial court with considerable discretion to award costs. This discretion authorizes the trial court to consider a wide variety of factors, including the conduct of the parties during trial, in reaching its costs decision."). The "EAJA partially waives the sovereign immunity of the United States" for such taxable costs. *W. Watersheds Project v. Interior Bd. of Land Appeals*, 624 F.3d 983, 985 (9th Cir. 2010).

Under § 2412(a)(1),

a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

Under the plain language of the statute, this court may award costs to a prevailing party in a civil action brought by the Government if the costs are limited to "reimbursing . . . the

prevailing party for the costs incurred by such party in the litigation."

### 1.   Bowers, Kubota, and the Company are "Prevailing Parties."

The Supreme Court has noted that the term "prevailing party" is a "legal term of art" that means "a 'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)); *see also United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) ("To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree."); *Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009) ("prevailing party status turns on whether there has been a material alteration of the legal relationship of the parties" (quotation marks and citation omitted)).

The Government argues that the Company is not a "prevailing party" because the Government's Complaint asserted no claim against the Company in the Complaint.  This court disagrees with the Government's contention that an express claim must have been asserted against a party for that party to be considered a "prevailing party."

On September 5, 2018, the Company sought dismissal of the Complaint with respect to it because it was "not a party to

any of the direct claims alleged in the Complaint." ECF No. 26-1, PageID # 307. It further argued that "the Complaint does not allege any acts or omissions giving rise to any liability against [it] and seeks no damages from [it]." *Id.* The Company contended that it was named as a Defendant only to assure that complete relief could be granted. *See id.*, PageID # 309.

The Government opposed dismissal, arguing that "any remedy that the Secretary seeks in this action will implicate the Company. For example, and as stated in the Complaint, the Secretary may seek to modify ESOP agreements and related documents to correct harm to the ESOP caused by other named Defendants." ECF No. 30, PageID # 325. The Government said it might seek to restructure the Company and was seeking restoration of ESOP losses, to the extent the Company was responsible for the losses. *Id.*

On January 18, 2019, this court denied the Company's motion to dismiss, agreeing that this court might be unable to accord complete relief in the Company's absence. *See* ECF No. 47, PageID # 459. The court noted that the Complaint sought to have agreements through which the Company agreed to indemnify Bowers and Kubota declared void and to enjoin the agreements from causing or allowing the Company to indemnify Bowers and Kubota. The court noted that the Company's presence was necessary if the ESOP's governing documents had to be modified and the Company had

to be restructured if the Government prevailed on its claims.
*Id.*, PageID # 461.

Ultimately, this court ruled that Bowers and Kubota did
not violate ERISA.  *See* ECF No. 657, PageID # 23701.  This, of
course, meant that this court did not need to take any further
action with respect to the Company, the ESOP, or its
administration and plan documents.  Under these circumstances,
even though the Company did not prevail on an express claim
asserted against it, this court considers the Company to be a
"prevailing party," as a judgment was entered in its favor that
preserved the very status quo the Government was seeking to
change.  *See Buckhannon Bd. & Care Home,* 532 U.S. at 603 (2001);
*Milner*, 583 F.3d at 1196; *Cadkin*, 569 F.3d at 1144-45.

This court also considers the Company to be a
"prevailing party" because the Remaining Defendants jointly and
in concert defended this action.  Throughout this litigation,
this court observed the Remaining Defendants coordinating their
defense.  It comes as no surprise that the Company paid for all
costs incurred by itself, Bowers, and Kubota.

Even if the Company is not a prevailing party, there
can be no doubt that Bowers and Kubota are prevailing parties, as
they prevailed on the Government's ERISA claims.  As discussed in
more detail below, this court would award the same taxable costs
to Bowers and Kubota, who presumably would repay the Company for

9

the costs fronted by it.  Of course, only a single award of taxable costs is awarded to Bowers, Kubota, and the Company.

> **2.    Bowers, Kubota, and the Company Are Entitled to Be "Reimbursed" for the Taxable Costs They "Incurred" With Respect to This Action.**

The Government argues that Bowers and Kubota may not be awarded taxable costs because they did not actually pay any of the costs.  In other words, the Government contends that Bowers and Kubota did not "incur" any expenses for which they need to be "reimbursed."  This argument ignores what actually happened in this case.

The EAJA does not define the terms "reimburse" or "incur."  Accordingly, this court interprets those words using their ordinary meanings.  *See FCC v. AT&T Inc.*, 562 U.S. 397, 403 (2011) ("When a statute does not define a term, we typically give the phrase its ordinary meaning" (internal quotation marks and citation omitted)); *Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088, 1093 (9th Cir. 2019) (same); *accord Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454 (2012) ("Because the TVPA does not define the term 'individual,' we look first to the word's ordinary meaning.").  The Ninth Circuit has explained that, in determining the ordinary meaning of a word, courts usually consult dictionary definitions.  When the word has a plain meaning or is unambiguous, the statutory interpretation inquiry ends.  *Animal Legal Def. Fund*, 933 F.3d at 1093.

10

The American Heritage Dictionary of the English Language defines "incur" as "[t]o become liable or subject to as a result of one's actions."
https://www.ahdictionary.com/word/search.html?q=incur (last visited January 24, 2022).  The Merriam-Webster dictionary similarly defines "incur" as "to become liable or subject to."
https://www.merriam-webster.com/dictionary/incur (last visited January 24, 2022).

All but six of the charges included in the Bill of Costs had been sent by the billing entities to counsel for Bowers and Kubota.  *See* ECF No. 661.  It would therefore be difficult to say that Bowers and Kubota did not "incur" these bills, even if the Company ultimately paid them.  David R. Johanson, counsel for Bowers and Kubota, states, "The Company paid all costs incurred by the Remaining Defendants, whether incurred directly by the Company or through Messrs. Bowers and Kubota."  Decl. of David R. Johanson ¶ 4, ECF No. 661, PageID # 23748.  While this court does not have before it the agreements between Bowers and Kubota and their attorneys, it appears that Bowers and Kubota would have been liable for these bills had the Company not paid them.  Similarly, because the Remaining Defendants presented what amounted to a joint defense, and because the Company paid the bills sent to counsel for Bowers and Kubota, this court also

rules that, along with Bowers and Kubota, the Company also "incurred" those expenses.

Even with respect to the six bills sent to counsel for the Company rather than to counsel for Bowers and Kubota, this court rules that Bowers and Kubota "incurred" those expenses along with the Company to whose counsel the bills were sent. Bowers and Kubota would have "incurred" those expenses had the Company not been billed for them. The Remaining Defendants coordinated their defense, acting jointly, making it clear that the six bills sent directly to the Company were also "incurred" by Bowers and Kubota. Sending the bills to the Company's counsel was an act of convenience, rather than a restriction on who "incurred" those bills.

The more interesting issue is whether Bowers and Kubota should be "reimbursed" for taxable costs that they incurred but that the Company paid under an indemnification agreement. The American Heritage Dictionary of the English Language defines "reimburse" as "[t]o repay (money spent); refund" or "[t]o pay back or compensate (another party) for money spent or losses incurred." https://www.ahdictionary.com/word/search.html?q=reimburse (last visited February 7, 2022). The Merriam-Webster dictionary similarly defines "reimburse" as "to pay back to someone" or "to make restoration or payment of an equivalent to."

https://www.merriam-webster.com/dictionary/reimburse (last
visited February 7, 2022).

Bowers and Kubota are entitled to "reimbursement" by
the Government of the taxable expenses they "incurred," even if
those expenses were paid for by the Company under an
indemnification agreement.  Such a "reimbursement" effectively
compensates Bowers, Kubota, and the Company, assuming that Bowers
and Kubota would turn around and repay the Company for any
taxable expenses it fronted.  In other words, a "reimbursement"
would "pay back" Bowers and Kubota for the expenses caused by the
Government's Complaint--expenses that they would have had to pay
themselves had the Company not fronted the expenses on their
behalf.

This court rejects the Government's argument that this
court's analysis would result in a windfall to its opponents.  To
the contrary, construing the Government's waiver of sovereign
immunity as barring the taxation of costs to the Remaining
Defendants as a group would result in a windfall to the
Government.

Imagine a case in which the Government sues a minor who
ultimately wins the case.  Assuming that the minor's parents paid
the taxable costs of the case, the Government's position would
bar the minor's parents from ultimately recovering the taxable
costs through an award of costs to the minor.  If the Government

lost the very same case to an adult, the adult would be entitled to a discretionary award of taxable costs.  It makes no sense to treat the minor differently simply because the minor did not write the check for the expenses.

The Ninth Circuit faced a similar issue in the context of a party whose costs were paid for by an insurer.  In that case, the Ninth Circuit held that a company whose costs were paid for by an insurer was nevertheless entitled to seek the costs under Rule 54(d) of the Federal Rules of Civil Procedure. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 633 F.3d 1218, 1219–1220 (9th Cir. 2011), *rev'd on other grounds*, 566 U.S. 560 (2012); *see also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633 (11th Cir. 1991) (holding that a city may recover costs even though the costs were paid for by an insurance company); 10 Moore's Fed. Practice – Civil § 54.101[a] (Lexis 2022) (stating that, under Rule 54(d), a prevailing party is entitled to costs "even if the costs were actually paid by some third party, such as an insurer, and not by the prevailing litigant").

>        3.    **This Court Declines to Award Taxable Costs Associated With the Statute of Limitations Defense To the Extent Those Costs Were Incurred After This Court's Order Denying Defendants' Motion for Summary Judgment on Limitation Grounds ($28,932.77).**

On January 15, 2021, Bowers and Kubota filed a motion seeking summary judgment on the Government's ERISA claims on statute of limitations as well as other grounds, arguing in relevant part that the claims were time-barred, either because IRS Form 5500 had given the Government actual knowledge of the facts underlying the sale of stock to the ESOP, or because the Government had been willfully blind to those facts. *See* ECF Nos. 359 and 360.  The Company joined in the motion. *See* ECF No. 362.

On March 12, 2021, this court denied that motion, ruling in relevant part that questions of fact precluded summary judgment on the limitations issues. *See* ECF No. 412, PageID #s 9158-63.  With respect to the actual knowledge argument, this court ruled:

> Bowers and Kubota argue that the Government gained actual knowledge of the alleged violations from Form 5500 (the Annual Return/Report of Employee Benefit Plan) filed with the Internal Revenue Service and submitted to the Department of Labor via EFAST2 on October 15, 2013.  However, *Sulyma* states that "§ 1113(2) requires more than evidence of disclosure alone."  140 S. Ct. at 777.  Jerome Raguero of the Department of Labor explains that EFAST2 is an automated system in which officials do not automatically read submissions upon receipt. 30(b)(6) Depo. of Jerome Raguero, ECF No.

363-1, PageID # 6783.  This raises a question
of fact as to whether the Government had
actual knowledge of the contents of Form 5500
or whether the EFAST2 submission amounted to
only a disclosure.

Additionally, the court notes that Form
5500 shows only a possible decrease in the
value of the Company stock, rather than
establishing on its own an actual ERISA
violation in the form of a sale of stock for
more than fair market value.  At the hearing,
Bowers and Kubota explained that what appears
to be a decrease in the value of the Company
stock was actually an accounting of the debt
related to the loan taken out to purchase the
stock.  Whatever the explanation, this court
cannot conclude that Form 5500, without more,
provides actual notice of a possible ERISA
violation.  Bowers and Kubota fail to show on
the present record that the Government had
actual knowledge of the alleged ERISA
violations in this case from the Form 5500
submitted via the EFAST2 system.

ECF No. 412, PageID #s 9160-61.

The Remaining Defendants fail to show that, given this
court's summary judgment ruling, depositions of Government
officials were necessary to allow the Remaining Defendants to
explore whether the Government could be said to have had actual
knowledge.  None of the Government officials deposed after this
court's order testified differently with respect to actual
knowledge.  While this court understands that the Remaining
Defendants may have been uncertain what the deponents would say,
the depositions appear to have been a fishing expedition with
respect to establishing actual knowledge.

16

In addressing the willful blindness argument, this

court ruled:

> A question of fact similarly precludes
> summary judgment with respect to Bowers and
> Kubota's argument that the Government's
> alleged willful blindness counts as actual
> knowledge of the alleged ERISA violations.
> Bowers and Kubota argue that the Government
> willfully ignored Saakvitne's conduct, having
> received a tip in July 2014 that Saakvitne
> may have done something improper with respect
> to the Hot Dog on a Stick ESOP.  *See* Depo. of
> Robert Prunty, ECF No. 363-5, PageID #s 6898-
> 6900, 6906; Depo. of Crisanta Johnson, ECF
> No. 363-3, PageID # 6850.  Bowers and Kubota
> also argue willful blindness based on the
> Kennedy Fabricating investigation, which
> began in November 2013, and led to a November
> 2015 investigation into Saakvitne.  *See* Depo.
> of Harold W. LeBrocq, III, ECF No. 363-6,
> PageID # 6937; ECF No. 364-3, PageID # 7230.
> Citing Miguel Paredes, a former Department of
> Labor supervisory investigator, Bowers and
> Kubota argue that the Government should have
> investigated Saakvitne's conduct in other
> cases, including this one.  Paredes
> testified, "I would expect that if an
> investigator has uncovered what they think is
> a fiduciary breach by a fiduciary, they would
> want to know whether or not that fiduciary is
> a fiduciary of other plans because they would
> be concerned that this provider is breaching
> a fiduciary duty in other--in other--in the
> provision of services to other plans."  Depo.
> of Miguel Paredes, ECF No. 363-4, PageID #
> 6889.  What an investigator might want to
> know about other ESOPs is not actual
> knowledge for purposes of § 1113(2).

> There are questions of fact as to
> whether the Hot Dog on a Stick and Kennedy
> Fabricating investigations show willful
> blindness on the Government's part.  Raguero
> of the Department of Labor testified that,
> although an investigator may inquire about
> other ESOPs that a particular service

provider may be involved with, Department of Labor investigators do not generally make such inquiries.  *See* Depo. of Jerome Raguero, ECF No. 363-1, PageID # 6800; *see also* Johnson Depo., ECF No. 363-3, PageID #s 6840-41; Prunty Depo., ECF No. 363-5, PageID #s 6895, 6908.  For example, with respect to the Kennedy Fabricating investigation, LeBrocq testified that, when he was investigating the Kennedy Fabricating ESOP, he did not ask Saakvitne about other ESOPs Saakvitne was involved with.  *See* LeBrocq Depo., ECF No. 363-6, PageID # 6933.  Similarly, Wen testified that, when he was investigating the ESOP at issue in this case, he did not ask Saakvitne about other ESOPs Saakvitne was involved with.  Wen explained that he focused only on the ESOP transaction he was working on.  *See* Wen Depo., ECF No. 363-2, PageID #s 6824-25.

On this motion, Bowers and Kubota fail to establish that other investigations were red flags to which the Government was willfully blind.  It might be that it would have been a good practice for individuals to have considered Saakvitne's involvement with other ESOPs, but willful blindness requires more than a failure to do what is best.  At a minimum, there is a question of fact as to whether the Government investigators were deliberately ignoring those alleged red flags or were instead reasonably focusing on the potential ERISA violations they were investigating.

*Id.*, PageID #s 9161-63.

Nor do the Remaining Defendants show that depositions of Government officials were necessary after this court's order with respect to willful blindness.  The Remaining Defendants should have known that the Government's investigation of Saakvitne with respect to other companies would not necessarily

18

cause the Government to examine all of the ESOPs Saakvitne was involved with.  In short, the Remaining Defendants submitted no testimony from those depositions that tended to show willful blindness.  Nothing established that Government officials were deliberately ignoring red flags that should have caused them to earlier examine the sale of the Company to the ESOP.  At best, the evidence established that it might have been good practice to examine ESOPs Saakvitne had been involved with, but examinations of those ESOPs were certainly not required.  Absent such a requirement, the depositions of Government officials were unnecessary, as they could not reasonably have been expected to establish facts demonstrating willful blindness.

"[T]here is no rule requiring courts to apportion costs according to the relative success of the parties."  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006).  However, 10 *Moore's Federal Practice* - Civil § 54.101 (Lexis 2022) notes that costs may be limited if they "were unreasonably incurred or unnecessary to the case."  This court exercises its discretion, declining to award taxable costs with respect to the depositions taken solely to establish the Remaining Defendants' statute of limitation defense.  These depositions were unnecessary and unreasonably increased the cost of this litigation.  *See Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) ("the Court

19

may reduce an award of taxable costs [under Rule 54(d)(1)] to reflect only partial success"); *Federal Practice & Procedure*, § 2667 (West 2022) (noting that courts have discretion to reduce awards of cost under Rule 54(d) to reflect partial success).

The Government represents that the depositions of nine Government officials were limited to the statute of limitations defense. *See* ECF No. 683, PageID # 24133. These include the following:

| Last Name of Deponent and Citation | Invoice Date | Bill From | $ Amount |
|---|---|---|---|
| Fukumoto, ECF No. 661-3, PageID # 23768 | 9/28/20 | Ralph Rosenberg | 1,729.26 |
| Hanzich, ECF No. 661-4, PageID # 23791 | 12/2/20 | Ralph Rosenberg | 1,991.31 |
| Johnson, ECF No. 661-3, PageID # 23783 | 11/7/20 | Ralph Rosenberg | 2,651.52 |
| LeBroq, ECF No. 661-3, PageID # 23784 | 11/7/20 | Ralph Rosenberg | 1,652.46 |
| Palacios, ECF No. 661-3, PageID # 23782 | 11/7/20 | Ralph Rosenberg | 1,899.42 |
| Palacios (Vol. 2) and Johnson (Vol. 2), ECF No. 661-4, PageID # 23790 | 12/1/20 | Ralph Rosenberg | 1,832.88 |
| Paredes, ECF No. 661-3, PageID # 23767 | 9/26/20 | Ralph Rosenberg | 1,856.39 |

| Paredes (Vol. 2), ECF No. 23795 | 12/23/20 | Ralph Rosenberg | 834.55 |
|---|---|---|---|
| Prunty (Vol. 2), ECF No. 661-4, PageID # 23793 | 12/11/20 | Ralph Rosenberg | 550.05 |
| Prunty, ECF No. 661-3, PageID # 23769 | 9/29/20 | Ralph Rosenberg | 2,086.99 |
| Raguero, ECF No. 661-4, PageID # 23794 | 12/14/20 | Ralph Rosenberg | 2,271.94 |
| Zielinski, ECF No. 661-4, PageID # 23789 | 11/21/20 | Ralph Rosenberg | 2,036.75 |
| Johnson, Palacios, LeBroq (Video), ECF No. 661-3, PageID # 23781 | 11/1/2020 | HON Discovery Group | 1,884.82 |
| Paredes, Fukumoto, and Prunty (Video), ECF No. 661-3, PageID # 23766 | 9/22/2020 | HON Discovery Group | 1,884.80 |
| Zielinski, Hanzich, Johnson, Palacios, Prunty, Ragero, Paredes (Video), ECF No. 661-4, PageID # 23796; Court not deducting for Wen or Hansen ($5,026.18 - $1,256.55 = $3,769.63) | 12/23/2020 | HON Discovery Group | 3,769.63 |
| **Total** | | | 28,932.77 |

The court declines to award $28,932.77 in costs for the depositions of these Government officials that went solely to the Remaining Defendants' statute of limitations defense.[3]

### 4.     The Court Adopts the F&R re Costs' Recommendation to Decline to Award Costs for Michael Wen's Deposition Due to Misconduct.

The F&R re Costs recommended that this court decline to award taxable costs with respect to the Deposition of Michael Wen because of counsel's alleged misconduct at that deposition.  *See* ECF No. 682, PageID # 24110.  No objection has been made to that recommendation.  Accordingly, this court adopts it, no clear error being apparent from the record.  This court declines to award the $2,789.95 requested for Wen's deposition.  *See* ECF No. 661-3, PageID # 2,789.95.

### 5.     The Court Awards as Taxable Costs Expenses Incurred for Both Video and Stenographic Depositions, But Declines to Award Expenses With Respect to Synchronizing Those Depositions.

This court's local rules allow taxable costs with respect to "a stenographic **and**/or video original and one copy of any deposition transcript necessarily obtained for use in the case."  Local Rule 54.1(f)(2) (emphasis added).  Given the express allowance in this court's local rules for an award of

---

[3] The Government says the cost of the depositions pertaining to the statute of limitations was $29,403.91.  *See* ECF No. 683, PageID # 24132.  This court's calculation of those deposition costs differs from that amount by $471.14.

22

taxable costs for both stenographic and video deposition expenses, this court rejects the Government's argument that costs for only one format should be allowed, not both.

The court also allows taxable expenses associated with real-time and daily transcripts during trial, as those were reasonably necessary for trial counsel to effectively litigate this case given travel restrictions and other difficulties caused by the pandemic. The court remembers such transcripts being provided to expert witnesses prior to their testimony via Zoom. These experts were then able to comment about fact witnesses' statements and other expert testimony, as well as assist trial counsel with the presentation of evidence. Given the difficulty of trying this case during the height of the COVID-19 pandemic, this court finds the cases cited by the Government distinguishable.

The court declines to award as taxable costs expenses associated with synchronizing the stenographic and video depositions. Synchronizing stenographic and video depositions was not necessary for litigating matters before this court. Accordingly, this court does not award $2,513.09 for the invoice from HON Discovery Group dated February 1, 2021, which states that it is for synchronizing 16 deposition transcripts. *See* ECF No. 661-3, PageID # 23801. Nor does this court award $314.14 ($300 plus GET of $14.14) for the synchronizing of the Mark

23

Johnson and Steven Sherman depositions.  *See* ECF No. 661-5, PageID # 23807.  The total not awarded for deposition synchronization is $2,827.23 ($2,513.09 + $314.14).[4]

### 6.   The Court Awards $3,347.65 for Taxable Copying Costs.

Local Rule 54.1(f)(4) provides that the court may award taxable costs of copies necessarily obtained for use in the case at $0.15 per page or the actual cost charged by commercial copiers, provided the charges are reasonable.  Counsel submitted a declaration indicating copying charges at $0.15 per page for three print jobs in June 2021.  The court awards these costs, which total $3,347.65 ($752.40 + $2,972.10 + $1,623.15).

### 7.   Other Taxable Costs.

The court awards $151.89 for costs relating to the service of summonses and subpoenas.  The court also awards $80 for witness fees.

The Bill of Costs also seeks reimbursement of four receipts from Staples for commercial copying costs.  The court awards those costs minus the express pick-up fees charged because Bowers, Kubota, and the Company fail to demonstrate that the express fees were necessary.  The court declines to award costs

---

[4] The Government says the cost of deposition synchronization was $3,113.09.  *See* ECF No. 683, PageID # 24138 n.5.  This differs from this court's calculation by $285.86.

for duplicate receipts that appear to have been submitted by mistake.

To be specific, the court refers to the request by Bowers, Kubota, and the Company for an award of taxable costs for a Staples receipt dated October 21, 2020, in the amount of $115.94. *See* ECF No. 661-6, PageID #s 23815-16. With respect to that receipt, the court disallows the express pick-up charge of $24.27, plus pro-rated tax of $2.49.[5] The court allows copying costs of $80.89, plus pro-rated tax of $8.29, for a total of $89.18. With respect to duplicate receipts, Bowers, Kubota, and the Company have submitted identical Staples receipts dated October 21, 2020, in the amount of $115.94. *See* ECF No. 661-6, PageID #s 23815-16 and 23817-18. Duplicate costs are disallowed. It may well be that Bowers, Kubota, and the Company intended to attach a receipt for $44.92, as listed in ECF No. 661, PageID # 23755. However, the court will not tax costs for commercial copying when the wrong receipt is submitted to the court.

Bowers, Kubota, and the Company seek an award of taxable costs for a Staples receipt dated October 22, 2020, for $80.56. *See* ECF No. 661-6, PageID #s 23819-20. With respect to this receipt, the court disallows the express pick-up charge of

---

[5] All of the receipts from Staples submitted in connection with the Bill of Costs reflect taxes paid at a California location. These taxes are higher than what would have been incurred had the underlying services been performed in Hawaii.

$16.86, plus pro-rated tax of $1.73.  The court allows copying costs of $56.21, plus pro-rated tax of $5.76, for a total of $61.97.

Bowers, Kubota, and the Company seek an award of taxable costs for a Staples receipt dated November 4, 2020, in the amount of $176.83.  *See* ECF No. 661-6, PageID #s 23821.  The court disallows the express pick-up charge of $36.85, plus pro-rated tax of $3.78.  The court allows copying costs of $122.83, plus pro-rated tax of $12.59, for a total of $135.42.

Bowers, Kubota, and the Company seek an award of taxable costs for a Staples receipt dated June 6, 2021, in the amount of $22.04.  *See* ECF No. 661-6, PageID # 23822.  The court does not award copying costs for this receipt.  The receipt states that it is for "HAMMERMILL COPYPLU," which may be a reference to printer paper, rather than copying costs.  Bowers, Kubota, and the Company have not provided sufficient detail with respect to this receipt for this court to include it in copying costs.

### 8. The Court Awards the Following Taxable Costs.

| Description | Citation | Date | $ Amount |
|---|---|---|---|
| ACE Attorney Service, Inc. for Subpoena Duces Tecum on Steven Rosebaugh | ECF No. 661 ¶ 6, PageID # 23749; ECF No. 661-2, PageID # 23764 | July 7, 2020 | 151.89 |

| | | | |
|---|---|---|---|
| Paul Vallone Deposition | ECF No. 661-3, PageID # 23770 | October 7, 2020 | 876.05 |
| Gary Kuba Deposition | ECF No. 661-3, PageID # 23771 | October 12, 2020 | 1,172.88 |
| Dexter Kubota Deposition | ECF No. 661-3, PageID # 23772 | October 14, 2020 | 1,375.81 |
| Dawn Muragame Deposition | ECF No. 661-3, PageID # 23773 | October 14, 2020 | 815.81 |
| Thomas Nishihara Deposition | ECF No. 661-3, PageID # 23774 | October 15, 2020 | 694.24 |
| Motion to Dismiss Transcript | ECF No. 661-3, PageID #s 23775-76 | January 22, 2019 | 220.26 |
| Brian Bowers Deposition (R. 30(b)(6)) | ECF No. 661-3, PageID # 23778 | October 22, 2020 | 1,042.09 |
| Brian Bowers Deposition | ECF No. 661-3, PageID # 23779 | October 22, 2020 | 1,093.30 |
| Marcus Piquet Deposition | ECF No. 661-3, PageID # 23780 | October 22, 2020 | 1,716.10 |
| Gregory Kniesel Deposition | ECF No. 661-3, PageID # 23786 | November 13, 2020 | 2,444.70 |
| Gregory Kniesel Deposition | ECF No. 661-4, PageID # 23788 | November 13, 2020 | 200.94 |
| Greg Hansen Deposition | ECF No. 661-4, PageID # 23792 | December 7, 2020 | 1,239.84 |
| Michael Wen and Gregory Hansen Video Deposition | ECF No. 661-4, PageID # 23796 | December 23, 2020 | 1,256.55 |
| Ian Rusk Deposition | ECF No. 661-4, PageID # 23797 | January 12, 2021 | 1,626.62 |
| 2d Greg Hansen Deposition | ECF No. 661-4, PageID # 23798 | January 14, 2021 | 622.41 |

| | | | |
|---|---|---|---|
| 2d Marcus Piquet Deposition | ECF No. 661-4, PageID # 23799 | January 22, 2021 | 464.45 |
| Gregory Brown Deposition | ECF No. 661-5, PageID #s 23802-03 | January 26, 2021 | 2,686.30 |
| Summary Judgment Hearing Transcript | ECF No. 661-5, PageID # 23804 | March 4, 2021 | 294.55 |
| Steven Sherman Deposition | ECF No. 661-5, PageID # 23805 | March 5, 2021 | 2,098.27 |
| Mark Johnson Deposition | ECF No. 661-5, PageID # 23806 | March 8, 2021 | 2,243.56 |
| Steven Sherman and Mark Johnson Video Deposition | ECF No. 661-5, PageID # 23807 | March 15, 2021 | 1,256.54 |
| Kenneth Pia Deposition | ECF No. 661-5, PageID # 23808 | March 26, 2021 | 1,465.85 |
| Pretrial Conference and Motion in Limine Transcript | ECF No. 661-5, PageID # 23809 | May 25, 2021 | 485.08 |
| Daily Trial Transcripts | ECF No. 661-5, PageID # 23811 | June 14, 2021 | 17,172.77 |
| Partial Reimbursement for Daily Trial Transcripts | ECF No. 661-5, PageID # 23812 | June 28, 2021 | -6,772.51 |
| Taxable Copying Costs | *See* above discussion | | 3,347.65 |
| Subpoena | *See* above discussion | | 151.89 |
| Witness Fees | *See* above discussion | | 80.00 |

| Staples | ECF No. 661-6, PageID #s 23815-16 | October 21, 2020 | 89.18 |
|---------|-----------------------------------|------------------|-------|
| Staples | ECF No. 661-6, PageID #s 23819-20 | October 22, 2020 | 61.97 |
| Staples | ECF No. 661-6, PageID # 23821 | November 4, 2020 | 135.42 |
| **Total** | | | 41,810.46 |

These taxable costs represent only a fraction of the monetary value at issue at trial.  The court expressly finds these costs to have been reasonable, necessary, and sufficiently supported by documentation.  The court exercises its discretion under the circumstances presented here and awards taxable costs of $41,810.46 to Bowers, Kubota, and the Company.

**B.    The Court Adopts the F&R re Attorneys' Fees and Nontaxable Costs.**

Bowers, Kubota, and the Company sought an award of attorneys' fees and nontaxable costs under two sections of the EAJA, 28 U.S.C. §§ 2412(b) and (d).  *See* ECF No. 669.  On December 8, 2021, Magistrate Judge Porter issued his F&R re Attorneys' Fees and Nontaxable Costs, recommending that this court deny the request for attorneys' fees and nontaxable costs. *See* ECF No. 684.

On December 29, 2021, Bowers, Kubota, and the Company objected.  *See* ECF No. 688.

29

On *de novo* review, this court agrees with and adopts the thorough and well-reasoned F&R re Attorneys' Fees and Nontaxable Costs.

### 1.    Bowers, Kubota, and the Company Are Not Entitled to Fees and Costs Under 28 U.S.C. § 2412(d).

Because the Government was substantially justified in bringing this action, Bowers, Kubota, and the Company are not entitled to fees and nontaxable costs under 28 U.S.C. § 2412(d), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

This court determines based on the evidence submitted at trial that the Government was substantially justified in bringing this action. As discussed in detail in this court's Posttrial Findings of Fact and Conclusions of Law, ECF No. 657, which the court does not rehash here, the Government had every right to be suspicious of the circumstances surrounding the sale of the Company to the ESOP. While the Government ultimately

30

failed to meet its burden of proving any of its claims by a preponderance of the evidence, it was nevertheless substantially justified in bringing those claims.  Accordingly, as discussed in the F&R re Attorneys' Fees and Costs, Bowers, Kubota, and the Company are not entitled to fees or nontaxable expenses § 2412(d)(1)(A).

> **2.    Bowers, Kubota, and the Company Are Not Entitled to Fees and Costs Under 28 U.S.C. § 2412(b).**

Bowers, Kubota, and the Company also seek fees and costs under 28 U.S.C. § 2412(b), which states:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Bowers, Kubota, and the Company rely on common law and 29 U.S.C. § 1132(g)(1) (section 502(g)(1) of ERISA), in arguing entitlement to fees and costs.  Neither justifies an award of fees and costs in this case.

31

     **3.**    **The Government Did Not Proceed in Bad Faith.**

Under the EAJA, "[t]he common law allows a court to assess attorney's fees against a losing party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (quotation marks and citation omitted). As noted above, the Government was substantially justified in bringing this action. Additionally, Bowers, Kubota, and the Company have not shown that the Government proceeded in bad faith after filing the Complaint. Accordingly, Bowers, Kubota, and the Company are not entitled to fees or costs based on bad faith conduct.

     **4.**    **Bowers, Kubota, and the Company Are Not Entitled to Fees and Costs Under 29 U.S.C. § 1132(g)(1).**

Bowers, Kubota, and the Company contend that they are entitled to fees and nontaxable costs under 29 U.S.C. § 1132(g)(1), which states, "[i]n any action under this subchapter (other than an action described in paragraph (2) [pertaining to actions by a fiduciary on behalf of a plan]) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." However, as Magistrate Judge Porter determined, this action was not brought by Bowers, Kubota, or the Company. Accordingly, 29 U.S.C. § 1132(g)(1) does not support a discretionary award of fees and costs in this case, which was

brought by the Government.  *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 229 (9th Cir. 1994) ("we have refused to award attorney's fees in ERISA actions not brought by one of the enumerated parties" in § 1132(g)(1)--"participant, beneficiary, or fiduciary").  Bowers, Kubota, and the Company did not object to this portion of the F&R re Attorneys' Fees and Costs, and the court adopts this part of it, in which no clear error is apparent from the record.

**IV.      CONCLUSION.**

The court adopts in part and modifies in part the F&R re Taxable Costs, awarding $41,810.46 in taxable costs to Bowers, Kubota, and the Company.

The court adopts the F&R re Attorneys' Fees and Costs and denies the request for such fees and costs by Bowers, Kubota, and the Company.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Walsh v. Heritage, et al.*, Civ. No. 18-00155 SOM-WRP; ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' BILL OF COSTS (ECF NO. 682); ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS (ECF NO. 684)